FILED: BROOME COUNTY CLERK 12/21/2016 01:33 PM
NYSCEF DOC. NO. 1

INDEX NO. EFCA2016002914
RECEIVED NYSCEF: 12/21/2016

DEC 2 2 2016

STATE OF NEW YORK : SUPREME COURT
COUNTY OF BROOME
--------------------------------------------------------------x
DEBRA SPERO, as Natural Mother of V▓▓▓▓
S▓▓▓▓, an Infant,

                           Plaintiffs,

   -vs-

VESTAL CENTRAL SCHOOL DISTRICT,
JEFFREY AHEARN, Superintendent of Schools,
ALBERT A. PENNA, Interim Principal, Vestal
High School, DEBORAH CADDICK,
CLIFFORD KASSON,
KATHERINE DYER, in their Individual Capacities,

                           Defendants.
--------------------------------------------------------------x

**SUMMONS**
Plaintiff designates Broome
County as place of trial
based on Plaintiffs'
residence

3:07-cv-007 (GTS/DEP)

TO THE ABOVE NAMED DEFENDANTS:

     YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's undersigned attorney within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiffs' residence: ▓▓▓▓▓▓▓▓ Vestal, New York 13850

Defendants' business addresses:

Defendant Vestal Central School District: 201 Main Street, Vestal, New York 13850
Defendant Jeffrey Ahearn: 201 Main Street, Vestal, New York 13850
Defendant Albert A. Penna: 201 Main Street, Vestal, New York 13850
Defendant Deborah Caddick: 201 Main Street, Vestal, New York 13850

Defendant Clifford Kasson:  201 Main Street, Vestal, New York 13850
Defendant Katherine Dyer:  201 Main Street, Vestal, New York 13850

Dated: December 21, 2016
      Binghamton, New York

*(signature)*
Ronald R. Benjamin, Esq.
Law Office of Ronald R. Benjamin
*Attorney for Plaintiffs*
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442

FILED: BROOME COUNTY CLERK 12/21/2016 01:33 PM
NYSCEF DOC. NO. 2

INDEX NO. EFCA2016002914
RECEIVED NYSCEF: 12/21/2016

DEC 22 2016

STATE OF NEW YORK : SUPREME COURT
COUNTY OF BROOME
------------------------------------------------------------------x
DEBRA SPERO, as Natural Mother of V███
S███, an Infant,

                              Plaintiffs,                    COMPLAINT

      -vs-

VESTAL CENTRAL SCHOOL DISTRICT,
JEFFREY AHEARN, Superintendent of Schools,
ALBERT A. PENNA, Interim Principal, Vestal
High School, DEBORAH CADDICK,
CLIFFORD KASSON,
KATHERINE DYER, in their Individual Capacities,

                              Defendants.

------------------------------------------------------------------x

       Plaintiffs complaining of the defendants by and through their attorney Law Office of Ronald R. Benjamin, allege as follows:

1.      Plaintiff Debra Spero is the natural mother of V███ S███ and resides at ███ Road, Vestal, New York 13850.

2.      Plaintiff V███ S███ is a senior attending Vestal High School and was born on ███, ███, and resides at ███ Road, Vestal, New York 13850 with plaintiff Debra Spero.

3.      Defendant Vestal Central School District is a public municipality responsible for all educational matters in the Town of Vestal.

4.      Defendant Jeffrey Ahearn is the Superintendent of Schools for the Vestal Central School District.

5.      Defendant Albert A. Penna is the interim principal for the Vestal High School.

6.      Defendant Deborah Caddick is an assistant principal at Vestal High School.

7. Defendant Clifford Kasson is an assistant principal at the Vestal High School and the executive official designated by the District to act as the officer responsible for handling complaints under the Dignity for All Students Act.

8. Defendant Katherine Dyer is a math teacher employed at Vestal High School.

## STATEMENT OF FACTS

9. V▆▆ S▆▆ is a senior attending Vestal High Sschool and currently scheduled to graduate in June 2017.

10. That V▆▆ was in the math class taught by defendant Katherine Dyer in the school year beginning September of 2016.

11. That early in the semester around late September or early October defendant Dyer took all of the students of color, i.e., black, Puerto Rican, Italian, and placed them in the back of the room in a corner isolating them from all other white students.

12. That the separation of students of color, including Afro-Americans, Puerto Ricans, Italians, and isolating them from the remainder of the class constitutes racial discrimination.

13. V▆▆ complained to defendant Dyer stating "separate is not equal".

14. V▆▆ then complained to Assistant Principal Kasson who, upon information and belief, in addition to being an assistant principal is the administrator delegated to handle all complaints made under the New York Dignity for All Students Act.

15. Kasson took no action thereby ratifying the racially discriminatory conduct complained of above.

16. That thereafter V▆▆ complained to defendant Caddick who also took no action.

17. That in the course of interacting with students of color defendant Dyer treats them

entirely differently than the white students with respect to administering discipline, meting out much harsher discipline to black than is meted out to white students for similar conduct.

18. That when students of color asked defendant Dyer for assistance in understanding problems she did little to assist them often leaving them without the benefit of proper instruction yet when white students seek the same type of relief, supplies her expertise in working through problems with them.

19. That the racist behavior of Dyer was unmistakably and overtly demonstrated on November 22, 2016 when she asked one of her students, I███ D███ who is black to go outside the room because she thought he was smoking.

20. After D███ exited the classroom as directed by Dyer she stated, " I'm tired of you fuckin niggers".

21. That V███ was in the immediate vicinity when she made that statement and heard her make the statement after which he said to her that "you are a fuckin racist ".

22. That the aforesaid remark by Dyer was loud enough for several of the students to hear her make that statement.

23. Upon information and belief, multiple students heard Dyer make the aforesaid statement.

24. That Dyer, in an effort to cover up the racially motivated behavior accused V███ of having his phone out and playing a video loudly while group work was taking place in her class.

25. That the aforesaid accusation was completely false and several students in the class attest to the fact that he was not playing a videogame or listening to loud music in the classroom.

26. That later in the day on November 22, 2016 Caddick perpetuated the racially motivated behavior by charging V███ with insubordination, falsely accusing him of being dangerous and violent.

27. That Caddick began screaming at V▓▓▓ when he was in her office and trying to call his mother stating she would not listen to anything he had to say, that he was a liar, that she was going to dismiss him.

28. That the very next day defendant Dyer in an effort to cover up her racist conduct made up a story about V▓▓▓ intimidating her by mentioning the street she lives on, her husband's name, and her address, none of which was true.

29. That at the time she made the aforesaid false and malicious allegations V▓▓▓ was doing group work with several students all of whom will attest that he did not make any of the threatening remarks as alleged by defendant Dyer.

30. That defendants Penna and Ahearn ratified the discriminatory conduct of defendant's Dyer, Kasson and Caddick and directly discriminated against V▓▓▓ by participating in the disciplinary actions being brought against him.

31. That V▓▓▓ has been suspended from school since December 2, 2016.

32. That V▓▓▓ was suspended again December 9, 2016, this time for posting to social media statements complaining of the suspension and claiming the same is discriminatory and racist.

33. That in addition to being charged with posts complaining of his suspension and accusing the defendant district as engaging in racial policies, the District used a posting of a video of a young girl in a bedroom loading and unloading a gun for the purpose of trying to conjure up some type of a threat to the defendant district or any of the students in said district when it knew or should have known plaintiff simply post a picture of his sister were just purchased a gun without regard to any conduct or activity that related to any of the defendants in this case.

34. That the district also alleged that as a result of the aforesaid posts to social media, fear

was created in the student body and a state required lockdown drill had to be canceled for December 9, 2016.

35. That the aforesaid allegation is not only pretextual but a blatant attempt to cover up the racially discriminatory conduct complained of herein as to defendant Dyer and the ratification of her conduct by the subsequent actions taken by the District including but not limited to suspending V▓▓▓▓ and refusing to allow him to return to school.

36. That the defendant district has not provided him with home tutoring of two hours a day minimum instruction necessary for him to keep up with his classes.

37. That ▓▓▓▓ is taking chemistry which is not only difficult but has labs which he is missing and together with his remaining subjects, absent tutorial assistance he will be in danger of failing said subject.

38. Upon information and belief, the District has taken the position that because he is seventeen years old, it is not compulsory and they are not obligated to provide him any home tutoring, which position is morally bankrupt and wrong simply as a matter of law.

39. The New York State Constitution, Article 11, §1, entitles all students the opportunity to receive a free public education. Under New York Education Law § 3202(1), each person over five and under twenty one years of age, who has not received a high school diploma, is entitled to attend a public school within their district. New York Education Law § 3201(1) provides that no person shall be refused admission into or be excluded from any public school on account of national origin. Although the compulsory age of education ends at age sixteen, a student may not be denied the opportunity to attend a public school if (s)he is older than sixteen and under twenty one years old, including even a student who has already obtained a high school equivalency/general educational development ("GED") diploma.

40. That V▓▓▓ has applied to SUNY Broome to secure an Associates degree in Nursing in moving toward his dream of becoming a nurse, which application is presently pending

41. V▓▓▓ is currently passing his classes and but for the defendants' unlawful discriminatory conduct would be scheduled to graduate in June 2016.

42. That if he is not readmitted to school then the likelihood of him being able to timely graduate in June is approximately zero.

43. That he has engaged in no conduct that would disrupt the operation of the school or otherwise impair its carrying out its institutional goals namely to educate its student population and quite to the contrary, reinstating him would indeed promote the District's purpose, namely, to educate students and allow them to move forward in their adult lives.

44. That plaintiff therefore suffers irreparable harm and will continue to suffer irreparable harm if the relief sought herein is not granted.

45. That plaintiff has no adequate remedy at law.

46. That plaintiff next turns to his efforts to exhaust administrative remedies prior to seeking the relief sought herein.

47. That plaintiffs appeared at the superintendents proceeding scheduled December 20, 2016 at 9:00 A.M. before the Hon. Michael D. Sherwood, Impartial Hearing Officer (IHO) and sought relief from him, namely, a recommendation that Vincent be re-admitted pending outcome of the disciplinary proceedings.

48. That the defendant district opposed that relief and the hearing officer concluded he did not have authorization to make such recommendation.

49. That the hearing therefore went forward and plaintiffs submitted subpoenas to be served on some ten students who were witnesses to the discriminatory conduct including two students

who overheard Dyer state in substance "I'm tired of you fuckin niggers", as well as to the discriminatory seating that occurred at the beginning of the semester and the fact that children of color are treated differently with regard to imposing discipline and getting assistance from her with math problems when they seek her assistance.

50. That after subpoenas were signed by IHO Sherwood, plaintiff through counsel requested that the students be called down from class to receive the subpoenas to avoid what would necessarily be a week or two of time to find the students if they had to be individually served at their respective homes, especially given the holiday coming up, which would mean some students will be out of town on vacation or otherwise difficult to reach.

51. That the District refused to allow the subpoenas to be served as aforesaid and agreed to give plaintiff the students' home addresses which would necessarily result in delay in getting the subpoenas served.

52. That once the subpoenas are properly served each parent will have a right to approach the Hearing Officer concerning their consent to having their children testify.

53. That at the opening of the districts case plaintiffs' counsel made a motion to dismiss all of the charges, alleging plaintiff's posts to social media were protected by the First Amendment.

54. That the District initially wanted to adjourn to brief that issue and plaintiffs' counsel objected to not moving forward with some proof after which the issue of a briefing schedule could be addressed.

55. The District produced Kathleen Dyer the teacher whose discriminatory conduct is being challenged in the instant proceeding and will be challenged in the pending disciplinary proceeding.

56. That upon completion of her testimony parties agreed to the briefing schedule which calls

for both sides to submit initial briefs by January 15, 2017.

57. That the District's position regarding the subpoenas and the inability to likely have those completely served before the holidays ended, made it clear this proceeding would have to go into January or February before fact evidence could be completed.

58. That if plaintiff continues to remain suspended from school he will not graduate rendering the exhaustion of administrative remedies futile since the process will likely not finish until March or April at the earliest.

59. Once the hearing is completed which is not likely to be until late January, the IHO has thirty days to decide, after which the matter goes to the Board of Education which would take most likely at least through February and months after that if any party elected to appeal that decision to the Commissioner of Education.

60. Since whatever decision the IHO makes is only a recommendation which may be amended, modified or rejected by the Superintendent, the likelihood of success at the administrative level is nil since the Superintendent is not only a defendant here but has indeed participated by ratifying the racial misconduct reported to his assistant principals early in the semester with respect to the seating chart and then subsequently with respect to the allegations of racist behavior by Dyer.

61. That in light of the above it is respectfully submitted exhaustion of administrative remedies is futile in the case at bar.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Race Discrimination in Violation of Title VI)

62. Plaintiffs reallege and incorporates paragraphs "1" through "61" as if fully set forth herein.

63. Upon information and belief, defendant Vestal Central School District at all times herein mentioned has received financial assistance from the United States government.

64. That the discriminatory conduct alleged herein contravenes Title VI of the Civil Rights Act of 1964, 42 §U.S.C. 2000 et seq..

65. That as a result of the defendants' unlawful conduct plaintiff is entitled to a permanent injunction directing that V███ S███ be reinstated as a senior at Vestal High School.

66. That the Court award money damages in an amount to be proven at trial.

67. That the Court award exemplary damages against individual defendants in an amount to be proven at trial.

### AS AND FOR SECOND AND SEPARATE CAUSE OF ACTION
(Race Discrimination in Violation of Section 296 of the Executive Law of the State of New York)

68. Plaintiff realleges and incorporates paragraphs "1" through "67" as if fully set forth herein.

69. That the conduct set forth above contravenes Section 296 of the Executive Law of the State of New York.

70. That plaintiff is entitled to a permanent injunction directing the defendant district to reinstate V███ as a senior at Vestal High School.

71. That plaintiff is entitled to compensatory and exemplary damages in an amount to be proven at trial.

### AS AND FOR THIRD AND SEPARATE CAUSE OF ACTION
(First Amendment Violation)

72. Plaintiff realleges and incorporates paragraphs "1" through "71" as if fully set forth herein.

73.    That the defendants' use of the plaintiff's out of school postings which criticized the defendant for carrying out racist policies to discipline the plaintiff contravened his rights guaranteed under the Constitution of the United States including but not limited the First Amendment thereto.

74.    That the postings by plaintiff stated as follows:

> Because I have no say Vestal high school is corrupt and unfair to its colored students. And we need help.

> She reported me after a day for feeling threatened by me after I attempted to report her, and I was told I wasn't going.

> Suspended from school for calling my teacher a racist after being separated with 4 other students because of our color.

> End racism within our schools. how are you supposed to teach the young minds while your is stuck in such an evil way #vestalhighschool.

> How can you allow racism to brew within your staff and discipline the one trying to shine attention to the racism going on #truth will prevail.

> I love being discriminated and prejudiced in the Vestal High School system. Crazy how racism will never fade away, we are stuck.

> Me trying to spread awareness to the racism I had to face is nothing wrong. I would never hurt a soul, I just wanted to help. I love everyone.

> We are all equal, because of the pigmentation of my skin means I'm a danger to the school? You are racist. face it you are a horrible being.

> Deformation of character is a crime, because of my skin color you are gonna say I'm going to kill people that's outrageous, you are a racist.

75.    That in addition to the aforesaid postings defendants also sought to discipline plaintiff because in a totally unrelated matter he posted a picture of his sister who had just purchased a gun taking it out of the box loading it and unloading it, which post was completed in a manner that it was not reasonably foreseeable it would ever reach or come to the attention of school

officials.

76.  That the aforesaid violation is enforceable through §42 U.S.C. 1983.

77.  That plaintiff is entitled to damages for the deprivation of the aforesaid constitutional rights.

78.  That plaintiff is entitled to an injunction enjoining defendants from using any of the other school postings set forth above for the purpose of disciplining or otherwise imposing any type of penalty on the plaintiff.

79.  The plaintiff is further entitled to reasonable attorney's fees pursuant to §42 U.S.C. 1988.

WHEREFORE plaintiffs respectfully request that the Court:

(1)  Direct the defendant Vestal Central School District to reinstate V▓▓▓▓ as a senior in Vestal High School.

(2)  Award plaintiffs compensatory damages against all defendants.

(3)  Award plaintiffs exemplary damages against all individual defendants.

(4)  Award plaintiffs such further other and further relief as the Court deems just under the circumstances, including costs and disbursements of this action and reasonable attorney's fees.

Dated: December 21, 2016
Binghamton, New York

_____
Ronald R. Benjamin
LAW OFFICE OF RONALD R. BENJAMIN
*Attorney for Plaintiffs*
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442