UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**DEBRA SPERO, as Natural Mother of**
**V.S., an infant**

                      Plaintiffs,

v.

**VESTAL CENTRAL SCHOOL DISTRICT,**
**JEFFREY AHEARN, Superintendent of Schools,**
**ALBERT A. PENNA, Interim Principal of**
**Vestal High School, DEBORAH CADDICK,**
**CLIFFORD KASSON AND KATHERINE DYER,**
**in their Individual Capacities,**

                      Defendants,

<u>**ANSWER**</u>
Civil Action No.: 3:17-cv-7

---

The Defendants, the Vestal Central School District, Jeffrey Ahearn, Albert A. Penna, Deborah Caddick, Clifford Kasson and Katherine Dyer; by and through their attorneys, the Law Firm of Frank W. Miller, as and for their Answer to the Complaint filed in the above-captioned action, answer, allege and state as follows:

1. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "1", "2", "58" and "59", and therefore **DENY** the same, and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

2. The Defendants **DENY** the paragraphs numbered: "3", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "34", "35", "36", "38", "39", "41", "42", "52", "56", "57", "60", "61", "64", "65", "66", "67", "69", "70", "71", "73", "74", "75", "76", "77", "78" and "79".

3. The Defendants **ADMIT** the allegations contained in paragraphs numbered: "4", "5", "6", "7", "8", "10", "47", "48", "53", "54" and "63".

4. The Defendants state that the paragraphs numbered: "46", "62", "68" and "72" do not contain an allegation or factual contention, and therefore do not require a response, however, to the extent deemed otherwise, Defendants **DENY** the allegations contained in those paragraphs.

5. The Defendants **ADMIT** so much of the allegations contained in paragraph numbered "9" as alleges that Plaintiff V.S. is a senior who is currently enrolled at Vestal High School, and lacks knowledge of information sufficient to form a belief as to the truth of the allegation that V.S. is currently scheduled to graduate in June 2017, and therefore **DENY** the same.

6. The Defendants **ADMIT** so much of the allegations contained in paragraph numbered "32" as alleges that Plaintiff V.S. was suspended from school on December 9, 2016, by Defendant Penna, as principal of Vestal High School, and **DENY** the remaining allegations contained in paragraph "32".

7. The Defendants **ADMIT** so much of the allegations contained in paragraph numbered "33" as allege that Plaintiff V.S. is the subject of disciplinary charges related to his posting of a video on Snapchat that showed a female loading and unloading a firearm, and **DENY** the remaining allegations contained in paragraph numbered "33".

8. The Defendants **ADMIT** so much of the allegations contained in paragraph "37" as allege that V.S. is enrolled in a chemistry class, and **DENY** the remaining allegations contained in paragraph numbered "37".

9. The Defendants **DENY** so much of the allegations contained in paragraph numbered "40" as alleges that Plaintiff V.S. has applied to SUNY Broome, and lack knowledge or information sufficient to form a belief regarding the remaining allegations contained in paragraph numbered "40" therein, and therefor **DENY** the same.

10. The Defendants **ADMIT** so much of the allegations contained in paragraph "49" as alleges that Plaintiff V.S.'s attorney requested subpoenas for certain witnesses he wished to testify in the Superintendent's hearing regarding disciplinary charges that was commenced on December 20, 2016, and **DENY** the remaining allegations contained in paragraph numbered "49".

11. The Defendants **ADMIT** so much of the allegations contained in paragraph "50" as alleges that Plaintiff V.S.'s attorney requested to have subpoenas for student witnesses served upon them in school, and **DENY** the remaining allegations contained in paragraph numbered "50".

12. The Defendants **ADMIT** so much of the allegations contained in paragraph "51" as alleges that the District's attorney at Plaintiff V.S.'s student disciplinary hearing conducted on December 20, 2016, agreed to provide home addresses for subpoenaed students, and **DENY** the remaining allegations contained in paragraph numbered "51".

13. The Defendants **ADMIT** so much of the allegations contained in paragraph "55" as alleges that Defendant Katherine Dyer testified at Plaintiff V.S.'s student disciplinary hearing conducted on December 20, 2016, and **DENY** the remaining allegations contained in paragraph numbered "55".

14. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "59", and therefore **DENY** the

same. The Defendants affirmatively state that Plaintiff's allegations are not factual in nature, are speculative and/or conclusions of law for which Defendants rely upon the specific applicable statutory provisions.

15. The Defendants **DENY** each and every allegation not hereinabove specifically admitted or otherwise controverted.

### AS AND FOR THE DEFENDANTS' FIRST COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

16. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR THE DEFENDANTS' SECOND COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

17. The Plaintiffs have failed to exhaust administrative remedies.

### AS AND FOR THE DEFENDANTS' THIRD COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

18. The Complaint is barred by the doctrine of collateral estoppel.

### AS AND FOR THE DEFENDANTS' FOURTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

19. The Plaintiffs have failed to mitigate their damages.

### AS AND FOR THE DEFENDANTS' FIFTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

20. Plaintiffs' claim under New York Executive Law §296 fails to state a cognizable claim.

### AS AND FOR THE DEFENDANTS' SIXTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

21. The comments, statements and actions of the Defendants are privileged.

### AS AND FOR THE DEFENDANTS' SEVENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

22. The Plaintiffs' claims against each individual Defendant are barred by the governmental immunity doctrine and/or qualified immunity or absolute immunity doctrine, and/or the actions of the Defendants were performed in the execution of a public duty.

### AS AND FOR THE DEFENDANTS' EIGHTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

23. The Complaint fails to state a cause of action against defendant Vestal Central School District as no facts are alleged that the claimed civil rights violations occurred pursuant to a policy or custom established by the District.

### AS AND FOR THE DEFENDANTS' NINTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

24. Whatever injuries or damages the Plaintiffs claims to have sustained, those injuries or damages were caused, in whole or in part, by the culpable conduct, fault and want of care on the part of the Plaintiffs, and not through any action or inaction on the part of the Defendants

### AS AND FOR THE DEFENDANTS' TENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

25. The Defendants substantially complied with the procedures of due process and the requirements of Education Law §3214 and the state and federal constitutions.

### AS AND FOR THE DEFENDANTS' ELEVENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

26. The Plaintiffs failed to serve a Notice of Claim as required to comply with New York

Education Law §3813.

### AS AND FOR THE DEFENDANTS' TWELFTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

27. The Plaintiffs' claims are not ripe for adjudication.

### AS AND FOR THE DEFENDANTS' THIRTEENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

28. The Plaintiffs' claim under Title VI of the Civil Rights Law of 1964, 42 U.S.C. §2000, et seq., may not be maintained against the individual defendants.

**WHEREFORE,** the Defendants request an Order dismissing the Complaint herein in its entirety, upon the merits, and for such other and further relief as the Court deems just and proper, together with costs and other relief in favor of the Defendants.

Date: January 12, 2017
East Syracuse, New York

Respectfully submitted,

By: _____
**FRANK W. MILLER, ESQ.**
Bar Roll No.: 102203

**CHRISTOPHER M. MILITELLO, ESQ.**
Bar Roll No.: 515016

*Attorneys for all Defendants*
Office and Post Office Address:
6575 Kirkville Road
East Syracuse, New York 13057
Telephone: (315) 234-9900
Facsimile: (315) 234-9908
fmiller@fwmillerlawfirm.com
cmilitello@fwmillerlawfirm.com