# THE LAW FIRM OF FRANK W. MILLER

*Attorneys and Counselors at Law*

6575 Kirkville Road
East Syracuse, New York 13057
Telephone:  (315) 234-9900
Fax:  (315) 234-9908
cspagnoli@fwmillerlawfirm.com

Frank W. Miller
_____

Charles C. Spagnoli

October 27, 2017

*Via electronic filing*

Hon. David E. Peebles
United States District Court
Northern District of New York
100 South Clinton Street
Syracuse, New York 13261

   Re: Spero v. Vestal Central School District et al.
     Civil Action No.:  3:17-cv-00007

Dear Judge Peebles:

  As you know, we are counsel for the Defendants in the referenced matter.  As permitted by your text order of October 26, 2017, we submit this letter requesting a stay of all discovery in the litigation (including an order excusing Defendants from responding to outstanding discovery requests) pending resolution of our combined motion for summary judgment and motion for judgment on the pleadings filed yesterday.

  Under Rule 26(c) of the Federal Rules of Civil Procedure, the Court has discretion to stay discovery upon a showing of good cause.  A court has "considerable discretion" to determine that a pending dispositive motion constitutes "good cause" for a stay.  *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.,* 2016 U.S. Dist. LEXIS 91570, *17 (S.D.N.Y. 2016).  Courts typically analyze the extent of the discovery sought, whether there is prejudice to the party opposing the stay, and the strength of the pending motion to determine whether the "good cause" requirement is satisfied.  *Deliser v. Miller,* 2014 U.S. Dist. LEXIS 129511, *18 (N.D.N.Y. 2014) (Peebles, M.J.)*; see also Phipps v. Gillani,* 2012 U.S. Dist. LEXIS 10876, *24 (N.D.N.Y. 2012) (Peebles, M.J.); *Mortgage Resolution, supra* at *17 (same); *Abbott Laboratories v. Adelphia Supply USA,* 2016 U.S. Dist. LEXIS 103045, *10 (E.D.N.Y. 2016) (same).

  Here, the burden of discovery would be significant.  Plaintiffs have not only presented interrogatories and production requests, but notices for six depositions – of the school district's superintendent, high school principal, two assistant principals, teacher, and school resource officer.  The written discovery demands seek five years' worth of FERPA-protected records – both internal and filed with the state education department – relating to any discipline (including suspensions)

Hon. David E. Peebles
October 27, 2017
Page 2

of minor students of the district. They further seek information including identities of minor students who reported concerns regarding V.S.'s actions. They also demand confidential employee personnel records. Addressing these discovery requests would not only be time-consuming and burdensome in and of itself; it would also implicate privacy rights of students and employees, and require the parties to develop appropriate protective documents to satisfy FERPA and other privacy requirements. Nor is there any guarantee that, absent a stay, Plaintiffs would limit their discovery to the foregoing. It is respectfully submitted that it would be unnecessarily burdensome to require such discovery to proceed when a motion is pending that will likely preclude Plaintiffs' claims.

No prejudice would accrue to Plaintiffs, because their claims may be addressed and resolved without discovery. There are only two claims in this case: first, that Defendants unlawfully retaliated against Plaintiff V.S. for his exercise of First Amendment-protected speech; and second, that the penalty imposed (an eighteen-month suspension from school attendance) violated substantive due process.

As to the First Amendment retaliation claim, as the combined motion points out, V.S.'s testimony at the preliminary injunction hearing before Judge Suddaby shows that it is undisputed that his postings caused actual and significant disruption at the school district. It is well-established that a school district may take action against a student for his speech if it causes, or reasonably can be anticipated to cause, disruption at the district. As the admitted facts are dispositive of V.S.'s claim, there is no reason for the parties to engage in discovery on other issues that cannot affect the outcome on the claim.

As to the second claim, it is undisputed that the suspension was for eighteen months. There is no need for discovery on that point. As the substantive due process claim asks only whether the length of the penalty "shocks the conscience," there are no factual issues remaining to be explored in discovery.

To the extent Defendants' qualified immunity defense applies to either claim, the sole inquiry is whether existing law should have put Defendants on notice that they were violating V.S.'s rights – again, an inquiry that bears no factual discovery.

Moreover, if Plaintiffs contend that certain areas of discovery are needed to address the combined motion's arguments, they may cross-move for such discovery under Rule 56(d). The Rule places that determination in the hands of the judge deciding the summary judgment motion – in this case, of course, Judge Suddaby. It is respectfully submitted that considerations of judicial efficiency dictate having the same judge consider the summary judgment arguments and the question of what topics Plaintiffs need discovery on to meet the summary judgment arguments.

Of course, if the pending combined motion does not resolve the case, Plaintiffs will certainly have opportunity to conduct full discovery then. If the combined motion partially resolves the case, as by, for example, eliminating the First Amendment retaliation claim, it will significantly narrow the range of discovery Plaintiffs need, actually working to their benefit. Also,

Hon. David E. Peebles
October 27, 2017
Page 3

there is no prospect that this case can be complete before the end of the eighteen-month suspension, even if discovery were not stayed. No prejudice thus would accrue as a result of the proposed stay.

With regard to the strength of the pending motion, the Court is respectfully referred to the papers supporting Defendants' combined motion. That being said, this case presents the unusual situation where the primary plaintiff, V.S., has testified in court regarding his knowledge, before the supervising judge, prior to the filing of dispositive motions. It is respectfully submitted that his admissions concerning the key issue on his First Amendment retaliation claim – the fact of actual substantial disruption at the school district resulting from his social media postings – render his claim uniquely suited for dismissal on summary judgment. The substantive due process claim, based, as it is, entirely on the length of a disciplinary penalty imposed by school authorities, is similarly very vulnerable to disposition on the pending motion. The dispositive motion, in other words, is an exceedingly strong one.

We therefore respectfully submit that all the factors recognized under *Deliser* favor a stay of discovery in this matter, and that a stay is appropriate to protect Defendants from the burdens and costs of discovery that is needless and wasteful.

Thank you very much for your attention to this matter.

Respectfully submitted,

**THE LAW FIRM OF FRANK W. MILLER**


s/Charles C. Spagnoli
Bar Roll No. 507694


Cc: Willa Payne, Esq. (via electronic filing)
Jeffrey Ahearn, Superintendent of Schools