# LEGAL SERVICES
### OF CENTRAL NEW YORK

*Making Justice Accessible*

November 1, 2017

**VIA CM/ECF**
Honorable David E. Peebles
U.S. Magistrate Judge
James M. Hanley Federal Building
P.O. Box 7345
Syracuse, New York 13261-7396

> **Re:** Debra Spero as Natural Mother of V.S., an infant vs. Vestal Central School District, et al.
> **Civil Action No:** 3:17-CV-007 GTS/DEP
>
> **Letter Motion Opposing Request for Stay of Discovery**

Dear Judge Peebles:

We write to oppose defendants' motion for a stay of discovery made on October 26, 2017, after their time to respond to our outstanding discovery requests had expired.

In addition to moving for a stay of discovery, defendants seek summary judgment dismissing plaintiff's First Amendment and Substantive Due Process Claims. In the alternative, as to the Substantive Due Process claim and claims against defendants Deborah Caddick and Clifford Kasson, they seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). In partial support of both dispositive motions, defendants claim qualified immunity for the individual defendants.

**Defendants' Dilatory Tactics Should Defeat Their Request for a Stay**

On September 20, 2017, we served defendants with notice of intent to take oral depositions, interrogatories, and demands to produce (*see* Plaintiff's Discovery Demands attached hereto as Exhibit 1). On October 26, 2017, we sent a good-faith email to opposing counsel seeking the responses (*see* email attached hereto as Exhibit 2). Defendants, in a responding email, agreed only to *negotiate* to produce some limited written discovery towards their motion to dismiss (*see* email attached hereto as Exhibit 3).

For the thirty-five days between service of the discovery demands and defendants' request for a stay, they did not contact plaintiffs' counsel to complain about the scope of any of


*A member of the* JUSTICE ALLIANCE OF CENTRAL NEW YORK

their requests; seek any clarification; seek an agreement to extend their time to answer, *see* Fed. R. Civ. Proc. 33(b)(2), 34(b)(2)(A), avail themselves, of their right to ask the Court to extend the time to respond for good cause under Fed. R. Civ. Proc. 6(b)(1)(A), or seek a protective order under Fed. R. Civ. Proc. 26( c)(1).

The party resisting discovery has the burden to plead its objections. *See* Fed. R. Civ. Proc. 33(b)(1), (b)(4) and 34(b)(2)(A), (b)(2)( c). Those objections must also be asserted in a timely manner, *see* Fed. R. Civ. Proc. 33(b)(1), (b)(4) (interrogatories), Fed. R. Civ. Proc. 34(b)(2)(A), Fed. R. Civ. Proc. (b)(2)( c) (requests to produce). Thus, in the face of defendants' blatant disregard of their obligations under the Federal Rules, the Court should deny defendants' request for a stay of discovery.

**Defendants' Stay Request Should Also Be Denied on the Merits**

In exercising its discretion to grant a stay under Fed. R. Civ. Proc. 26(c), a court must determine that the party seeking the stay has established the existence of "good cause" for the requested delay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist.*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Filing a dismissal motion, without more, does not entitle a party to a stay. *Spencer Trask*, 206 F.R.D. at 368 (citations omitted).

The factors the Court must consider include: the burden of responding to the contemplated discovery and the strength of the dispositive motion forming the basis for the stay request. *Chesney*, 236 F.R.D. at 115; *Spencer Trask, LLC*, 206 F.R.D. at 368. It must also consider any unfair prejudice that may be suffered by the party seeking to engage in discovery. *OMG Fidelity, Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 304-305 (N.D.N.Y. 2006) (citing *Chesney*, 236 F.R.D. at 115).

### *(a) Defendants have not shown that their motions are strong*

A defendant seeking a stay of discovery must make a "strong showing plaintiff's claim is unmeritorious." *Chesney*, 236 F.R.D. at 115; *Spencer Trask Software and Info. Servs., LLC* 206 F.R.D. at 368. Defendants have not met this burden. Further,"[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. United States Dep't of Veterans Affairs,* 201 F.3d 94, 97 (2d Cir. 2000); *see also Trammell v. Keane*, 338 F.3d 155, 161 n. 2 (2d Cir. 2003).

Defendants are not entitled to a dismissal of plaintiff's claims for reasons already addressed in plaintiff's preliminary injunction motion.[1] First, because V.S.'s speech deals with a matter of significant public import, racism in school, it merits heightened protection under the First Amendment. Plaintiff's Memorandum of Law in Support of a Preliminary Injunction ECF 29-3 pg. 14-15. Second, none of plaintiff's speech would lead an objectively reasonable school administrator to conclude there would be a substantial disruption at the school. *Id* at 15-19. Third, defendants' manufactured disruption does not excuse their First Amendment violations. *Id* at 19-22. Finally, there is no rational relationship between the plaintiff's speech and essentially

---

[1] All of plaintiff's arguments are set forth in greater detail in their memorandum of law in support of a preliminary injunction available at ECF 26-3.

11/1/2017
Page 3

expelling him by giving him an 18-month suspension when he was 5 months from graduation and above compulsory school age. *Id.* at 22.

Here, plaintiff requires discovery to adduce additional facts on the objective unreasonableness of the district officials' actions. *See Cuff v. Valley Cent. Sch. Dist.*, 677 F.3d 109, 113 (2d Cir. 2012) (holding the *Tinker* test is an objective, not subjective, test "focusing on the reasonableness of the school administrator's response . . ."); *see id.* at 11 (affirming a grant of summary judgment only after extensive fact discovery including depositions); *see also DeFabio v. E. Hampton Union Free Sch. Dist.*, 658 F. Supp. 2d 461, 481 (E.D.N.Y. 2009) (same).

Without discovery, the District Court will not have a sound basis for granting or withholding summary judgment, *See e.g. V.W. v. Conway*, 236 F. Supp. 3d 554, 580 (N.D.N.Y. 2017) (dismissing a motion for summary judgment as premature where depositions had not taken place). Because plaintiff has not been received responses to any of its discovery requests and needs this information to show that the District's actions were objectively unreasonable and thus defeat summary judgment, the stay should be denied. *See Steuben Foods, Inc. v. Country Gourmet Foods, LLC*, 2009 U.S. Dist. LEXIS 91219, at *39 (W.D.N.Y. 2009) (holding that granting a stay is inappropriate where the party opposing the summary judgment motion has not had an opportunity for discovery.)

While defendants do not rely on qualified immunity in seeking a stay, plaintiff concedes that a claim of qualified immunity can limit discovery against a purportedly immune defendant. *Crawford-El v. Britton*, 523 U.S. 574, 598, (1998) However, plaintiff's municipal liability claims against the school district and his claims for injunctive and declaratory relief are not subject to qualified immunity. *Askins v. Doe*, 727 F.3d 248, 254 (2d Cir. 2013) (holding qualified immunity does not apply to municipalities like a school district.); *Sudler v. City of New York*, 689 F.3d 159, 177 (2d Cir. 2012) (holding qualified immunity does not protect defendants from claims for injunctive relief). Even on issues such as individual liability for First Amendment violations where qualified immunity may limit discovery, it does not foreclose plaintiff from receiving discovery enabling it to oppose summary judgment. *Crawford-El*, 523 U.S. at 598-599.

### (b) *Defendants have not shown that Plaintiff's Requests are Burdensome*

Responding to Plaintiff's discovery requests would not unduly burden the defendants. First, the plaintiffs are seeking to depose only six individuals, all of whom played a significant part in the suspension of the plaintiff. Plaintiff believes these depositions will not take more than a few hours each. As to the other forms of discovery sought, defendants have offered the Court no specifics as to why they are unduly burdensome other than to claim that they will prevail on their motions, a conclusory restatement of their merits argument. Finally, to the extent that Defendants rely on privacy concerns to support their request for a stay, a simple protective order would suffice. Therefore, defendants have not demonstrated a sufficient burden to necessitate a stay of discovery.

11/1/2017
Page 4

### *(c) Plaintiff will Suffer Prejudice from a Stay*

The prejudice to the Plaintiff in delaying discovery is severe. As this Court explained a decision on the dispositive motions will not likely be forthcoming for six to twelve months. The delay alone caused by the filing of this premature motion works a severe prejudice on plaintiff, because without discovery, our ability to gather evidence necessary to prove his claims is severely limited. Further, as long as the 18-month suspension remains on plaintiff's school records it is very likely he will have difficulty being accepted into college and continuing on with his education.[2] Allowing discovery to continue and be completed by the current March 30, 2018 deadline, would allow discovery to be completed and summary judgment motions to be filed by both parties prior to when V.S. can re-enroll, should he choose to do so, in Vestal High School. This would benefit both parties to simply be waiting on a decision as opposed to being engaged in depositions or discovery while V.S. was potentially also a student.

### Conclusion

Because Defendants fail to set forth a strong case on the merits of their dispositive motions, discovery is required to respond to the motions, the discovery sought is not burdensome, plaintiff will be prejudiced if a stay is granted, and defendants did not comply with the Federal Rules of Civil Procedure, the requested stay should be denied.

Respectfully,

\_S/Willa S. Payne_____

**Legal Services of Central New York, Inc.**
By: Willa S. Payne, Esq.(Bar No. 517751)
Susan Young, Esq. (Bar No. 102862)
Joshua Cotter, Esq. (Bar No. 518217)
189 Main Street, Suite 301
Oneonta, New York 13820
(ph) 607-766-8118
wpayne@lscny.org

---

[3] The use of school disciplinary data is widespread and has profound effects on an individual's life beyond just the admissions process. *See* "Education Suspended: The Use of High School Disciplinary Records in College Admissions" published May 2015 available at
http://www.communityalternatives.org/pdf/publications/EducationSuspended.pdf