# EXHIBIT 1



**LEGAL SERVICES**
OF CENTRAL NEW YORK

*Making Justice Accessible*

September 20, 2017

Christopher Militello, Esq.
The Law Firm of Frank Miller
6575 Kirkville Road
East Syracuse, NY 13057

Re:   Debra Spero v. Vestal Central School District Board of Education, et al.
      Civil Action No.: 3:17-CV-007 (GTS/DEP)

Dear Mr. Militello:

        Please find the enclosed Plaintiff's Deposition requests, first set of document demands, and first set of interrogatories.  We will contact your office following receipt of our document requests to schedule the depositions.

        Thank you for your attention to this matter.

                                Very truly yours,

                                /s/ Josh Cotter

                                Josh Cotter

enc.



A member of the  JUSTICE ALLIANCE OF CENTRAL NEW YORK

**LEGAL SERVICES OF CENTRAL NEW YORK**
221 South Warren Street • Suite 300 • Syracuse, New York 13202 • PH: (315) 703-6500 • Toll Free: (866) 475-9967
TTY: (866) 475-3120 • FX: (315) 703-6520 (NOT FOR SERVICE OF PROCESS) • lscny.org

**DISTRICT COURT OF THE UNITED STATES**

**NORTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------

**DEBRA SPERO**, as Natural Mother of
**V.S.**, an infant,

                               Plaintiff,

-against-

 

**VESTAL CENTRAL SCHOOL DISTRICT**
**BOARD OF EDUCATION, VESTAL CENTRAL SCHOOL**
**DISTRICT, JEFFREY AHEARN,** Superintendent of Schools,
**ALBERT A. PENNA,** Interim Principal Vestal
High School, **DEBORAH CADDICK and CLIFFORD**
**KASSON,** in their Individual and Official capacities.

                             Defendants.

**PLAINTIFF'S FIRST SET OF**
**INTERROGATORIES TO**
**DEFENDANTS AND**
**REQUESTS TO PRODUCE**

**Civil Action No:** 3:17-CV-007 (GTS/DEP)

-----------------------------------------------------------------------

       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rule 26.1 of the Local Civil Rules for the Northern District of New York, plaintiffs by their attorneys, request that all Defendants answer each of the following Document Demands and Interrogatories, under oath, separately and fully in writing, and serve the responses on counsel for Plaintiffs within thirty (30) days of service hereof.

## I.   DEFINITIONS AND INSTRUCTIONS

### DEFINITIONS

A.    The term "Plaintiffs," refers to V.S. by his parent and natural guardian Deborah Spero.

B.    The term "Defendants" refers to Jeffrey Ahearn, Deborah Caddick, Clifford Kasson, Albert Penna, Vestal Central School District and the Vestal Central School District Board of Education.

C.    The term "Vestal Central School District" includes, but is not limited to, its employees, agents, contractors, or any individual acting or purporting to act on behalf of the school district.

D.    The term "School District" refers to the Vestal Central School District.

E.    The terms "you" or the possessive "your" or "yours" as used herein means, refers to the Vestal Central School District and/or any and all persons or entities acting or purporting to act for or on the behalf of the Vestal Central School District.  When reading the terms "you," "your" or "yours," no perceived distinction is meant to, or should be read to, limit the scope of these document demands.

F.    The term "Complaint" as used herein means, refers to and includes Plaintiffs' Complaint in the lawsuit, and any subsequent amendments thereto.

G.    The term "Answer" as used herein means, refers to and includes the Defendants' Answer in the lawsuit, and any subsequent amendments thereto.

H.    The term "communication" as used herein means, refers to and includes the transmittal, transfer or exchange of information (whether in the form of facts, ideas, inquiries, opinions or otherwise) by any means.

I.    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation,

electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

J.      The term "concerning" as used herein means, refers to and includes referring to, describing, concerning, evidencing, in connection with, constituting, consisting of, supporting, corroborating, demonstrating, proving, showing, forming the basis of, refuting, disputing, rebutting, controverting or contradicting.

K.      When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of education or employment. Once a person had been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

L.      When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

M.      A request to "state the basis" of or for a particular claim, assertion, allegation, contention, defense, or denial means that you shall:

(a)      identify each and every document (and, where pertinent, the section, article or subparagraph thereof) that forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b)      identify each and every communication that forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c)      state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) that form any part of your information regarding the alleged facts or legal conclusions referred to by the interrogatory; and

(d)      state separately and in detail any other fact, law, regulation, or ordinance that forms the basis of your information regarding the alleged facts or conclusions referred to

in the interrogatory.

N.     The terms "and," "or," and "and/or" are used herein in their general sense and are not intended to limit the scope of any Interrogatories. The terms shall be construed as broadly as possible to bring within their scope all discoverable information which might otherwise be excluded.

O.     To the extent necessary to bring within the scope of the Interrogatories contained herein any information or document that might otherwise be construed to be outside their scope, (i) the word "any" means "any and all"; and (ii) the word "all" means "any and all."

P.     To the extent necessary to bring within the scope of the Interrogatories contained herein any information or document that might otherwise be construed to be outside their scope, the singular includes the plural and the plural includes the singular.

Q.     Any term that is not defined herein has its usual and customary meaning.

## INSTRUCTIONS

A.     Responses to these Requests shall be supplemented and/or amended to the extent required by the Federal Rules of Civil Procedure. These Requests shall be deemed to impose a continuing duty upon the Defendants to properly and timely serve upon counsel for Plaintiffs supplemental and/or amended responses and documents.

B.     All electronically stored information produced in response to these Requests shall be produced in accordance with the parties' electronic discovery agreement in the Civil Case Management Plan, approved by the court on March 31, 2017

C.     With respect to any documents, parts of documents or information responsive hereto as to which you assert a claim of privilege or other immunity from discovery, you shall submit a list identifying each such document or piece of information by stating:

(i)     its type (*e.g.*, letter, inter-office memorandum, note, etc.), subject matter, title, date, and the number of pages thereof;

(ii)    the identity of each person who participated in its preparation;

(iii)   the identity of each person who signed or sent the document;

(iv)    the identity of each person to whom the document or information was addressed, copied to or sent;

(v)     the identity of each person who received the document or information; and

(vi)    the basis of the claim of privilege or immunity.

D.      In the event that any requested document is known to have existed and cannot now be located or has been destroyed or discarded, that document shall be identified by:

(i)     the last known custodian;

(ii)    date of destruction or discard;

(iii)   the manner of destruction or discard;

(iv)    the reason(s) for destruction or discard;

(v)     as to lost or misplaced documents, the efforts made to locate such documents;

(vi)    a statement describing the document, including a summary of its contents;

(vii)   the identity of its author(s); and

(viii)  persons to whom it was sent or shown.

E.      These Requests shall cover the period August 2016 to the present unless otherwise specified.

## INTERROGATORIES TO BE ANSWERED

1.      Identify all individuals involved in any investigation of V. S. and any decision(s) to suspend V. S. during the 2016-2017 school year.  For each suspension, please list the individuals involved in the investigation, who made the decision to suspend, how the student or his family were notified of the suspension and what the basis of the suspension was.

2.      Identify the hall monitor who escorted V. S. to the Assistant Principal's office on November 22, 2016, after he was removed from Ms. Dyer's class.

3.      Identify all students who contacted the Vestal City School District about V. S.'s social media postings and the date and time of their complaint. For each communication identified in interrogatory 3, please specify the person the complaint was made to.

4.      Identify all persons who contacted the Vestal City School District concerning V.S.'s social media postings.

5.      Identify the number of phone calls and the names of individuals who placed phone calls referenced in paragraph nine of the Affidavit of Jeffrey Ahearn, dated May 15, 2017.

6.      Identify all students who, at any time, expressed support for V. S. to any Defendant their agents or employees.

7.      Identify the number of students over compulsory school age who received alternative education following a suspension from the District in the last five years.

8.      Please identify the individuals who prepared or participated in preparing the responses to these interrogatories.

### PLAINTIFF'S FIRST DEMAND TO PRODUCE

**YOU ARE HEREBY NOTIFIED** to respond, pursuant to Federal Rule of Civil Procedure 34, to the following demands to produce with respect to the plaintiff's cause of action, and to serve your answers to these demands to produce upon the undersigned attorneys for the plaintiff within 30 days of service.

**YOU ARE HEREBY NOTIFIED** that each and every of the following demands are deemed continuing so as to require supplemental responses if you obtain further information pertinent thereto between the time the answers are served and the time of trial.

1. Please produce each and every document used to respond to Plaintiff's First Set of Interrogatories and which is identified, or referenced in any of Defendants' responses to Plaintiff's First Set of Interrogatories.

2. All documents and/or communications setting forth the Vestal Central School District's policies for investigating student behavior and implementing discipline in effect during the 2016-2017 school year.

3. All documents and/or communications in the possession of the Vestal City School District concerning the investigations and suspensions of V.S during the 2016-2017 school year.

4. All documents and/or communications in the possession of the Vestal City School District concerning V.S.'s social media postings during the 2016-2017 school year.

5. All documents and/or communications received by Defendants from parents, guardians, or students concerning the investigations and suspensions of V.S during the 2016-2017 school year.

6. All documents and/or communications from parents, guardians, or students concerning V.S.'s social media postings during the 2016-2017 school year.

7. All documents and/or communications in the possession of the Vestal City School District concerning V.S. from the 2016-2017 school year.

8. All documents and/or communications concerning discipline imposed on V.S. in the possession of the Vestal City School District.

9. All documents and/or communications concerning the cancellation and rescheduling of the lockdown drill scheduled for December 8, 2016.

10. All documents and/or communications concerning the Vestal City School District's investigation into V.S's allegations of racism.

11. All documents showing the District's policies and practices concerning the provision of alternative education to suspended students over compulsory school age.

12. All Superintendent's decisions, redacted to protect the identities of the students, from the Vestal City School District in the last five years in which the student received an out of school suspension of one month or greater.

13. All Superintendent's decisions, redacted to protect the identities of students, from the Vestal City School District in the last five years in which the student received a "long term

suspension". For purposes of this question, "long term suspension" means any suspension greater than five days.

14. All data Defendants submitted to the New York State Department of Education concerning school suspensions or discipline for the last five years.

15. All employee records for Katherine Dwyer in the possession of Vestal Central School District.

**PLEASE TAKE FURTHER NOTICE,** that in the event of failure or refusal to comply with any of these interrogatories and/or demands to produce, Plaintiff will apply to the Court for an order compelling compliance pursuant to Federal Rule of Civil Procedure 37.

**PLEASE TAKE FURTHER NOTICE that** said interrogatories and demands shall be deemed to continue during the pendency of this action, including the trial thereof.

Dated: September 18, 2017
Oneonta, New York                       Legal Services of Central New York, Inc.


/s/ Willa Payne_____
By: Willa S. Payne, Esq.
Susan Young, Esq.
Joshua Cotter, Esq.

TO:    Christopher Militello, Esq.

**DISTRICT COURT OF THE UNITED STATES**
**NORTHERN DISTRICT OF NEW YORK**

---

**DEBRA SPERO**, as Natural Mother of
**V.S.**, an infant,

                          Plaintiff,          **Notice of Deposition By Oral**
                                           **Examination**

    -against-
                                        **Civil Action No:** 3:17-CV-007 (GTS/DEP)

**VESTAL CENTRAL SCHOOL DISTRICT**
**BOARD OF EDUCATION, VESTAL CENTRAL SCHOOL**
**DISTRICT, JEFFREY AHEARN**, Superintendent of Schools,
**ALBERT A. PENNA**, Interim Principal Vestal
High School, **DEBORAH CADDICK and CLIFFORD**
**KASSON**, in their Individual and Official capacities.

                               Defendants.

---

TO:    Jeffrey Ahearn
        Vestal Central School District
        201 Main Street
        Vestal, NY 13850

     **PLEASE TAKE NOTICE** that the Plaintiffs in this action, Debra Spero as natural

mother of V.S., by and through their attorney, Legal Services of Central New York, Inc., will

take the deposition upon oral examination of **Jeffrey Ahearn**, an employee and agent of the

Defendant, pursuant to Rule 30 of the Federal Rules of Civil Procedure at a mutually agreeable

time and date at the **Offices of Legal Services of Central New York, Inc.,** 168 Water Street, 3rd

Floor, Binghamton, NY 13901, before a notary public or other officer authorized to administer

oaths and to take depositions. Please instruct the Deponent to bring any and all documents

pertaining to policies and procedures related to investigating student behavior and implementing

discipline, and any documents and materials specifically relevant to V.S.. You are invited to

attend and cross-examine.


Signed:                                     /s/Willa Payne

                                            **LEGAL SERVICES OF CENTRAL**
                                            **NEW YORK, INC.**
                                            Willa S. Payne, Esq.
                                            Susan Young, Esq.
                                            Joshua Cotter, Esq.
                                            189 Main Street, Suite 301
                                            Oneonta, NY 13820


Dated: September 18, 2017

cc:     Christoper Militello, Esq.
        The Law Firm of Frank Miller
        6575 Kirkville Road
        East Syracuse, NY 13057

**DISTRICT COURT OF THE UNITED STATES**
**NORTHERN DISTRICT OF NEW YORK**

---

**DEBRA SPERO**, as Natural Mother of
V.S., an infant,

                         Plaintiff,

      -against-

**VESTAL CENTRAL SCHOOL DISTRICT**
**BOARD OF EDUCATION, VESTAL CENTRAL SCHOOL**
**DISTRICT, JEFFREY AHEARN,** Superintendent of Schools,
**ALBERT A. PENNA,** Interim Principal Vestal
High School, **DEBORAH CADDICK and CLIFFORD**
**KASSON,** in their Individual and Official capacities.

                         Defendants.

**Notice of Deposition By Oral**
**Examination**

**Civil Action No:** 3:17-CV-007 (GTS/DEP)

---

TO:    Deborah Caddick
        Vestal Central School District
        201 Main Street
        Vestal, NY 13850

      **PLEASE TAKE NOTICE** that the Plaintiffs in this action, Debra Spero as natural

mother of V.S., by and through their attorney, Legal Services of Central New York, Inc., will

take the deposition upon oral examination of **Deborah Caddick**, an employee and agent of the

Defendant, pursuant to Rule 30 of the Federal Rules of Civil Procedure at a mutually agreeable

time and date at the **Offices of Legal Services of Central New York, Inc.,** 168 Water Street, 3rd

Floor, Binghamton, NY 13901, before a notary public or other officer authorized to administer

oaths and to take depositions. Please instruct the Deponent to bring any and all documents

pertaining to policies and procedures related to investigating student behavior and implementing

discipline, and any documents and materials specifically relevant to V.S.. You are invited to attend and cross-examine.

Signed:                          /s/ Willa Payne_____
                                 **LEGAL SERVICES OF CENTRAL**
                                 **NEW YORK, INC.**
                                 Willa S. Payne, Esq.
                                 Susan Young, Esq.
                                 Joshua Cotter, Esq.
                                 189 Main Street, Suite 301
                                 Oneonta, NY 13820

Dated: September 18, 2017

cc:    Christoper Militello, Esq.
       The Law Firm of Frank Miller
       6575 Kirkville Road
       East Syracuse, NY 13057

**DISTRICT COURT OF THE UNITED STATES**
**NORTHERN DISTRICT OF NEW YORK**

---

**DEBRA SPERO**, as Natural Mother of
V.S., an infant,

                      Plaintiff,

      -against-

**VESTAL CENTRAL SCHOOL DISTRICT**
**BOARD OF EDUCATION, VESTAL CENTRAL SCHOOL**
**DISTRICT, JEFFREY AHEARN**, Superintendent of Schools,
**ALBERT A. PENNA**, Interim Principal Vestal
High School, **DEBORAH CADDICK and CLIFFORD**
**KASSON**, in their Individual and Official capacities.

                  Defendants.

**Notice of Deposition By Oral**
**Examination**

**Civil Action No:** 3:17-CV-007 (GTS/DEP)

---

TO:    Katherine Dyer
       Vestal Central School District
       201 Main Street
       Vestal, NY 13850

     **PLEASE TAKE NOTICE** that the Plaintiffs in this action, Debra Spero as natural

mother of V.S., by and through their attorney, Legal Services of Central New York, Inc., will

take the deposition upon oral examination of **Katherine Dyer**, an employee and agent of the

Defendant, pursuant to Rule 30 of the Federal Rules of Civil Procedure at a mutually agreeable

time and date at the **Offices of Legal Services of Central New York, Inc.,** 168 Water Street, 3rd

Floor, Binghamton, NY 13901, before a notary public or other officer authorized to administer

oaths and to take depositions. Please instruct the Deponent to bring any and all documents

pertaining to policies and procedures related to investigating student behavior and implementing

discipline, and any documents and materials specifically relevant to V.S.. You are invited to attend and cross-examine.

Signed:                                    /s/ Willa Payne
                                           **LEGAL SERVICES OF CENTRAL**
                                           **NEW YORK, INC.**
                                           Willa S. Payne, Esq.
                                           Susan Young, Esq.
                                           Joshua Cotter, Esq.
                                           189 Main Street, Suite 301
                                           Oneonta, NY 13820

Dated: September 18, 2017

cc:     Christoper Militello, Esq.
        The Law Firm of Frank Miller
        6575 Kirkville Road
        East Syracuse, NY 13057

**DISTRICT COURT OF THE UNITED STATES**
**NORTHERN DISTRICT OF NEW YORK**

---

**DEBRA SPERO**, as Natural Mother of
**V.S.**, an infant,

                          Plaintiff,

      -against-

**VESTAL CENTRAL SCHOOL DISTRICT**
**BOARD OF EDUCATION, VESTAL CENTRAL SCHOOL**
**DISTRICT, JEFFREY AHEARN**, Superintendent of Schools,
**ALBERT A. PENNA**, Interim Principal Vestal
High School, **DEBORAH CADDICK and CLIFFORD**
**KASSON**, in their Individual and Official capacities.

                          Defendants.

**Notice of Deposition By Oral**
**Examination**

**Civil Action No:** 3:17-CV-007 (GTS/DEP)

---

TO:    Clifford Kasson
       Vestal Central School District
       201 Main Street
       Vestal, NY 13850

      **PLEASE TAKE NOTICE** that the Plaintiffs in this action, Debra Spero as natural

mother of V.S., by and through their attorney, Legal Services of Central New York, Inc., will

take the deposition upon oral examination of **Clifford Kasson**, an employee and agent of the

Defendant, pursuant to Rule 30 of the Federal Rules of Civil Procedure at a mutually agreeable

time and date at the **Offices of Legal Services of Central New York, Inc.,** 168 Water Street, 3rd

Floor, Binghamton, NY 13901, before a notary public or other officer authorized to administer

oaths and to take depositions. Please instruct the Deponent to bring any and all documents

pertaining to policies and procedures related to investigating student behavior and implementing

discipline, and any documents and materials specifically relevant to V.S.. You are invited to attend and cross-examine.


Signed:                                    /s/ Willa Payne
                                           **LEGAL SERVICES OF CENTRAL**
                                           **NEW YORK, INC.**
                                           Willa S. Payne, Esq.
                                           Susan Young, Esq.
                                           Joshua Cotter, Esq.
                                           189 Main Street, Suite 301
                                           Oneonta, NY 13820

Dated: September 18, 2017

cc:    Christoper Militello, Esq.
       The Law Firm of Frank Miller
       6575 Kirkville Road
       East Syracuse, NY 13057

**DISTRICT COURT OF THE UNITED STATES**
**NORTHERN DISTRICT OF NEW YORK**

---

**DEBRA SPERO**, as Natural Mother of
**V.S.**, an infant,

                        Plaintiff,               **Notice of Deposition By Oral**
                                         **Examination**

     -against-

                                          **Civil Action No:** 3:17-CV-007 (GTS/DEP)

**VESTAL CENTRAL SCHOOL DISTRICT**
**BOARD OF EDUCATION, VESTAL CENTRAL SCHOOL**
**DISTRICT, JEFFREY AHEARN**, Superintendent of Schools,
**ALBERT A. PENNA**, Interim Principal Vestal
High School, **DEBORAH CADDICK and CLIFFORD**
**KASSON**, in their Individual and Official capacities.

                              Defendants.

---

TO:    Albert A. Penna
          Vestal Central School District
          201 Main Street
          Vestal, NY 13850

     **PLEASE TAKE NOTICE** that the Plaintiffs in this action, Debra Spero as natural

mother of V.S., by and through their attorney, Legal Services of Central New York, Inc., will

take the deposition upon oral examination of **Albert A. Penna**, a former employee and agent of

the Defendant, pursuant to Rule 30 of the Federal Rules of Civil Procedure at a mutually

agreeable time and date at the **Offices of Legal Services of Central New York, Inc.,** 168 Water

Street, 3rd Floor, Binghamton, NY 13901, before a notary public or other officer authorized to

administer oaths and to take depositions. Please instruct the Deponent to bring any and all

documents pertaining to policies and procedures related to investigating student behavior and

implementing discipline, and any documents and materials specifically relevant to V.S.. You are invited to attend and cross-examine.

Signed:

/s/ Willa Payne

**LEGAL SERVICES OF CENTRAL NEW YORK, INC.**
Willa S. Payne, Esq.
Susan Young, Esq.
Joshua Cotter, Esq.
189 Main Street, Suite 301
Oneonta, NY 13820

Dated: September 18, 2017

cc:     Christoper Militello, Esq.
        The Law Firm of Frank Miller
        6575 Kirkville Road
        East Syracuse, NY 13057

**DISTRICT COURT OF THE UNITED STATES**
**NORTHERN DISTRICT OF NEW YORK**

---

**DEBRA SPERO**, as Natural Mother of
**V.S.**, an infant,

                       Plaintiff,

     -against-

**VESTAL CENTRAL SCHOOL DISTRICT**
**BOARD OF EDUCATION, VESTAL CENTRAL SCHOOL**
**DISTRICT, JEFFREY AHEARN**, Superintendent of Schools,
**ALBERT A. PENNA**, Interim Principal Vestal
High School, **DEBORAH CADDICK and CLIFFORD**
**KASSON**, in their Individual and Official capacities.

                       Defendants.

**Notice of Deposition By Oral**
**Examination**

**Civil Action No:** 3:17-CV-007 (GTS/DEP)

---

TO:    SRO Conor Talbut
        Vestal Central School District
        201 Main Street
        Vestal, NY 13850

     **PLEASE TAKE NOTICE** that the Plaintiffs in this action, Debra Spero as natural

mother of V.S., by and through their attorney, Legal Services of Central New York, Inc., will

take the deposition upon oral examination of **SRO Conor Talbut**, an employee and agent of the

Defendant, pursuant to Rule 30 of the Federal Rules of Civil Procedure at a mutually agreeable

time and date at the **Offices of Legal Services of Central New York, Inc.,** 168 Water Street, 3rd

Floor, Binghamton, NY 13901, before a notary public or other officer authorized to administer

oaths and to take depositions. Please instruct the Deponent to bring any and all documents

pertaining to policies and procedures related to investigating student behavior and implementing

discipline, and any documents and materials specifically relevant to V.S.. You are invited to attend and cross-examine.


Signed:                                           /s/ Willa Payne
                                                  **LEGAL SERVICES OF CENTRAL**
                                                  **NEW YORK, INC.**
                                                  Willa S. Payne, Esq.
                                                  Susan Young, Esq.
                                                  Joshua Cotter, Esq.
                                                  189 Main Street, Suite 301
                                                  Oneonta, NY 13820


Dated: September 18, 2017

cc:     Christoper Militello, Esq.
        The Law Firm of Frank Miller
        6575 Kirkville Road
        East Syracuse, NY 13057