UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**DEBRA SPERO,** as Natural Mother of
**V.S.,** an infant**,**

                Plaintiffs,

    v.

**VESTAL CENTRAL SCHOOL DISTRICT
BOARD OF EDUCATION, VESTAL CENTRAL
SCHOOL DISTRICT, JEFFREY AHEARN,**
Superintendent of Schools, **ALBERT A. PENNA,**
Interim Principal of Vestal High School,
**DEBORAH CADDICK and CLIFFORD KASSON,**
in their Individual and Official Capacities,

                Defendants,

**DEFENDANTS' RESPONSES TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS IN DISPUTE**

Civil Action No. 3:17-cv-00007 (GTS/DEP)

       Defendants Vestal Central School District Board of Education, Vestal Central School District, Jeffrey Ahearn, Albert A. Penna, Deborah Caddick, and Clifford Kasson, for their responses to the "Plaintiff's Statement of Additional Material Facts in Dispute"[1] in the Plaintiff's Response to Defendants' Statement of Material Facts, state as follows:

      29.    Deny the matter as alleged because the exhibit referenced in support does not establish that such photos are "regularly" posted and does not establish that the individuals pictured are students at Vestal High School. Further deny that the matter alleged is a material fact, as summary judgment may be granted upon Defendants' motion without the need to resolve this issue.

      30.    Admit.

      31.    Admit.

---

[1] Notwithstanding this title, Defendants will respond to each paragraph with the understanding that Plaintiff is asserting the facts alleged are true, not that they are in dispute.

32. Deny the matter as alleged because five minority students in Ms. Dyer's math class were not seated together in the back of the room for the Fall semester of 2016, but only for a short period according to a random pattern of periodic rearrangement of the room seating chart for valid educational purposes, and deny that it is a material fact, as summary judgment may be granted upon Defendants' motion without the need to resolve this issue.  (Dyer Aff. ¶ 19; see Payne Declaration Exhibit U.)

33. Deny the matter as alleged because the referenced exhibit does not support the claim that the students were seated together in the back of the room for the Fall semester of 2016, but rather only for a short period, and deny that it is a material fact, as summary judgment may be granted upon Defendants' motion without the need to resolve this issue.  (See Dyer Aff. ¶ 19.)

34. Deny the matter as alleged because Ms. Dyer did not say "I'm fucking tired of these Niggers" or any other racist comment at any time before or after V.S. called her a "fucking racist," and deny that it is a material fact, as summary judgment may be granted upon Defendants' motion without the need to resolve this issue.  (Dyer Aff. ¶¶ 5-8, 18.)

35. Deny the matter as alleged for the reasons set forth in paragraph 36 below, and because even "minutes" are ample time for a student to use his cell phone, and further deny that it is a material fact, as summary judgment may be granted upon Defendants' motion without the need to resolve this issue.  (See Payne Declaration Exhibit U.)

36. Deny the matter as alleged because it is apparent that either V.S. or the student before him mis-recorded the time at which he reached the office, and/or that the student who preceded V.S. to the office did not proceed directly to the office as he had been instructed to do but instead lingered in the halls before finally reporting to the office, and deny that it is a

material fact, as summary judgment may be granted upon Defendants' motion without the need to resolve this issue.  (Dyer Reply Aff. ¶ 2.)

37. Deny the matter as alleged (see paragraph 36 above) and deny that it is a material fact, as summary judgment may be granted upon Defendants' motion without the need to resolve this issue.  (Dyer Reply Aff. ¶ 2.)

38. Deny the matter as alleged because the referenced testimony does not support the allegation, and deny that it is a material fact, as summary judgment may be granted upon Defendants' motion without the need to resolve this issue.

39. Deny the matter as alleged because the referenced testimony does not support the allegation, and deny that it is a material fact, as summary judgment may be granted upon Defendants' motion without the need to resolve this issue.

40. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that V.S. actually believed he and other students had been subejcted to racist actions by the District, as opposed to the likelihood that V.S. was simply making accusations to retaliate against the District for disciplining him for his misconduct, but admit the remaining allegations of this paragraph.

41. Admit.

42. Admit.

43. Admit.

44. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that V.S. did not post anything on Twitter on December 7, 2016, but admit the remaining allegations of this paragraph.

45. Deny the matter as alleged because the video contains nothing indicating that the actions of the individual portrayed involved the safe procedure to unload and store a firearm, or that such was the purpose and intent of the video, and deny that it is a material fact, as summary judgment may be granted upon Defendants' motion without the need to resolve this issue.

46. Deny knowledge or information sufficient to form a belief as to the truth or falsity of this allegation, and deny that it is a material fact, as summary judgment may be granted upon Defendants' motion without the need to resolve this issue.

47. Deny knowledge or information sufficient to form a belief as to the truth or falsity of this allegation, and deny that it is a material fact, as summary judgment may be granted upon Defendants' motion without the need to resolve this issue.

48. Deny the matter as alleged because, considered in the context of V.S.'s prior social media postings evidencing his anger against the District, the Snapchat video of a woman with a handgun (or "Guidette with a strap") objectively did constitute a threat.

49. Deny the matter as alleged (see paragraph 48 above) and deny that it is a material fact, as summary judgment may be granted upon Defendants' motion without the need to resolve this issue.

50. Deny the matter as alleged and deny that it is a material fact, as summary judgment may be granted upon Defendants' motion without the need to resolve this issue. (Talbut Aff. ¶¶ 5-6.)

51. Admit, but affirmatively state that SRO Talbut showed a recording on his cell phone of the tweets and video(s) to several Defendants earlier. (Talbut Aff. ¶¶ 6-7.)

52. Admit.

53. Deny the matter as alleged because the referenced exhibits clearly set forth reasons for V.S.'s suspension that are either more detailed than the allegation or go completely unmentioned in the allegation, and deny that it is a material fact, as summary judgment may be granted upon Defendants' motion without the need to resolve this issue.

54. Deny the matter as alleged because the referenced exhibit does not actually support the allegation, and deny that it is a material fact, as summary judgment may be granted upon Defendants' motion without the need to resolve this issue.

55. Admit.

56. Deny. (Talbut Aff. ¶¶ 3, 10, 11.)

57. Admit two students expressed concern over their perception of the District's treatment of V.S.

58. Deny. (Penna Aff. ¶ 2.)

59. Admit no classes were cancelled, but deny knowledge or information sufficient to form a belief as to whether any classes were disrupted or whether any students missed classes due to V.S.'s social media postings.

60. Deny the matter as alleged because, among other things, Plaintiff's own statement acknowledges at least three phone calls were received (see paragraph 58), and deny that it is a material fact, as summary judgment may be granted upon Defendants' motion without the need to resolve this issue.

61. Deny the matter as alleged because the lockdown drill was canceled to avoid a panic due to V.S.'s social media postings, and deny that it is a material fact, as summary judgment may be granted upon Defendants' motion without the need to resolve this issue. (Ahearn Aff. ¶ 12.)

Dated: December 18, 2017
     East Syracuse, New York        Respectfully submitted,

                                **THE LAW FIRM OF FRANK W. MILLER**

By: **/s/ Frank W. Miller, Esq.**
      **Bar Roll No. 102203**
      *Attorneys for Defendants*
      <u>Office and Post Office Address:</u>
      6575 Kirkville Road
      East Syracuse, New York 13057
      Telephone:  315-234-9900
      Facsimile:  315-234-9908
      fmiller@fwmillerlawfirm.com