UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEBRA SPERO, as Natural Mother of
V.S., an Infant,

                    Plaintiff,

v.                                      3:17-CV-0007
                                      (GTS/DEP)
VESTAL CENTRAL SCHOOL DISTRICT;
JEFFREY AHEARN, Superintendent of Schools;
ALBERT A. PENNA, Interim Principal, Vestal
High School; DEBORAH CADDICK in her
Individual and Official Capacities; CLIFFORD
KASSON, in his Individual and Official Capacities;
and VESTAL CENTRAL SCHOOL DISTRICT
BOARD OF EDUCATION,

                    Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

LEGAL SERVICES OF CENTRAL NEW YORK, INC.    WILLA S. PAYNE, ESQ.
  Counsel for Plaintiff                               JOSHUA T. COTTER, ESQ.
189 Main Street, Suite 301                          SUSAN M. YOUNG, ESQ.
Oneonta, New York 13820

OFFICE OF FRANK W. MILLER                    FRANK W. MILLER, ESQ.
  Counsel for Defendants                            CHARLES C. SPAGNOLI, ESQ.
6575 Kirkville Road
East Syracuse, New York 13057

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this civil rights action filed by Debra Spero, as natural

mother of V.S., an infant ("Plaintiff"), against Vestal Central School District, Jeffrey Ahearn,

Superintendent of Schools, Albert A. Penna, Interim Principal of Vestal High School, Deborah

Caddick, in her individual and official capacities, Clifford Kasson, in his individual and official

capacities, and Vestal Central School District Board of Education ("Defendants"), is Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 and judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Dkt. No. 58.) For the reasons set forth below, Defendants' motion is granted in part and denied in part without prejudice.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Claims

Generally, liberally construed, Plaintiff's Amended Complaint asserts the following two claims: (1) a claim that Defendants violated V.S.'s rights under 42 U.S.C. § 1983 by retaliating against him for exercising his right to freedom of speech under the First Amendment ("Count One"), and (2) a claim that Defendants violated V.S.'s rights under 42 U.S.C. § 1983 by imposing an excessive punishment for his constitutionally protected speech in violation of his right to substantive due process under the Fourteenth Amendment of the U.S. Constitution ("Count Two"). (*See generally* Dkt. No. 26 [Plf.'s Am. Compl.].) Familiarity with the factual allegations supporting these claims in Plaintiff's Amended Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties. (*Id.*)

### B. Undisputed Material Facts

Unless otherwise noted, the following facts were asserted and supported with accurate citations by Defendants in their Statement of Material Facts and expressly admitted by Plaintiff in her response thereto or denied without a supporting record citation. (*Compare* Dkt. No. 58, Attach. 24 [Defs.' Rule 7.1 Statement] and *with* Dkt. No. 70, Attach. 1 [Plf.'s Rule 7.1 Resp.].)

1. Defendant Vestal Central School District ("the District") is a public school district organized and existing under the laws of the State of New York, and a recipient of federal aid.

2. V.S. was, at the time of the incidents relevant to Plaintiff's claims, a senior student of the District.

3. Defendant Jeffrey Ahearn is the Superintendent of Schools of the Vestal Central School District.

4. Defendant Albert Penna was, at the time of the incidents relevant to Plaintiff's claims, the building principal of Vestal High School.

5. Defendant Clifford Kasson was, at the time of the incidents relevant to Plaintiff's claims, an Assistant Principal at Vestal High School.

6. Defendant Deborah Caddick was, at the time of the incidents relevant to Plaintiff's claims, an Assistant Principal at Vestal High School.

7. In or about September of 2016, V.S. was a student in a mathematics class taught by Katharine Dyer.

8. An incident occurred in Ms. Dyer's mathematics class on November 22, 2016, in which V.S. called Ms. Dyer a "fucking racist," and was thereafter sent to the high school office by Ms. Dyer.

9. V.S. was placed on senior probation as a disciplinary penalty for the November 22, 2016, incident in Ms. Dyer's mathematics class.

10. V.S. was suspended from school for five (5) days on or about December 2, 2016, based on allegations that he engaged in behavior designed to intimidate Ms. Dyer–specifically, by reciting her address and her husband's first and middle names aloud in her classroom without preamble or reason to voice that information.[1]

---

[1] The Court acknowledges that Plaintiff does not admit that he engaged in the alleged behavior.

11. Between December 2 and 5, 2016, V.S. made several posts to the social media site Twitter ("tweets") alleging that his suspension was the subject of racism.

12. Other students at Vestal High School received and viewed V.S.'s "tweets," and V.S. was aware that other students in the school were receiving and viewing his "tweets."

13. On December 7, 2016, two days after V.S.'s last "tweet" alleging racism in Vestal High School, V.S. posted a video to the social media site Snapchat showing an individual unloading and storing a firearm.

14. V.S.'s Snapchat post was viewed by other students of Vestal High School, and V.S. was aware that those other students would receive and view his Snapchat post.

15. Two students brought V.S.'s social media posts to the attention of the administration.

16. District employees received at least three phone calls regarding V.S.'s Snapchat post, including a call from a State Police captain whose daughter attends Vestal High School.

17. On December 8, 2016, the school resource office for Vestal High School visited V.S.'s home to investigate the incident regarding the gun.

18. On December 8, 2016, high school administers left a meeting to respond to concerns about the atmosphere created in Vestal High School by V.S.'s Snapchat and Twitter posts.[2]

---

[2] The Court notes that, although Plaintiff lacks sufficient knowledge or information to admit or deny this fact, a lack of knowledge or information regarding a fact does not create a genuine issue of fact. *See Davis v. City of Syracuse*, 12-CV-0276, 2015 WL 1413362, at *2 (N.D.N.Y. Mar. 27, 2015) (Suddaby, J.) ("On a motion for summary judgment, denials of fact that are based on a lack of personal knowledge, mere information or belief, and/or inadmissible evidence are insufficient to create a genuine dispute."); *In re Horowitz*, 14-CV-36884, 2016 WL 1039581, at *1 n.2 (Bankr. S.D.N.Y. Mar. 15, 2016) (stating that, "[o]n a motion for summary judgment, denials based on a lack of knowledge or information sufficient to form a belief are

19. The District canceled a state-mandated lockdown drill that had been scheduled to occur on December 9, 2016, due to the concerns about the atmosphere created in Vestal High School by V.S.'s Snapchat and Twitter posts.[3]

20. On December 8, 2016, V.S. was suspended from school for five (5) days and informed that the reason for such suspension was for engaging in disruptive, insubordinate conduct due to the disruption in Vestal High School caused by his social media posts.

21. V.S. and his family were provided notice of a hearing pursuant to New York Education Law § 3214, to commence on December 20, 2016, to determine whether a suspension longer than five (5) days should be imposed upon V.S. for allegedly engaging in disruptive, insubordinate conduct due to the disruption in Vestal High School caused by his social media posts.

22. V.S.'s suspension hearing was held over the course of four days on December 20, 2016, January 25, 30, and 31, 2017, before Hearing Officer Michael A. Sherwood.

23. Following a hearing, hearing officer Sherwood found V.S. guilty of violating the Vestal Central School's student code of conduct, and issued a recommendation (which was accompanied by the recommendation of counsel for the school district) that V.S. be suspended from school for the remainder of the 2016-17 school year and for the entire 2017-18 school year, as a penalty for his conduct.

---

insufficient to contest a disputed fact . . . . Similarly, a response contending to neither admit or deny an allegation does not create a genuine issue of fact"); *accord, Piacente v. Int'l Union of Bricklayers & Allied Craftworkers*, 11-CV-1458, 2015 WL 5730095, at *2 n.3 (S.D.N.Y. Sept. 30, 2015).

[3] *See*, *supra*, note 2 of this Decision and Order.

24. Superintendent of Schools Jeffrey Ahearn accepted Hearing Officer Sherwood's findings that V.S. had violated the Vestal Central Schools Code of Conduct, and imposed a penalty of suspension from school for the remainder of the 2016-2017 school year and for the entire 2017-2018 school year.

25. V.S. appealed his suspension to the Vestal Central School District Board of Education, which voted to affirm the suspension on March 13, 2017.

26. V.S. filed an appeal to the New York State Commissioner of Education pursuant to New York Education Law § 310 seeking expungement of his suspension and a stay immediately reinstating V.S. to school.

27. V.S.'s request to the Commissioner of Education to stay implementation of the penalty was denied on April 21, 2017.

28. V.S.'s appeal was dismissed by the Commissioner of Education without examination of the merits of his claims, and with leave to re-file based upon the outcome of the within proceedings, on August 29, 2017.

Familiarity with the remaining undisputed material facts of this action, as well as the disputed material facts, as set forth in the parties' Rule 7.1 Statement and Rule 7.1 Response, is assumed in this Decision and Order, which (again) is intended primarily for review by the parties. (*Id.*)

### C. Parties' Briefing on Defendants' Motion

#### 1. Defendants' Memorandum of Law

Generally, in support of their motion for summary judgment and for judgment on the pleadings, Defendants assert the following four arguments: (1) Defendants are entitled to

summary judgment on Count One of Plaintiff's Amended Complaint because, even assuming V.S.'s speech was protected, V.S's speech created a substantial disruption to the operations of Vestal High School and thus Plaintiff cannot establish the causation element of a First Amendment claim; (2) Defendants are entitled to summary judgment and/or judgment on the pleadings dismissing Count Two of Plaintiff's Amended Complaint because Plaintiff has not presented evidence that Defendants' actions were arbitrary, irrational, or motivated by bad faith, sufficient to establish a Fourteenth Amended substantive due process claim; (3) even if the Court finds that a question of fact precludes dismissal of Plaintiff's claims, the individual administrator Defendants are entitled to qualified immunity because their conduct was objectively reasonable in light of the law at the time of the constitutional violation; and (4) as to Defendants Caddick and Kasson, Plaintiff makes no allegation of any conduct that is actionable under her claims and thus judgment should be entered on the pleadings pursuant to Fed. R. Civ. P. 12(c) dismissing the claims as against Defendants Caddick and Kasson. (*See generally* Dkt. No. 58, Attach. 25 [Defs.' Mem. of Law].)

### 2. Plaintiff's Opposition Memorandum of Law

Generally, in Plaintiff's opposition to Defendants' motion, Plaintiff consents to the dismissal of the claims against Defendants Caddick and Kasson, and asserts the following five arguments: (1) V.S.'s speech was to a matter of public concern so it should be subject to heightened scrutiny, and V.S.'s speech had no foreseeable tendency to cause disruption at Vestal High School; (2) Defendants' suspension of V.S. was unreasonable due to (a) the nature and content of his speech, (b) V.S.'s lack of disciplinary history, (c) the type and severity of punishment, and (d) the size and nature of the alleged disruption; (3) V.S.'s substantive due

7

process rights were violated because an 18-month suspension is a grossly disproportionate punishment compared to the punishments imposed on other school discipline cases; (4) Plaintiff is entitled to additional discovery; and (5) Plaintiff's claims are not barred by the doctrine of qualified immunity. (*See generally* Dkt. No. 70 [Plf.'s Opp'n Mem. of Law].)

### 3. Defendants' Reply Memorandum of Law

Generally, in their reply, Defendants assert the following four arguments: (1) the undisputed facts establish the district reasonably predicted substantial disruptions from V.S.'s social media posts; (2) the punishment did not give rise to a substantive due process violation because the punishment does not shock the conscience and Plaintiff admits that V.S.'s posts caused disruption; (3) Defendants Ahearn and Penna are entitled to qualified immunity because it is not clear that a reasonable official would understand that he was violating V.S.'s constitutional rights under the circumstances; and (4) Plaintiff's request for discovery is without merit because the discovery is unnecessary for Plaintiff to meet the present motion. (*See generally* Dkt. No. 75, Attach. 4 [Defs.' Reply Mem. of Law].)

## II. RELEVANT LEGAL STANDARDS

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[4] As for the materiality requirement, a dispute of

---

[4] As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]. As the Supreme Court has explained, "[The non-movant] must do more

8

fact is "material" if it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the movant. *Anderson*, 477 U.S. at 255. In addition, "[the movant] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). However, when the movant has met its initial burden, the non-movant must come forward with specific facts showing a genuine issue of material fact for trial. Fed. R. Civ. P. 56(a),(c),(e).

Implied in the above-stated burden-shifting standard is the fact that, where a non-movant willfully fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute.[5] Of course, when a non-movant willfully fails to respond to a motion for summary judgment, "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Rather, as indicated above, the Court must assure itself that, based on the undisputed material facts, the law indeed warrants judgment for the movant. *Champion*, 76 F.3d at 486; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp. 2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.); N.D.N.Y. L.R. 7.1(b)(3). What

---

than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

[5] *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 426 & n.2 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

the non-movant's failure to respond to the motion does is lighten the movant's burden.

For these reasons, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a movant's statement of material facts to be admitted, where (1) those facts are supported by evidence in the record, and (2) the non-movant has willfully failed to properly respond to that statement.[6]

Similarly, in this District, where a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law, the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3).[7] Stated another way, when a non-movant fails to oppose a legal argument asserted by a movant, the movant may succeed on the argument by showing that the argument possess facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & n.3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

---

[6] Among other things, Local Rule 7.1(a)(3) requires that the non-movant file a response to the movant's Statement of Material Facts, which admits or denies each of the movant's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 7.1(a)(3).

[7] *See*, *e.g.*, *Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]; *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

"However, summary judgment should only be granted if *after discovery*, the nonmoving party has failed to make sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Hellstrom v. United States Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (citations omitted). "The nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment." *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 [1986]). "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom*, 201 F.3d at 97 (citing *Sutera v. Schering Corp.*, 73 F.3d 13, 18 [2d Cir. 1995]; *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 [2d Cir. 1995]; *Jones v. Coughlin*, 45 F.3d 677, 680 [2d Cir. 1995]).

Pursuant to Fed. R. Civ. P. 56(d), "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it . . ." A party opposing summary judgment on Rule 56(d) grounds must show "(1) what facts are sought to resist the motion and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999) (citations omitted).

### III. ANALYSIS

#### A. Count One–First Amendment Claim

##### 1. Claim Against Deborah Caddick and Clifford Kasson

Plaintiff and Defendants agree that the claims against Defendants Caddick and Kasson should be dismissed because Plaintiff does not allege that either Defendant Caddick or

11

Defendatn Kasson had any decision-making authority or other role with respect to the decision to suspend V.S. (Dkt. No. 58, Attach. 25, at 13; Dkt. No. 70, at n.1.) For this reason, the Court dismisses Plaintiff's First Amendment claim against Defendants Caddick and Kasson.

> **2.     Claim Against Vestal Central School District, Jeffrey Ahearn, Albert A. Penna, and Vestal Central School District Board of Education**

Defendants move for dismissal of Plaintiff's First Amendment claim against Vestal Central School District, Jeffrey Ahearn, Albert A. Penna, and Vestal Central School District Board of Education pursuant to Fed. R. Civ. P. 56, and Plaintiff's First Amendment Claim against Defendants Ahearn and Penna pursuant to Fed. R. Civ.. P. 12(c).

> **a.     Challenge Pursuant to Fed. R. Civ. P. 56**

In her opposition papers, Plaintiff submitted an attorney declaration pursuant to Fed. R. Civ. P. 56(d). (Dkt. No. 70, Attach. 6.) The declaration sets forth the evidence sought by Plaintiff, including but not limited to the following: (1) notes or reports created by school personnel related to the investigation and suspension of V.S.; (2) communication and/or documents from parents, staff, students, or guardians expressing concern over V.S.'s social media postings; (3) phone messages or notes of phone messages from individuals expressing concern over V.S.'s social media postings; (4) communications and/or documents related to the cancellation of the lockdown drill; (5) an interrogatory regarding the names, date, and times of the people who complained about V.S.'s social media postings; and (6) the depositions of Jeffery Ahearn, Albert Penna, Deborah Caddick, Clifford Kasson, Conor Talbut, and students present in school the day of V.S.'s suspension. (*Id.*) Mr. Cotter's declaration also sets forth why the evidence creates a genuine issue of material fact, namely that the evidence sought to be obtained

will establish that Defendants did not respond to V.S.'s speech in an objectively reasonable way and that the punishment bears no rational relationship to V.S.'s alleged conduct. (*Id.*) Further, Mr. Cotter's declaration sets forth the efforts by the Plaintiff to obtain the discovery and why those efforts were unsuccessful. (*Id.*)

For these reasons, the Court finds that Plaintiff has established the requisite showing pursuant to Fed. R. Civ. P. 56(d). Therefore, the Court denies without prejudice Defendants' motion for summary judgment on Plaintiff's First Amendment claim against Vestal Central School District, Jeffrey Ahearn, Albert A. Penna, and Vestal Central School District Board of Education.

### b. Challenge Pursuant to Fed. R. Civ. P. 12(c)

"Once qualified immunity is pleaded, plaintiff's complaint will be dismissed unless defendant's alleged conduct, when committed, violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Williams v. Smith*, 781 F.2d 319, 322 (2d Cir. 1986) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 815 [1982]). As a result, a qualified immunity inquiry in a civil rights case generally involves two issues: (1) "whether the facts, viewed in the light most favorable to the plaintiff establish a constitutional violation"; and (2) "whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation confronted." *Sira v. Morton*, 380 F.3d 57, 68-69 (2d Cir. 2004), *accord*, *Higazy v. Templeton*, 505 F.3d 161, 169, n.8 (2d Cir. 2007). "The two are part of the same inquiry," because "a police officer who violates clearly established law necessarily lacks an objectively reasonable belief that his conduct was lawful." *Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 433 n.11 (2d Cir. 2009); *see also Nagle v. Marron*, 663 F.3d 100,

115 (2d Cir. 2011) ("[T]he focus . . . remains on whether, at the time of the alleged conduct, the right was clearly established, rendering it objectively unreasonable for an official to think that his action was lawful.").

After carefully considering the matter, the Court finds that, for the reasons set forth in Plaintiff's opposition memorandum of law, viewing the facts in the light most favorable to Plaintiff, Plaintiff has alleged facts plausibly suggesting that Defendants violated V.S.'s clearly established constitutional right to freedom of speech pursuant to the First Amendment of the U.S. Constitution.

### B. Count Two–Substantive Due Process Claim

#### 1. Claim Against Deborah Caddick and Clifford Kasson

For the reasons set forth above in Part III.A.1. of this Decision and Order, in agreement with the parties, the Court dismisses Plaintiff's substantive due process claim against Defendants Caddick and Kasson.

#### 2. Claim Against Vestal Central School District, Jeffrey Ahearn, Albert
##### A. Penna, and Vestal Central School District Board of Education

Defendants move to dismiss Count Two against Vestal Central School District, Jeffrey Ahearn, Albert A. Penna, and Vestal Central School District Board of Education pursuant to both Fed. R. Civ. P. 56 and 12(c). Defendants also move for dismissal of Count Two against Defendanats Ahearn and Penna pursuant to Fed. R. Civ. P. 12(c).

###### a. Challenge Pursuant to Fed. R. Civ. P. 56

For the reasons set forth above in Part III.A.2.a. of this Decision and Order, the Court finds that Plaintiff established the requisite showing pursuant to Fed. R. Civ. P. 56(d) for

additional discovery. Accordingly, the Court denies without prejudice Defendants' motion to for summary judgment on Plaintiff's substantive due process claim against Vestal Central School District, Jeffrey Ahearn, Albert A. Penna, and Vestal Central School District Board of Education.

### b. Challenges Pursuant to Fed. R. Civ. P. 12(c)

Defendants purport to seek judgment on the pleadings with regard to the arbitrariness requirement of Plaintiff's substantive due process claim. (Dkt. No. 58, Attach. 25, at 10.) However, Defendants' arguments rely on evidence outside the four corners of the Amended Complaint, which may not be considered without triggering the standard governing a motion for summary judgment.[8] (*Id.* at 10-11.) As set forth above in Part III.B.2.a. of this Decision and

---

[8] On a motion for judgment on the pleadings (as a motion to dismiss for failure to state a claim), in addition to the complaint, the Court may consider (1) Documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case. *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-CV-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written

15

Order, Defendants are not entitled to summary judgment at this juncture.

For these reasons, the Court denies Defendants' motion for judgment on the pleadings regarding Count Two against Vestal Central School District, Jeffrey Ahearn, Albert A. Penna, and Vestal Central School District Board of Education.

Defendants also seek judgment on the pleadings on the ground of qualified immunity with regard to this claim. For the reasons set forth above in Part III.A.2.b. of this Decision and Order and Plaintiff's opposition memorandum of law, the Court finds that Plaintiff has alleged facts plausibly suggesting that Defendants violated V.S.'s clearly established right to substantive due process pursuant to Fourteenth Amendment.

For these reasons, the Court denies Defendants motion for dismissal of Count Two against Defendants Ahearn and Penna based on the doctrine of qualified immunity.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion for summary judgment and judgment on the pleadings (Dkt. No. 58) is **GRANTED in part** and **DENIED in part** without prejudice, in the following respects:

(1) Plaintiff's First Amendment claim (Count One) against Deborah Caddick and Clifford Kasson is **DISMISSED**;

---

instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

(2) Plaintiff's First Amendment claim (Count One) against Vestal Central School District, Jeffrey Ahern, Superintendent of Schools, Albert A. Penna, Interim Principal of Vestal High School, and Vestal Central School District Board of Education **SURVIVES** Defendants' motion;

(3) Plaintiff's substantive due process claim (Count Two) against Deborah Caddick and Clifford Kasson is **DISMISSED**; and

(4) Plaintiff's substantive due process claim (Count Two) against Vestal Central School District, Jeffrey Ahern, Superintendent of Schools, Albert A. Penna, Interim Principal of Vestal High School, and Vestal Central School District Board of Education **SURVIVES** Defendants' motion; and it is further

**ORDERED** that this case is referred back to Magistrate Judge Peebles for the setting of pretrial scheduling deadlines.

Dated: September 4, 2018
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge