UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DEBRA SPERO, as Natural Mother of
V.S., an infant,
      Plaintiffs,

v.

VESTAL CENTRAL SCHOOL DISTRICT
BOARD OF EDUCATION, VESTAL CENTRAL
SCHOOL DISTRICT, JEFFREY AHEARN,
Superintendent of Schools, ALBERT A. PENNA,
Interim Principal of Vestal High School,
DEBORAH CADDICK and CLIFFORD KASSON,
in their Individual and Official Capacities,

      Defendants,

**STIPULATED PROTECTIVE ORDER**

Civil Action No.: 3:17-cv-00007

  To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, ensure compliance with federal law respecting the treatment of student educational records, and ensure that protection is afforded to material entitled to same, the parties hereby STIPULATE, and it is SO ORDERED, as follows:

  1. <u>Family Educational Rights and Privacy Act Definition of Education Records</u>. The Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, also known as "FERPA," defines "education records" as including all records which contain information directly related to a student and are maintained by an educational agency or institution or by a person working for such agency or institution, subject to certain exceptions in 20 U.S.C. § 1232g(a)(4)(B).

  2. <u>Designation of FERPA-Protected Records</u>. Defendants may designate as "Confidential Information" such information and documents as they in good faith believe constitute "education records" under FERPA. Designation of Confidential Information shall be by labeling the document or other record as "FERPA Protected" or by identifying the document

or other record in a separate log or correspondence as a protected education record under FERPA. Defendants' initial failure to designate a document or record as Confidential Information shall not preclude Defendants from so designating it at a later date.

3. Production of Confidential Information. Defendants shall not be required to produce Confidential Information in discovery until (a) this Stipulated Protective Order is entered as an Order of the Hon. David E. Peebles, Magistrate Judge, in the above-captioned litigation, *and* (b) the parents of the students who are the subjects of the Confidential Information (other than Plaintiff Vincent Spero) have been afforded an opportunity to object to production of the Confidential Information and have failed to make such objection within a reasonable timeframe (seven days after issuance of notice) under FERPA regulation 34 C.F.R. § 99.31(a)(9).

4. Notice and Objections Procedure. Upon entry of this Stipulated Protective Order as an Order of the Hon. David E. Peebles, Defendants shall arrange within a reasonable time to issue notices to the parents of students (or, in the case of students who have reached the age of majority, to the students themselves) whose names or other information appear in documents or records sought by discovery requests propounded by Plaintiffs. Such notices shall advise the parents (or the students of majority age) of the general nature of the documents or records to be disclosed to Plaintiffs and shall provide a seven-day period from the issuance of the notices within which the parents (or students of majority age) may present objections to the disclosure of the documents or records. The notice shall specify that such objections are to be addressed in written form to the Hon. David E. Peebles, with copies sent to counsel for the Defendants.

5. Determination of Objections and Effect. The parties stipulate and agree that any objections presented by parents of students (or students of majority age) to the Hon. David E. Peebles may be ruled upon by Judge Peebles, and absent ruling by Judge Peebles that the

objected-to material is to be produced, Defendants shall be relieved of any obligation to produce documents or records that are the subject of timely-filed objections under this procedure.

6. <u>Restrictions on Access to Confidential Information</u>. Information designated "Confidential Information" under this Stipulation and disclosed by Defendants may be shown or be accessible to:

    (i)    parties, and current and former officers, directors and employees of the parties, solely for purposes of prosecuting or defending the action;

    (ii)    counsel for the parties, including attorneys, paralegals, regular and temporary employees, contractors, agents, volunteers, and support staff of said counsel, as well as experts and consultants and their employees retained by such counsel for the purpose of prosecuting or defending the action;

    (iii)    any person who has prepared or received such document containing Confidential information in the ordinary course of his or her employment, solely for purposes of assisting the parties in prosecuting or defending the action;

    (iv)    the Court, court personnel, witnesses at deposition or trial, any court or shorthand reporter or typist used to record or transcribe testimony, and jurors or alternate jurors;

    (v)    vendors and other litigation support services used by counsel for the parties for the purpose of photocopying, imaging, coding, storing, or otherwise handling documents produced in the action;

    (vi)    persons indicated on the face of a document as its author, addressee, or recipient; and

(vii) persons whose confidential information appears in the document (provided that no other person's confidential information appears in the document).

7. <u>Use and Disclosure of Confidential Information</u>. No person receiving Confidential Information pursuant to this Stipulation shall use it for any purpose other than prosecuting or defending the action, including any appeals thereof. Counsel and experts, and their employees and assistants, and any officers, directors, or employees of the parties receiving any Confidential information, either in original or derivative form, shall confirm in writing that they agree not to disclose, make available, or communicate such information to any other person in violation of this Stipulation; except that nothing shall prevent disclosure beyond the terms of this Stipulation prior to trial if the Designating Party consents in writing to such disclosure, or if the party seeking such disclosure receives the approval of the Court.

8. <u>Filing with the Court</u>. In any filings with the Court, minor children's names shall be redacted and replaced with initials as required by Rule 5.2(a) of the Federal Rules of Civil Procedure and Rule 8.1 of the Local Rules of the Court. Further, students' names in Confidential Information filed with the Court shall similarly be so redacted even if the students have reached the age of majority. Other personally identifiable information concerning students appearing in Confidential Information filed with the Court, such as birthdates, Social Security numbers, addresses, and similar items shall also be redacted. The parties stipulate and agree, however, that there is no need to redact Vincent Spero's name from such filings or to replace it with initials. In the event that Confidential Information filed with the Court is of a nature that makes it not reasonably possible to redact the material (e.g., digital media), the Confidential Information shall be submitted with a request that it be filed only under seal, and shall not be filed on the Court's electronic filing system unless and until the Court rejects the request to file under seal.

9. <u>Disputes as to Designation</u>. In the event that Plaintiffs objects to the designation of certain information as Confidential Information, counsel for the parties shall confer in good faith and attempt to resolve the dispute. If they cannot resolve the dispute, either party may seek intervention from the Court. Pending resolution by the Court, the information subject to the dispute shall be treated as Confidential Information under the terms of this Stipulation.

10. <u>Inadvertent Disclosure</u>. If, as a result of inadvertence or other excusable reason, a Defendants have heretofore produced or disseminated Confidential Information or hereafter produce Confidential Information without designating that document or record as Confidential Information, Defendants may retroactively designate the document as Confidential Information by informing the party or parties to whom Defendants have produced such document of the identification or number(s) of the document they desire to designate as Confidential Information. Such document shall be treated as Confidential Information pursuant to this Stipulation from and after the date the receiving party or parties receive such designation.

11. <u>Modification</u>. Nothing in this Stipulation shall prejudice any party from seeking modification of this Stipulation. Any modification to this Stipulation must be in writing signed by counsel for both parties and so-ordered by the Court.

12. <u>Destruction of Confidential Information at the Close of Litigation</u>. At the conclusion of this action, all parties shall return to Defendants all documentary material embodying information designated as Confidential Information, including all copies of or excerpts from summaries of such documentary material that may have been made. Receipt of such documentary material shall be acknowledged by the recipient in writing. In the alternative, the party may destroy all such Confidential Information, provided he/she/it does so promptly at

the conclusion of this action and certifies to opposing counsel in writing the date of destruction accompanied by reasonable description of the documents destroyed.

13. <u>Exceptions</u>. The restrictions set forth in any of the preceding paragraphs shall not apply, to information or material that:

 (i) is acquired by the non-Designating Party from a third party having the right of disclosure of such information or material; or

 (ii) was lawfully possessed by the non-Designating Party prior to the filing of this Stipulation.

14. <u>Signing in Counterparts</u>. This Stipulation may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.

15. <u>Continued Force and Effect</u>. The terms of this Stipulation shall survive and remain in full force and effect after the termination of this lawsuit.

Dated: November 7, 2018

LEGAL SERVICES OF CENTRAL NEW YORK

By: _____
Willa Payne, Esq.

Bar Roll No. 517751
Attorney for Plaintiff
189 Main Street, Suite 301
Oneonta, New York 13820
(607) 766-8118
wpayne@lscny.org

THE LAW FIRM OF FRANK W. MILLER

By: _____
Charles C. Spagnoli, Esq.

Bar Roll No. 507694
Attorney for Defendants
6575 Kirkville Road
East Syracuse NY 13057
(315) 234-9900
cspagnoli@fwmillerlawfirm.com

SO –ORDERED:

_____
David E. Peebles
U.S. Magistrate Judge

Dated: 11/9/2018