**THE LAW FIRM OF FRANK W. MILLER**
*Attorneys and Counselors at Law*
6575 Kirkville Road
East Syracuse, New York 13057
Telephone:  (315) 234-9900
Fax:  (315) 234-9908
cspagnoli@fwmillerlawfirm.com

Frank W. Miller
_____

Charles C. Spagnoli
John Patrick Powers
Ronnie White
Frederick R. Westphal

January 30, 2019

*Via electronic filing*

Hon. David E. Peebles
United States District Court
Northern District of New York
100 South Clinton Street
Syracuse, New York 13261

      Re:    Spero v. Vestal Central School District et al.
             Civil Action No.:  3:17-cv-00007

Dear Judge Peebles:

    As you know, we are counsel for the Defendants in the referenced matter.  This letter is to request leave to resume the deposition of Plaintiff Vincent Spero and a ruling by the Court that Mr. Spero cannot refuse to answer questions concerning a certain incident merely because he was the subject of a juvenile adjudication for his part in the incident.

    Mr. Spero was deposed on January 15, 2019.  During the deposition, he was asked if he had ever been arrested.  He answered that he had but his counsel instructed him not to answer further questions about the matter because the arrest led to a juvenile adjudication.  No further questions about the arrest were posed.

    However, later in the deposition, Mr. Spero was asked about a reputed incident in which he and a group of his friends showed up at the home of an individual with whom Mr. Spero had a disagreement, with the apparent intent to intimidate the individual and/or challenge the individual to a physical confrontation.  Mr. Spero's counsel objected that this was the incident that led to the arrest and juvenile adjudication, and argued that the fact of the juvenile adjudication prevented even inquiries into the underlying incident itself.  We believe the fact that the arrest led to a juvenile adjudication may preclude us from inquiring into the proceedings following the arrest, but certainly does not shield Mr. Spero from having to testify concerning the incident that occurred.

Hon. David E. Peebles
January 30, 2019
Page 2

The protections afforded juvenile adjudications are found in New York Criminal Procedure Law §§ 720.15 and 720.35. "But state law does not govern discovery or confidentiality in federal civil rights cases." *Nimkoff v. Dollhausen,* 262 F.R.D. 191, 194 (E.D.N.Y. 2009). Instead, federal courts, even when giving state evidentiary privileges "serious consideration," are to construe state statutory privileges "narrowly" and displace them when they are outweighed by a federal interest in presenting relevant information to a trier of fact. *Id.* (quoting *U.S. v. One Parcel of Property at 31-33 York Street,* 930 F.2d 139 (2d Cir. 1991) and *Daniels v. City of New York,* 2001 U.S. Dist. LEXIS 2312 (S.D.N.Y. 2001)).

CPL §§ 720.15 and 720.35 say nothing about protecting from discovery the underlying facts that lead to an arrest and juvenile adjudication. They speak only to the sealing of an accusatory instrument and the confidentiality of records and papers relating to a case involving a judicial offender. Reading these provisions for their actual content – let alone "narrowly" – they provide no basis for Plaintiff's refusal to answer questions about the underlying incident simply because it may have led to a juvenile adjudication.

We further note that the incident is relevant because it helps support the District's position that Mr. Spero had a habit and a pattern of engaging in physically and psychologically intimidating behavior, which could reasonably be taken into account by the District when interpreting his social media postings.

Finally, we observe that Mr. Spero, in the social media posts leading up to his suspension, stated that he "would never hurt a soul" and that he "love[d] everyone." He endorsed these statements as true during his deposition. Thus, if he indeed participated in an effort to intimidate an individual and/or sought physical harm to such individual, the matter goes to his credibility.

During the deposition, in a good-faith effort to resolve the dispute over the objection, the undersigned expressed his position that the fact of the juvenile adjudication did not privilege Plaintiff from answering questions concerning the underlying incident. Plaintiff's counsel nevertheless directed Plaintiff not to answer the questions. An attempt was made to reach Your Honor but you were not available, and no other magistrate judge was apparently available either.

Defendants therefore request the Court convene a discovery conference and/or overrule Plaintiff's objections on the record and order a further deposition of Plaintiff Vincent Spero limited to this factual issue.

Thank you very much for your attention to this matter.

Respectfully submitted,

**THE LAW FIRM OF FRANK W. MILLER**

s/Charles C. Spagnoli

Hon. David E. Peebles
January 30, 2019
Page 3

Bar Roll No. 507694

Cc: Willa Payne, Esq. (via electronic filing)
     Jeffrey Ahearn, Superintendent of Schools