**LEGAL SERVICES OF CENTRAL NEW YORK**

Defending Dignity
Strengthening Communities
Securing Justice

February 4, 2019

*Via Electronic Filing*

Hon. David E. Peebles
United States District Court
Northern District of New York
100 South Clinton Street
Syracuse, New York 13261

      Re:    Spero v. VSCD et al.
               Civil Action No.: 3:17-cv-00007

Dear Judge Peebles:

      Please accept this as our response to Defendants' letter motion to further depose the Plaintiff on the underlying facts of his juvenile adjudication. We request this Court deny Defendants' request because the underlying facts of Plaintiff's juvenile adjudication have no relevance to the present matter, cannot be used to show he acted in accordance with a certain character trait and cannot be introduced for impeachment purposes.

      In the alternative if the Court directs Plaintiff to disclose the facts related to his juvenile adjudication, we request the Court enter a protective order preventing the filing of any documents which reference the underlying facts of Plaintiff's juvenile adjudication or the adjudication itself. To that end, we also request Defendants' letter motion (ECF No. 88), and our response be struck from the record or be sealed to stop the ability of the public to view it.[1]

**Relevance**

      In order for the facts underlying this incident to be "relevant", they would need to have a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. Rule 401. At issue in the present case is the objective reasonableness of the Defendants' response to Plaintiff's speech. *See Cuff*

---

[1] Defendants' letter motion contains Plaintiff's full name, facts related to his juvenile adjudication, and the fact he has a juvenile adjudication.

*v. Valley Cent. Sch. Dist.*, 677 F.3d 109, 112-113 (2d Cir. 2012) (setting forth the legal standard applicable to school speech cases).

The incident that Defendants' counsel seeks to engage Plaintiff on occurred in April of 2018. The District "interpreted his social media postings" in December of 2016 and that's when they made the decision to suspend him. Behavior that allegedly occurred after December of 2016, no less behavior that occurred almost two years later, cannot possibly prove the District's decision was more or less reasonable and is therefore not relevant to any of the claims at issue in this lawsuit.

**Character Evidence**

The second portion of Defendants' argument makes clear that the purpose of seeking this information is to show Plaintiff engaged in behavior that is consistent with his alleged character for engaging in "physical and psychologically intimidating behavior." Such evidence is clearly inadmissible under Rule 404 of the Federal Rules of Evidence, which prohibits "evidence of a crime, wrong, or other act . . . in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Thus, if it is in fact the case that Plaintiff engaged in a particular type of behavior in April of 2018, that is not admissible to prove that he acted in conformity therewith that same behavior in December 2016.

**Impeachment of Credibility**

Finally, Defendants' argue that further deposition testimony is needed because it may lead to testimony they could be used to impeach Plaintiff's credibility. Defendants seek to impeach the Plaintiff's general statements that he would "not hurt a soul" and "loved everyone," and his affirmation of those statements. It is not in dispute that it is impermissible for Defendants to impeach Plaintiff based off his previous juvenile adjudication. Fed. R. Evid. 609(b). At issue, is whether they can use the underlying facts of the adjudication for purposes of impeachment in a civil case.[2] The Court should deny the request because it undermines the purpose of sealing a juvenile adjudication.

Policies underlying state evidentiary privileges must still be given serious consideration, even if they are not determinative. *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 127 (N.D.N.Y. 1984); *Burka v. N.Y.C. Transit Auth.*, 110 F.R.D. 660, 663 (S.D.N.Y. 1986). In order to evaluate the evidentiary privilege claimed, the courts engage in a balancing test of factors. These factors include the nature of the privacy interest claimed, the reasonableness of the expectation of privacy, the interests served in allowing the disclosure, and whether limitations can be placed

---

[2] In State Court Criminal proceedings facts underlying a juvenile adjudication are admissible as long as the prosecutor does not elicit the adjudication itself. *See People v. Duffy*, 36 N.Y.2d 258, (1975). However, Courts in the Second Circuit have not adopted this approach. *United States v. Canniff,* 521 F.2d 565, 570 n. 4 (2d Cir. 1975) It is worth noting, that even if the facts relating to Plaintiffs' alleged prior bad act were admissible, they would only be admissible on cross-examination at trial if they are probative of the untruthfulness of the witness. *See* Fed. R. Evid. 608(b).

upon the extent of the disclosure. *See Burka v. New York City Transit Auth.*, 110 F.R.D. 660, 664-68 (N.Y. 1986).

*Nature of Privacy Interest and Reasonableness of Expectation of Privacy*

Here, the nature of the privacy interest claimed is the circumstances surrounding a juvenile adjudication. This is a serious privacy interest that the legislature has carved out to protect the privacy of juveniles from the use of these adjudications against them. *People v. Rudolph*, 21 N.Y.3d 497, 501 (N.Y. 2013) (youthful offender treatment provides the opportunity for a fresh start, without a criminal record and the "valuable" opportunity to turn the offender into a law-abiding, productive member of society).

It is entirely reasonable for Plaintiff to expect that he would not have to disclose what happened in this instance given that these adjudications are confidential and all the records underlying it are as well. N.Y. Crim. Proc. Law § 720.35(setting forth the very limited circumstances where a juvenile adjudication may be disclosed). His decision as to how to proceed was influenced by the promise to him that these matters would remain confidential. The purpose of a juvenile adjudication is not simply to avoid public stigma, but also to prevent its adverse effect on the accused, which affords protection in pursuit of employment, education, professional licensing and insurance opportunities, among other things. To force Plaintiff to disclose this alleged incident when it cannot possibly have any bearing on the case before this Court would be extremely prejudicial and unfair and would destroy his right to confidentiality of these records.

*Interest Served in Allowing Disclosure and Limitations on Disclosure*

As set forth in detail above, the underlying facts of Plaintiff's juvenile adjudication cannot help the trier of fact determine whether Plaintiff's claim that his rights were violated is valid. They are in no way relevant to any claim or defense in this action and cannot be used as character evidence. Therefore, there is no interest served in disclosing the facts of Plaintiffs juvenile adjudication.

The privacy of Plaintiff may be protected by the entry of a protective order barring Defendants from filing publicly any documents referencing the sought after facts. However, use of the facts would likely be limited to impeachment on cross-examination only if Plaintiff opens to door on his direct examination. That limited use should not be sufficient to warrant breaching Plaintiff's expectation the underlying facts of his juvenile adjudication would not be available to the public.

*Conclusion*

We ask the court to deny Defendants' request to further depose Plaintiff on this issue and to strike or seal Defendants' letter motion which references the juvenile adjudication along with our response. In the alternative, as we requested above, we would respectfully request that the Court enter a protective order

February 4, 2019

preventing the filing of any documents which reference the underlying facts of Plaintiff's juvenile adjudication and the fact of the juvenile adjudication.

Thank you kindly for your attention to this matter.

Sincerely,

_____S/Willa S. Payne_____
Legal Services of Central New York, Inc.
By: Willa S. Payne, Esq.