# THE LAW FIRM OF FRANK W. MILLER
*Attorneys and Counselors at Law*
6575 Kirkville Road
East Syracuse, New York 13057
Telephone:  (315) 234-9900
Fax:  (315) 234-9908
cspagnoli@fwmillerlawfirm.com

Frank W. Miller
_____

Charles C. Spagnoli
John Patrick Powers
Ronnie White
Frederick R. Westphal

February 28, 2019

*Via electronic filing*

Hon. David E. Peebles
United States District Court
Northern District of New York
100 South Clinton Street
Syracuse, New York 13261

> Re:   Spero v. Vestal Central School District et al.
>       Civil Action No.:  3:17-cv-00007

Dear Judge Peebles:

    As you know, we are counsel for the Defendants in the referenced matter.  This letter is to request a court conference in anticipation of Defendants filing a motion to quash a subpoena and to strike a notice of deposition issued by Plaintiffs.

    The subpoena seeks a deposition of the Defendant School District's regular counsel, Wendy DeWind, Esq., whose testimony generally would be precluded by attorney-client privilege and the protection afforded work product.  The notice of deposition is directed to Lorraine Paushter, who is an interim administrator who is expected to cease employment with the School District this week, and Plaintiffs' correspondence with the notice indicates the intent is to question her regarding attorney-client privileged communications with Ms. DeWind.  Both the subpoena and the notice are thus improper; further, the late designation of these deponents threatens to upend the previously agreed-upon schedule to complete the necessary depositions before the discovery deadline.

**Deposition Scheduling Up to February 21, 2019**

    During the last court conference on February 6, the parties advised Your Honor that depositions were scheduled for February 8, 11, 12, and 13.  In fact, Plaintiffs took the depositions of Dr. Albert Penna and Deborah Caddick on February 8 and 11, respectively.  Plaintiffs' counsel Ms. Payne advised that February 12 would not work for the conclusion of Plaintiff Vincent Spero's

deposition because Ms. Payne would not be able to meet with him to prepare for the depositions. (I note that each of the depositions to date has been attended by all three of Plaintiffs' attorneys – Ms. Payne, Mr. Cotter, and Ms. Young – but Ms. Payne refused to have any of them prepare Mr. Spero for deposition because she was the one "designated" to prepare him.) On February 13, I arrived in Binghamton for the deposition of Jeff Ahearn, the School District's Superintendent, only to learn about three minutes before parking my car that the court reporter was not going to make it for the day.

I therefore sat with Ms. Payne, Mr. Cotter, and Ms. Young on February 13 for extensive discussions about scheduling the remaining depositions before the March 31 discovery deadline. The remaining deponents were identified as Clifford Kasson, Jeff Ahearn, Vincent Spero (conclusion), Debra Spero, Brittany Spero, Judy Vieux, Aja Holloway, and a non-party (former student) I had yet to select from several options. These discussions were greatly complicated by (1) Ms. Payne's unavailability from approximately February 20 through 26 due to vacation, (2) my own unavailability from March 7 through 17 due to vacation, and (3) the fact that I was already committed to certain dates in another matter before the Court which has a discovery deadline of March 29. However, between the February 13 discussions and some follow-up by e-mail, the following schedule was proposed:

| | | |
|---|---|---|
| 3/5 | Mrs. Spero and possibly Brittany Spero |
| 3/6 | Possibly Brittany Spero |
| 3/21 | Vincent Spero conclusion and Clifford Kasson |
| 3/22 | Defendants' additional depositions |
| 3/26 | Jeff Ahearn or Aja Holloway |
| 3/27 | Aja Holloway if she was not deposed on March 26 |
| 3/29 | Possibly Jeff Ahearn |

This rough schedule, which was summarized in a February 13 letter to Plaintiffs' counsel (see Exhibit A), used virtually every date that was mutually available between February 13, 2019 and March 31, 2019, and already put a strain on the undersigned ability to handle other matters such as the litigation before the Court referenced above.

**Plaintiffs' February 21, 2019 Actions**

On February 21, 2019, Ms. Young e-mailed me a letter signed by Ms. Payne. The letter addressed some minor scheduling issues respecting depositions that had been discussed. However, it purported to add "at least one if not two more short depositions," specifying only that "[b]ased off the testimony of Ms. Caddick we also plan to depose Assistant Superintendent Lorraine Posture [sic; should be 'Paushter']." She further listed various dates in March as possibilities. The letter was accompanied by a Notice of Deposition for Ms. Paushter. A copy of the February 21 letter is attached as Exhibit B.

The transcript of Ms. Caddick's deposition from February 11 is not yet available. As such, I did not realize what Ms. Payne was referring to when she said the deposition of Ms. Paushter

Hon. David E. Peebles
February 28, 2019
Page 3

was sought "[b]ased off the testimony of Ms. Caddick." Therefore, I responded the same day by e-mail to summarize the slightly-modified deposition schedule, explain again that I was not available for the dates during my vacation and the dates on which I had depositions scheduled in other matters, point out that we had a deposition in this case already scheduled for one of the suggested dates, and inform Ms. Payne that the only potentially viable date for Ms. Paushter to be deposed was the last day of the discovery period, March 29. I further noted that I had to inquire regarding Ms. Paushter's availability and whether she was even still employed by the School District. A copy of the February 21 e-mail is attached as Exhibit C.

The schedule at that point was:

> 3/6   Debra Spero and Brittany Spero
> 3/21  Vincent Spero (conclusion) and Clifford Kasson
> 3/22  Judy Vieux and another deponent TBD
> 3/26  Jeff Ahearn
> 3/27  Aja Holloway

Ms. Payne's February 21 letter had not mentioned Ms. DeWind. However, on February 25, I received a call from Ms. DeWind, who explained she had received a subpoena dated February 21 – the same day as the letter. The subpoena, signed by Ms. Young, purported to schedule Ms. DeWind's deposition for March 18, one of the dates I had specifically listed in my e-mail as occupied by depositions in another matter. A copy of the subpoena received by Ms. DeWind is attached as Exhibit D.

**The Impropriety of the Subpoena and Notice of Deposition**

A letter accompanying the subpoena to Ms. DeWind stated that "[t]he scope of the deposition will include, but not be limited to, your involvement in the Superintendent's Hearing process, as outlined in your declaration filed by the defendants in this action." A copy of the February 21 letter to Ms. DeWind is attached as Exhibit E. A copy of Ms. DeWind's affirmation previously filed in this action, sans exhibits, is attached as Exhibit F.

We respectfully submit that there is no adequate jusitification for the unusual step of deposing a party's attorney in this case. The Superintendent's Hearing referred to was conducted on the record, with a transcript taken of all proceedings. There is thus no need for Plaintiffs to question Ms. DeWind regarding the on-the-record proceedings; the only thing she could add to what is reflected in the official transcript is her internal opinions, which are protected work product. FRCP 26(b)(3); *Upjohn Co. v. United States,* 449 U.S. 383, 400-401, 101 S.Ct. 677 (1981). To the extent Plaintiffs wish to question Ms. DeWind regarding off-the-record conferences or communications with Defendants in preparation for the hearing, all such discussions would be attorney-client privileged. *See, e.g., U.S. v. Ozsusamlar,* 2007 U.S. Dist. LEXIS 55652 at *35 (S.D.N.Y. 2007) (rejecting request to call opposing party's attorney at hearing to testify as to trial preparation and related conversations, as all such testimony would fall within attorney-client privilege). To the extent Plaintiffs wish to question Ms. DeWind regarding work she did in

preparation for the hearing without the presence or participation of Defendants, it would be classic protected opinion work product. *Hickman v. Taylor,* 329 U.S. 495, 510-511, 67 S.Ct. 385 (1947).

The remaining topics addressed in Ms. DeWind's declaration are easily observed to be inappropriate for a deposition. They are matters that are not in dispute and readily covered with the other witnesses being deposed, such that it should not be necessary to depose the School District's attorney, or they are matters utterly irrelevant to the litigation in its present posture.

During a telephone conference on February 26, Plaintiffs' counsel Ms. Young stated that the subpoena to Ms. DeWind was intended to seek the original source of the recommendation that Mr. Spero be suspended for eighteen months. She argued that issue went to whether Mr. Spero had a "full and fair opportunity" in the Superintendent's Hearing that led to his long-term suspension. However, that question is not relevant to either Plaintiffs' First Amendment retaliation claim nor their substantive due process claim. Plaintiffs cannot use this action simply to challenge the "fairness" of the Superintendent's Hearing; that issue is exclusively reserved to the Board of Education and the Commissioner of Education. *See* New York Education Law §§ 3214(c) and 310. Furthermore, again, to the extent Ms. DeWind made a recommendation to the hearing officer regarding the length of suspension, it is part of the transcripted record of the hearing. To the extent Plaintiffs wish to explore off-the-record discussions between Ms. DeWind and the Defendants regarding that question, it would intrude on the attorney-client privilege and the doctrine of attorney work product.

The subpoena to Ms. DeWind therefore should be quashed pursuant to Rules 45(d)(3)(A)(iii) and 26(b)(2)(C)(i), (ii), and (iii) of the Federal Rules of Civil Procedure.[1]

I turn now to the question of the Notice of Deposition regarding Lorraine Paushter. Upon learning of the subpoena to Ms. DeWind, the undersigned reviewed notes from the deposition of Ms. Caddick. The only reference found to Ms. Paushter was in testimony by Ms. Caddick that Ms. Paushter had attended the meeting with Ms. DeWind to prepare for the Superintendent's Hearing. Thus, Ms. Payne's comment that "[b]ased off the testimony of Ms. Caddick" it was

---

[1] In anticipation of an argument Plaintiffs' counsel may offer to justify the subpoena, we note that during Ms. Caddick's deposition she testified Defendants had met with Ms. DeWind regarding preparation for the Superintendent's Hearing. When Defendants asserted attorney-client privilege to prevent Plaintiffs' counsel from inquiring into what was discussed in those meetings, Plaintiffs' counsel argued that since the School District had relied on Ms. DeWind's legal advice, *it waived any attorney-client privilege.* To be clear, Plaintiffs' counsel were not arguing, and could not have argued, that Defendants had asserted reliance on legal advice as an affirmative defense; they specifically did not. Nor had Ms. Caddick testified that any decision she testified about had been justified by legal advice Defendants received. Her testimony had only been that Defendants met with Ms. DeWind to prepare for the Superintendent's Hearing. Plaintiffs' counsel's theory, apparently, was that when a represented party acts in reliance on advice from its attorney, the attorney-client privilege is immediately waived.

There is no basis in the law or purpose of the attorney-client privilege to justify this contention. In fact, to say this would be a revolutionary development in the law of attorney-client privilege would be an understatement. It would perhaps be more accurate to state that the argument would effectively eliminate the privilege. Thus, under Plaintiffs' counsel's theory, the only time a party could assert attorney-client privilege would be if it had *ignored its attorney's advice* – which runs directly counter to the principles animating the attorney-client privilege.

necessary to depose Ms. Paushter appears to indicate that, again, the deposition of Ms. Paushter is sought as to the hearing preparation meeting. Again, that meeting would be protected by attorney-client privilege, and thus the Notice of Deposition for Ms. Paushter should be struck and/or a protective order should issue barring the deposition pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure.

In any event, Ms. Paushter has been serving as the Interim Assistant Superintendent for the District. It is our understanding that a permanent Assistant Superintendent has been named and will take the position effective Monday. Ms. Paushter will be assisting with the transition, but I am advised she is retiring and will be out of state on March 29, which was the only available date for her deposition.

**Good-Faith Efforts to Resolve the Issues**

The undersigned sent an e-mail to Plaintiffs' counsel on February 25, 2019, immediately upon receiving word of the subpoena to Ms. DeWind. A copy of the February 25 e-mail is attached as Exhibit G. On February 26, 2019, I conducted a telephone conference with Plaintiffs' counsel Ms. Young, in which I requested withdrawal of the DeWind subpoena and the Paushter notice of deposition, and set forth Defendants' reasoning in support of their claim that the subpoena and notice were improper. I further noted that due to the imminence of my vacation and the need to have the matter resolved before I left, I needed to know the subpoena would be withdrawn quickly, or else I would have to obtain the Court's assistance. Ms. Young stated she would confer with her co-counsel the next day (February 27) and call me. However, I received no further call. An attempt to reach Ms. Payne this morning by telephone was unsuccessful.

**Scheduling Information for Conference**

To assist the Court in regard to scheduling a telephonic conference if the Court deems it appropriate, I offer the following with respect to my present schedule through March 7. I am available March 1; March 4 after approximately 2 p.m.; March 5 at 9 a.m.; and March 6 at 9 a.m.

Thank you very much for your attention to this matter.

Respectfully submitted,

**THE LAW FIRM OF FRANK W. MILLER**

s/Charles C. Spagnoli
Bar Roll No. 507694

Cc: Willa Payne, Esq. (via electronic filing)
Jeffrey Ahearn, Superintendent of Schools