**THE LAW FIRM OF FRANK W. MILLER**
*Attorneys and Counselors at Law*
6575 Kirkville Road
East Syracuse, New York 13057
Telephone:  (315) 234-9900
Fax:  (315) 234-9908
cspagnoli@fwmillerlawfirm.com

Frank W. Miller
_____

Charles C. Spagnoli
John Patrick Powers
Ronnie White
Frederick R. Westphal

February 13, 2019

Willa Payne, Esq.
The Advocacy Group
Legal Services of Central New York, Inc.
189 Main Street, Suite 301
Oneonta, New York  13820

Re:   **Spero v. Vestal Central School District et al.**
       **Civil Action No.:  3:17-cv-00007**

Dear Willa:

Pursuant to our conversation this morning, I understand we are discussing the following schedule for the remaining depositions in this matter:

> 3/5   Mrs. Spero and possibly Brittany Spero (Syracuse)
> 3/6   Possibly Brittany Spero (Syracuse)[1]
> 3/21  Vincent Spero conclusion and Clifford Kasson (Binghamton)
> 3/22  Defendants' additional depositions (Binghamton)
> 3/26  Possibly Jeff Ahearn (Binghamton) or Aja Holloway (Rochester area)
> 3/27  Aja Holloway (Rochester area) if she is not deposed on March 26
> 3/29  Possibly Jeff Ahearn (Binghamton)

I look forward to hearing whether Brittany Spero is available to attend on March 5 or 6, and whether we can schedule Mr. Ahearn for March 26 or 29.

I wish to further address an incident this morning.  After we learned your court reporter was not going to appear for the deposition and that no other court reporter could be arranged, I offered as a courtesy to agree to adjourn Mr. Ahearn's deposition to a mutually available date.

---

[1] I understand you have to attend a board meeting in Oneonta at 6:00 p.m. on March 6.  Should we schedule Brittany Spero for deposition in Syracuse starting at 10 a.m. that day, I am willing to commit as a courtesy that we will conclude in ample time for you to make your meeting.  If Brittany Spero cannot be scheduled for either March 5 or 6, it is agreed you will produce her in Syracuse on another of the available dates we have discussed in March.

Willa Payne, Esq.
February 13, 2019
Page 2

      You then began to argue with me that the depositions of Mrs. Spero and Brittany Spero should be held in Binghamton, not Syracuse. After you had laid out your reasoning, I attempted to state my position in response, at which point you interrupted me and rather loudly attacked me for not agreeing to hold the depositions in Binghamton. I asked you to allow me to finish and you actually said no, continuing to talk over me. At that point I stated that if you were not going to grant me the simple courtesy of being allowed to state my position without interruption, I would not afford the courtesy of agreeing to adjourn Mr. Ahearn's deposition. Only then did you allow me to speak and we worked out the rough schedule listed above.

      While I certainly have often had attorneys interrupt me in the past, I do not recall any attorney ever expressly refusing to allow me to complete my sentences. I trust we can avoid this sort of exchange in the future.

      Scheduling depositions under tight deadlines is often a difficult process requiring both sides to cooperate. I would only ask you keep in mind that sometimes cooperating involves taking into account the interests of the person on the other side of the table, even though those interests are not consonant with your own.

                      Very truly yours,

                **THE LAW FIRM OF FRANK W. MILLER**

                      Charles C. Spagnoli

Cc:    Jeffrey Ahearn, Superintendent of Schools