

March 4, 2019

<u>VIA CM/ECF</u>
Honorable David E. Peebles
U.S. Magistrate Judge
James M. Hanley Federal Building
P.O. Box 7345
Syracuse, NY 13261

      Re: Spero v. VSCD, et. al.
      Civil Action No: 3:17-CV-007 GTS/DEP

Dear Judge Peebles:

    Please accept this letter as our response to counsel for Defendants' correspondence dated February 28, 2019, requesting an Order to quash the subpoena for Wendy Dewind, Esq. and strike the notice of deposition for Lorraine Paushter. Despite having the burden to establish that the privilege applies, Mr. Spagnoli offers nothing more than irrelevant information and conclusory assertions of attorney-client privilege in support of his request. Defendants' request should be denied because the information sought is both relevant and not protected by attorney-client privilege.

**Wendy Dewind is a Fact Witness and Defendants have Waived Attorney-Client Privilege**

    When a party files a declaration with the Court advancing facts in support of a claim or defense, they cannot then hide behind attorney-client privilege to shield themselves from discovery of the underlying basis for those factual assertions. *See Taylor v. Curry*, 708 F.2d 886, 891 (2d Cir. 1983); *Saint Annes Dev. Co., LLC v. Trabich*, 2009 U.S. Dist. LEXIS 10257, at *16 (D. Md. 2009)("As a general principle, [a party] cannot make assertions of fact in court documents while also claiming attorney-client privilege to shield the basis of [their] assertions"); *Comput. Network Corp. v. Spohler*, 95 F.R.D. 500, 502 (D.D.C. 1982)("A party cannot voluntarily disclose facts in his favor before a judicial tribunal, when they are helpful to his cause, and then invoke attorney-client privilege as a shield to prevent a searching inquiry . . . [into] the facts initially presented.") *accord Schmidt v. Rodriguez (In re Rodriguez),* 2013 Bankr. LEXIS 5048, at *13 (Bankr. S.D. Tex. 2013). When the declaration submitted is from a party's

attorney the usual rationales against deposing an opposing counsel do not apply. *See Nakash v. United States Dep't of Justice*, 128 F.R.D. 32, 35 (S.D.N.Y. 1989)[1].

Here, Defendants submitted a fact declaration from Wendy Dewind to the Court in opposition to Plaintiffs' motion for a preliminary injunction, listed her on their witness list for the preliminary injunction hearings, and again submitted her declaration in support of their motion for summary judgment. (*See* Exhibits 1, 2 and Docket #58 ). Defendants cannot now hide behind attorney-client privilege as to the facts submitted to this Court based on Ms. Dewind's purported personal knowledge. For example, Ms. Dewind submits testimony on the alleged damage to Ms. Dyer's "good name", Affirmation of Wendy Dewind ("Dewind Aff") 13, that the allegations in V.S.'s social media posts were disproved, *Id.*, that the District's "good reputation" was ruined, *Id* ¶14, that the high school remained in turmoil for the duration of the hearing, *Id.*, that the Vestal Police Department were concerned about V.S., *Id*. ¶ 25, that the only way V.S. could be returned to school was if Ms. Dyer was moved to a different building, *Id*. ¶ 27, that the family was not denied "any due process right", Id ¶ 30., and that V.S. was given a fair hearing, *Id* ¶ 33.

Plaintiffs are entitled to examine Ms. Dewind on the facts set forth in her declaration and discover the factual bases for the facts asserted, including any of Ms. Dewind's off-the-record conversations or conferences with Defendants. The evidence sought from Ms. Dewind is relevant to Plaintiffs' First Amendment and Substantive Due Process claims, including but not limited to the rationale for suspending Plaintiff for 18 months, the alleged disruption Plaintiff's social media posts caused and whether the decision to suspend V.S. was arbitrary or motivated by bad faith. *See* Doninger v. Niehoff, 642 F.3d 334, 350 (2d Cir. 2011) (finding the punishment relevant to a student's First Amendment claim); *DeFabio v. E. Hampton Union Free Sch. Dist.*, 658 F. Supp. 2d 461, 486 (E.D.N.Y. 2009) (indicating that whether a suspension decision was motivated by bad faith or was arbitrary is relevant to a Substantive Due Process claim.) The cases cited by Defendants are inapposite as none involve an attorney who submitted testimony to the Court based on their personal knowledge.

In the depositions conducted thus far Mr. Spagnoli has asserted privilege whenever Plaintiffs' counsel asked questions about the reasoning behind seeking a suspension greater than 5 days, who asked Ms. Dewind to make the recommendation that V.S. serve an 18 month suspension,[2] and why that recommendation was made. *See also* Spagnoli Letter at 4. The mere

---

[1] The fact that a proposed deponent is an attorney does not insulate them from sitting for a deposition. *Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del., Inc. v. Friedman (In re Subpoena Issued to Dennis Friedman)*, 350 F.3d 65, 72 (2d Cir. 2003). The Second Circuit has adopted a flexible approach to opposing counsel depositions. *Id.* As Ms. Dewind is not opposing counsel in this matter, and is a fact witness we do not address the factors set forth in *In Re. Friedman* in this letter. Even if those factors are taken into account, the deposition of Ms. Dewind should still be allowed. We will brief them if the Court requests.

[2] During the Superintendent's hearing Ms. Dewind stated that she was recommending an 18 month suspension. (*See* Ex. 3 Hearing Transcript of Wendy Dewind)("**I** do have a recommendation . . . **I** have a significant recommendation . . . **my** recommendation . . .")

presence or participation of Ms. Dewind in meetings discussing the suspension of the Plaintiff does not render all communications during those meetings privileged. *Winchester Capital Mgt. v. Manufacturers Hanover Trust Co.*, 144 F.R.D. 170, 175-76 (D. MA 1992) (mere showing that communications were from client to attorney does not suffice to establish that the communications are protected by privilege; circumstances indicating the intention of secrecy must be shown). Defendants cannot shield Plaintiff from discovering critical facts to support their claims and facts necessary to rebut the defenses Defendants' assert in this action. *See Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney"; "protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing." (internal quotation and citation omitted)).

Finally, even if the Court finds Ms. Dewind is not a fact witness and attorney-client privilege may apply, it should hold the privilege has been waived by the insertion of the Dewind declaration. "[W]hen a party uses an assertion of fact to influence the decision maker while denying its adversary access to privileged material potentially capable of rebutting the assertion," the privilege should be forfeited to avoid unfairness. *In re County of Erie*, 546 F.3d 222 (2d Cir. 2008). Throughout this case Defendants' submitted several fact declarations to support their argument that the decision to suspend V.S. was objectively reasonable. *See Cuff v. Valley Cent. Sch. Dist.*, 677 F.3d 109, 113 (2d Cir. 2012) (holding the substantial disruption test "focus[es] on the reasonableness of the school administration's response…" to the student's speech). It is against fundamental fairness to not let Plaintiffs discover facts directly related to the reasonableness of Defendants' actions.

**Deposition of Lorraine Paushter**

The party seeking to bar a deposition bears the burden of showing that there is "good cause" for the order to issue. *Cooper v. Welch Foods, Inc.* 105 F.R.D. 4, 6 (W.D.N.Y. 1984) "The showing must involve 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* Defendants have not met their burden.

Defendants do not allege that the deposition of Ms. Paushter would embarrass or oppress them or constitute an undue burden. *See* Fed. R. Civ. P. Rule 26 (c). Rather, they argue the notice of deposition should be stricken because they conclude that Plaintiffs' sole reason for noticing the deposition is to probe into conversations district staff had with Ms. Dewind. Mr. Spagnoli also seemingly argues we cannot depose Ms. Paushter because he has no dates available in his schedule. Neither of these arguments constitute "good cause" to strike Ms. Paushter's notice of deposition.

---

(emphasis added). Plaintiff believes she made the recommendation at the direction of the school administration and seek the facts related to why an 18 month punishment was sought. However, if she made the decision on her own volition it further supports Plaintiff's contention she is a fact witness in this case.

First, Plaintiffs seek to depose Ms. Paushter because, in her role as Interim Assistant Superintendent, she was present during discussions with Assistant Principal Caddick and Superintendent Ahearn concerning whether a suspension of longer than five days was warranted. (*See* Ex. 4 Excerpt of Sup't Hearing Testimony of Deborah Caddick). These conversations, and Ms. Paushter's involvement with Plaintiff's suspension are undoubtedly relevant to Plaintiffs' claims.

Second, Defendants' argument that there is only one date in March that is still available for depositions is not accurate. There are dates already scheduled for depositions where the depositions will be relatively brief, and Ms. Paushter deposition will likewise be brief. Further, Mr. Spagnoli is not a solo practitioner and to our knowledge he has not discussed whether any of his co-workers are available to defend the few remaining depositions.

**Other Issues Raised in Mr. Spagnoli's Letter**

Mr. Spagnoli in his letter and accompanying exhibits mischaracterizes our office's interactions with him and raises multiple other issues that are irrelevant to his requests to this Court. As they are irrelevant we will not waste the Court's time in addressing Mr. Spagnoli's mischaracterizations, beyond stating that we dispute them.

Thank you for your consideration in these matters.

Sincerely,


_s/Willa S. Payne_____

LSCNY, Inc.
Bar Id: 517751

cc: Charles Spagnoli, Esq. (Via ECM/ECF)