UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**DEBRA SPERO**, as Natural Mother of
V.S., an infant,

                Plaintiffs,

v.

**VESTAL CENTRAL SCHOOL DISTRICT
BOARD OF EDUCATION, VESTAL CENTRAL
SCHOOL DISTRICT, JEFFREY AHEARN,**
Superintendent of Schools, **ALBERT A. PENNA,**
Interim Principal of Vestal High School,
**DEBORAH CADDICK** and **CLIFFORD KASSON,**
in their Individual and Official Capacities,

                Defendants,

---

**AFFIDAVIT OF JEFFREY AHEARN**

Civil Action No.: 3:17-cv-00007
(GTS/DEP)

---

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF BROOME    )

    JEFFREY AHEARN, being duly sworn, deposes and says:

    1.    I am the superintendent of schools for Defendant Vestal Central School District (hereinafter "District") and am individually named as a defendant in this litigation. I make this affidavit of my own personal knowledge and am fully competent to testify as to all matters herein.

    2.    The District is a central school district organized and existing under the laws of the State of New York, located in Broome County, New York.

    3.    Defendant Vestal Central School District Board of Education (hereinafter "Board") is a board of education for a central school district organized and existing under the laws of the State of New York.

1

4. The Vestal Central School District has a high school attended by students in the District from ninth through twelfth grades. Its average enrollment across all four grades as of the 2016-2017 school year was approximately 1100 students.

5. As superintendent of schools, I am the sole District employee with power to continue a disciplinary out-of-school suspension of a student beyond an initial five-day suspension. To do so, pursuant to New York Education Law § 3214 I must convene a hearing (hereinafter referred to as a "superintendent's hearing") presided over by myself or by a hearing officer appointed to do so. At the hearing, the student and his family are afforded full hearing rights, including the opportunities to present argument, witnesses, and evidence; to cross-examine the District's witnesses; to be represented by counsel of their choice; and, to be provided with the record of the proceedings, including the transcript of the hearing itself. It is the practice of the District and mine to appoint a hearing officer to preside over a superintendent's hearing, after which the hearing officer submits a recommendation as to whether the student is guilty of the misconduct charged, and, if so, as to what disciplinary penalty is appropriate. Upon receipt of the recommendation of the hearing officer, I conduct my own independent review of the full record and evidence admitted at the hearing, and determine whether to accept or modify the hearing officer's recommendations as to guilt and penalty.

6. At the time of the events at issue in this matter, Plaintiff Vincent Spero's attendance was poor, as evidenced by the District's attendance records for Plaintiff. True and correct copies of Plaintiff's attendance records are presented herewith as Motion Exhibit 18.

7. I made the decision to hold a superintendent's hearing with respect to Plaintiff in December, 2016 and January, 2017.

8.  My decision to hold a superintendent's hearing with respect to Plaintiff in December, 2016 and January, 2017, was based solely on the disruption created by Plaintiff's gun video and Snapchat story in the context of his expressions of anger at the District and its administrators in his "tweets" on Twitter.

_____
Jeffrey Ahearn

Sworn to before me this 29th
day of May, 2019.

_____
Notary public

Stacy J. Wickham
Notary Public, State of NY
01WI6109564
Residing in Tioga County
My Commission Expires May 10, 2020

3