L

STATE OF NEW YORK : COUNTY OF BROOME

In the Matter of

███████████

A student of the Vestal Central School District

RECOMMENDATION OF THE HEARING OFFICER

Appearances:

Robert & Debra Spero

███████████

Parents of student ███████

Hogan, Sarzynski, Lynch, DeWind & Gregory, LLP
PO Box 660
Binghamton, NY 13902-0660
Attorneys for Vestal Central School District
Wendy K. DeWind, Esq. of Counsel

  The fact-finding hearings in this student disciplinary case were held on December 20, 2016, January 25, 2017, January 30, 2017, and January 31, 2017. At the conclusion of the evidence presented by the parties I found as a matter of fact and law that the School District met its burden of proof of establishing by substantial and competent evidence that student ███████ was insubordinate, disorderly, and engaged in conduct which endangered the safety, morals, health, and welfare of others.

  Specifically, I found that on December 2, 2016 ███████ was involved in an incident in math class. At the time ████ was instructed not to discuss the incident. Several students came to speak with administrators regarding the incident because ████ shared with those students that he was being suspended for "no reason" and "it was unfair". On December 8, 2016, ████ posted a number of posts on social media which were retaliatory in nature against the teacher and the administration. ████ posts included:

1

VS001207

- o  a video of a girl in a bedroom loading and unloading a gun on his snapchat story
- o  on Twitter, he tweeted/retweeted "@WBNG12NEWS to be acknowledged because I have no say. Vestal High School is corrupt and unfair to its colored students. And we need help."
- o  on Twitter,he tweeted/retweeted "@WBNG12NEWS then she reported me after a day for feeling threatened by me after I attempted to report her, and I was told I wasn't going"
- o  on Twitter, he tweeted/retweeted "WBNG12NEWS suspended from school for calling my teacher a racist after being separted with 4 other students because of our color"
- o  on Twitter, he tweeted/retweeted "End racism within our schools, how are you supposed to teach the young minds while your is stuck in such an evil way #vestalhighschool"
- o  on Twitter, he tweeted/retweeted "How can you allow racism to brew within your staff and discipline the one trying to shine attention to the racism going on #truth will prevail"
- o  on Twitter, he tweeted/retweeted "I love being discriminated and prejudiced in the Vestal High School system. Crazy how racism will never fade away, we are stuck"
- o  on Twitter, he tweeted/retweeted "Me trying to spread awareness to the racism I had to face is nothing wrong. I would never hurt a soul, I just wanted to help. I love everyone.
- o  on Twitter, he tweeted/retweeted "We are all equal, because of the pigmentation of my skin means I'm a danger to the school? You are racist, face it you are a horrible being"
- o  on Twitter, he tweeted/retweeted "Deformation of character is a crime, because of my skin color you are gonna say I'm going to kill people that's outrageous, you are a racist"

I further found at the hearing that as a result ███████ social media activities, the District was contacted by a New York State Police captain with concerns about safety of District Students. I also determined that the School Resource Officer and the High School Administration received concerns from parents and students about the safety of students at Vestal High School as a result of███████ social media posts. I furthermore conclude that███████ social media activities and the fear these posts created in the student body resulted in a State required emergency response lockdown drill scheduled for December 9, 2016 be cancelled.

I further found that███████ conduct on December 2 and December 8, 2016 violated the following provisions of the Vestal Central School District Code of Conduct: (B) Engaging in conduct that is insubordinate, specifically –(1) failing to comply with the directions of a school administrator or otherwise demonstrating disrespect, (C) Engaging in conduct that is disruptive, specifically - (1) failing to comply with the directions of a school administrator or otherwise demonstrating disrespect, (D) Engaging in conduct that is violent, specifically – threatening to use a

2

VS001208

From:SHERWOOD                    7543186                02/03/2017 14:23 #301 P.005/007

weapon, (E) Engaging in conduct that endangers the education, safety, morals and health of others –

specifically - (3) engaging in defamation, (5) engaging in harassment, (6) engaging in intimidation,

and (20) engaging in a willful act which disrupts the normal operation of the school community.

To reiterate my findings made on the record on January 31, 2017, I credit the sworn

testimony of Katherine Dyer found on pages 69 and 70 of the transcript of the December 20, 2016

hearing that she did not make a comment involving the use of the word "nigger". I find that there is

no credible evidence that she in fact used the "n word" at any time.

I give no weight to the testimony of student ▮▮▮▮▮▮ regarding Ms. Dyer's use of the

word "nigger". The school attendance document introduced into evidence as Exhibit 10 shows that

Ms. ▮▮▮▮ was not in attendance in Ms. Dyer's class on November 22, 2016-the date the utterance

was purportedly made. Moreover, Ms. ▮▮▮▮ own testimony indicates she was listening to music

at the time and was at some distance from Ms. Dyer. Accordingly, I find Ms. ▮▮▮▮assertion that

Ms. Dyer used the word "nigger" not credible.

Having made these findings, the remaining question for consideration is the appropriate

disciplinary penalty to recommend to the Superintendent of Schools for his consideration.

▮▮▮▮▮▮▮▮ is a 17 year old senior student at Vestal High School whose date of birth is

July 8, 1999. It is significant to note that since ▮▮▮▮ no longer of compulsory school attendance

age, the School District does not have a legal obligation to provide him with alternate instruction

during the period of a suspension from school.

School attorney DeWind suggested at the hearing that I consider recommending to the

Superintendent of Schools that ▮▮▮▮ be suspended from instruction for the balance of this 2016-

2017 academic year and for the entire 2017-2018 academic year. The disciplinary penalty

recommended for my consideration is indeed a very substantial one. This is particularly true in

3

VS001209

light of the fact referred to above that the District is not legally required to provide ███ with
alternate instruction during the period of a suspension from school in light of his age.

███ anecdotal disciplinary record was admitted into evidence as exhibit 8. ███
seven page record contains some 23 separate entries. Particularly problematic situations include:
(1) a January 16, 2014 incident of inappropriate behavior involving throwing paper balls at
another student for which a verbal warning was issued, (2) a November 10, 2014 incident of
truancy for which ███ received an inschool suspension, (3) a February 27, 2015 incident
involving leaving class without permission and lying to staff for which ███ received campusing,
(4) an October 13, 2015 incident of inappropriate behavior involving going through another
student's bag in the locker room without permission which incident was documented for the
record, (5) a November 19, 2015 incident of inappropriate behavior involving items missing from
another student's truck which was documented for the record, (6) a January 6, 2016 incident of
texting a threatening message to a student for which ███ received inschool suspension, (7) a
January 22, 2016 incident of inappropriate behavior involving insubordinate actions toward a staff
member for which he received inschool suspension, (8) a November 22, 2016 incident of disrespect
and insubordination involving refusing to put away his cell phone that was playing a video loudly
during group work in Ms. Dyer's class and calling Ms. Dyer a "fucking racist" after being asked to
leave the room which resulted in his being placed on probation for senior activities, and (9) a
December 1, 2016 incident of inappropriate and insubordinate conduct involving saying the home
address of Ms. Dyer as well as her husband's first and middle name in a threatening manner for
which he received a five day out-of-school suspension.

The record reflects that the School District has utilized progressive discipline in dealing
with ███ behavioral problems. I concur with Assistant Principal Caddick's testimony that
███ record establishes that he does not want to follow school rules or accept responsibility for
his actions.

4

VS001210

While ▮▮▮▮▮ anecdotal history leaves much to be desired, I am especially troubled by his actions on December 8, 2016 which triggered this student disciplinary hearing. In retaliation for his being suspended, ▮▮▮▮▮ created threatening social media posts (including the video of his sister unloading a gun) which as Ms. Caddick, Mr. Kasson, and School Resource Officer Talbut testified created substantial fear and disruption amongst students and staff at Vestal High School.

Reviewing all the facts and circumstances in this matter, including ▮▮▮▮▮ lengthy disciplinary history which is characterized by an ongoing pattern of intimidating conduct, combined with his blatantly unacceptable conduct on December 8, 2016, I find that a very substantial disciplinary penalty is appropriate in this case. I accordingly recommend to the Superintendent of Schools that ▮▮▮▮▮ be suspended from instruction for the remainder of the 2016-2017 academic year and for the entire 2017-2018 academic year.

Michael D. Sherwood,
Hearing Officer

Dated: February 3, 2017

5

VS001211