MM

| POLICY | 2014        7310 |
|--------|------------------|
|        | 1 of 34          |
|        | Students         |

**SUBJECT:  CODE OF CONDUCT**

### Code of Conduct
### (Plain Language Summary)

#### Student Dress Code

A student's dress, grooming and appearance, including hair style and color, jewelry, make-up, body art, and nails, shall:

1.  Be safe, appropriate, and not disrupt or interfere with the educational process;
2.  Recognize that extremely brief garments such as tube tops, net tops, halter tops, plunging necklines (front and back), bare midriffs, and see through garments are not appropriate;
3.  Ensure that underwear is completely covered with outer clothing;
4.  Include footwear at all times.  Footwear that is a safety hazard will not be allowed;
5.  Not include the wearing of hats in the classroom or testing sites except for a medical or religious purpose;
6.  Not include items that are vulgar, obscene, libelous or denigrate others on account of race, color, religion, creed, national origin, gender, sexual orientation, weight or disability;
7.  Not promote and/or encourage other illegal or violent activities.

Students who violate the dress code shall be required to change or cover the offending item.  Failure to do so may result in discipline.

#### Prohibited Student Conduct

Students may be subject to disciplinary actions, up to and including suspension from school, when they:

1.  Engage in conduct that is disorderly.  Examples of disorderly conduct can be found in the full version of the Code of Conduct and include engaging in conduct that endangers the safety, morals, health, or welfare of others;
2.  Engage in conduct that is insubordinate.  Examples of insubordinate conduct can be found in the full version of the Code of Conduct and include failure to comply with the directions of a teacher, school administrator, school employee, or other school agent in charge of students;
3.  Engage in conduct that is disruptive.  Examples of disruptive conduct can be found in the full version of the Code of Conduct;
4.  Engage in conduct that is violent.  Examples of violent conduct can be found in the full version of the Code of Conduct and include possession of a weapon;
5.  Engage in conduct that endangers the safety, morals, health, or welfare of others, including bullying, cyberbullying, discrimination, and/or harassment.  Examples of such conduct can be found in the full version of

(Continued)

VS001094

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

the Code of Conduct and include possessing, consuming, selling, distributing or exchanging alcoholic beverages or illegal substances or being under the influence of either;

6.   Engage in misconduct while on the school bus;
7.   Engage in any form of academic misconduct.  Examples of academic misconduct can be found in the full version of the Code of Conduct.

If a student engages in prohibited student conduct which may constitute a crime, the building principal or designee notifies the appropriate local law enforcement agency as soon as practical.

**Penalties**

In assessing disciplinary penalties, school personnel will consider the following:

1.   The student's age;
2.   The nature of the offense and the circumstances which led to the offense;
3.   The student's prior disciplinary record;
4.   The effectiveness of other forms of discipline;
5.   Information from parents, teachers, or others, as appropriate;
6.   Other extenuating circumstances.

As a general rule, discipline will be progressive.  This means that a student's first violation will usually merit a lighter penalty than subsequent violations.  Discipline penalties will be assessed in compliance with IDEA and NYS Law for students with a disability.

Students found to have violated the district's Code of Conduct may be subject to one or more of the following penalties:

1.   Verbal warning
2.   Written warning
3.   Written notification to parents
4.   Detention
5.   Suspension from transportation
6.   Suspension from athletic participation
7.   Suspension from social or extracurricular activities

(Continued)

VS001095

| POLICY | 2014      7310 |
|--------|----------------|
|        | 3 of 34        |
|        | Students       |

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

8.   Suspension of other privileges
9.   Alternate learning area
10.  Removal from classroom
11.  Short term suspension from school
12.  Long term suspension from school
13.  Permanent suspension from school

The amount of due process a student is entitled to receive before a penalty is imposed depends on the penalty being imposed.  In all cases, regardless of the penalty imposed, the school personnel authorized to impose the penalty must inform the student of the alleged misconduct and must investigate to the extent necessary, the facts surrounding the alleged misconduct.  All students will have an opportunity to present their version of the facts to the school personnel imposing the disciplinary penalty in connection with the imposition of the penalty.

<u>Minimum Periods of Suspension</u>
1.   Students who bring a weapon to school will be subject to suspension from school for at least one calendar year unless otherwise determined by the Superintendent.
2.   Students who commit violent acts other than bringing a weapon to school shall be subject to suspension for at least five days unless otherwise determined by the Superintendent.
3.   Students who are repeatedly substantially disruptive of the educational process or who repeatedly Substantially interfere with the teacher's authority over the classroom will be suspended from school for at least five days.
     For purposes of the Code of Conduct, "repeatedly substantially disruptive" means engaging in conduct that results in the student being removed from the classroom pursuant to Education Law 3214(3)(a) and this code on four or more occasions during a semester.

<u>Referrals</u>
1.   The School Counseling and Guidance Office shall handle all referrals of students to counseling.
2.   PINS petitions may be filed on any student under the age of 18 who demonstrates he/she requires supervision by:
     a.   being habitually truant and not attending school as required;
     b.   engaging in an ongoing or continual course of conduct which makes the student ungovernable or habitually disobedient and beyond the lawful control of the school;
     c.   knowingly and unlawfully possesses marijuana in violation of the Penal Law.

(Continued)

VS001096

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

3. Juvenile Delinquents and Juvenile Offenders:
   The Superintendent is required to refer the following students to the County Attorney for a juvenile delinquency proceeding before the Family Court:
   a. any student under the age of 16 who is found to have brought a weapon to school, or
   b. any student 14 or 15 years old who qualifies for juvenile offender status under the Criminal Procedure Law Section 1.20(42).

**Visitors to the School**

All persons on school property or attending a school function shall conduct themselves in a respectful and orderly manner.
1. All visitors must report to the designated visitor registration office to be issued an identification badge to wear.
2. Visitors attending school functions that are open to the public are not required to sign in.
3. Unauthorized persons on school property will be reported to the principal or designee.

**Public Conduct on School Property**

No person shall:
1. Willfully cause physical injury to any other person, destroy the property of another person, or threaten to do so;
2. Physically restrain or detain any other person;
3. Enter upon and remain in any facility or area for any purpose other than its authorized use;
4. Refuse to leave any building or facility after being requested to do so by an authorized agent of the School District;
5. Obstruct the free movement of persons and vehicles in any facility;
6. Deliberately disrupt or prevent orderly conduct of classes and meetings;
7. Willfully incite others to commit any of the acts herein prohibited;
8. Distribute or wear materials on school grounds or at school functions that are obscene, advocate illegal action, appear libelous, obstruct the rights of others, or are disruptive to the school program;
9. Intimidate or harass another person, including but not limited to, intimidating or harassing based on race, color, creed, national origin, religion, age, gender, sexual orientation, weight or disability;
10. Discriminate against another person based on race, color, creed, national origin, religion, age, gender, sexual orientation, weight or disability;
11. Obstruct the free movement of any person in any place to which this code applies;
12. Violate the traffic laws, parking regulations, or other restrictions on vehicles;
13. Possess or use weapons in or on school property or at a school function, except in the case of law enforcement officers or as authorized by the school district;
14. Gamble on school property or at school functions;

(Continued)

VS001097

# POLICY

2014     7310
5 of 34
Students

**SUBJECT: CODE OF CONDUCT, (Cont'd)**

15. Refuse to comply with any reasonable order of identifiable school district officials performing their duties;
16. Willfully incite others to commit any of the acts prohibited by this code;
17. Violate any federal or state statute, local ordinance, or board policy while on school property or at a school function.

## Penalties

Persons who engage in prohibited conduct shall be subject to the following penalties:

1. Licensees or invitees will be directed to leave the premises and will be subject to ejection if they fail to comply;
2. Trespassers or visitors in violation are subject to ejection;
3. Removal from the premises of the Vestal Central School District, including a permanent ban from access to the premises of the Vestal Central School District;
4. Students in violation are subject to disciplinary action as stated in this code;
5. Probationary teachers, tenured teachers, non-teaching employees, and other district employees in violation are subject to disciplinary action;
6. All persons violating these rules may also be subject to penalties as provided in New York State Penal Law and other applicable laws.

(Continued)

VS001098

| POLICY | 2014      7310 |
|--------|----------------|
|        | 6 of 34 |
|        | Students |

SUBJECT:   CODE OF CONDUCT, (Cont'd)

### VESTAL CENTRAL SCHOOL DISTRICT
### Code of Conduct

### SECTION I:  INTRODUCTION

The Board of Education of the Vestal Central School District adopted and implemented a written policy on school conduct and discipline and is committed to the purpose of promoting responsible student behavior. This policy was developed locally in consultation with teachers, administrators, other school service professionals, students, and parents/legal guardians.

### SECTION II:  DEFINITIONS

Disruptive Student means an elementary or secondary student under the age of 21 who is substantially disruptive of the educational process or substantially interferes with the teacher's authority over the classroom.

Parent means parent(s), guardian(s), or person(s) in a parental relation to a student.

School Property means on or within any building, structure, athletic playing field, playground, parking lots, or land contained within the real property boundary line of a public, elementary or secondary school, or in or on a school bus, as defined in Vehicle and Traffic Law Section 142, or any area supervised by the school district, including areas within the Gun Free School Act zone.

School Function means any school-sponsored event or activity.

Bullying means unwanted aggressive behavior which harms or induces fear with the threat of further aggression.  The behavior is repeated or has the potential to be repeated over time.  This includes cyberbullying.

Discrimination and harassment means an intentional act against any student, on school property or at a school function, that creates a hostile environment by conduct, with or without physical contact by verbal threats, intimidation or abuse, of such a severe nature that it:

(a)  has or would have the effect of unreasonably and substantially interfering with a student's educational performance, opportunities or benefits, or mental, emotional, physical well-being; or

(b)  reasonably causes or would reasonably be expected to cause a student to fear for his or her physical safety.

Such conduct shall include, but is not limited to, threats, intimidation, or abuse based on a person's actual or perceived race, color, weight, national origin, ethnic group, religion, religious practice, disability, sexual orientation, gender or sex.

Violent Student means a student under the age of 21 who:

1.  commits an act of violence upon a school employee, or attempts to  do so;

2.  commits, while on school property or at a school function, an act of violence upon another student or any other person lawfully on school property or at the school  function, or attempts to do so;

3.  possesses, while on school property or at a school function, a weapon;

(Continued)

VS001099

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

4. displays, while on school property or at a school function, what appears to be a weapon;
5. threatens, while on school property or at a school function, to use a weapon;
6. knowingly and intentionally damages or destroys the personal property of any school employee or any person lawfully on school property or at a school function;
7. or knowingly and intentionally damages or destroys school district property.

Weapon means a firearm as defined in 18 USC Section 921 for purposes of the Gun Free School Act.  It also means any other gun, bb gun, pistol, revolver, shotgun, rifle, machine gun, disguised gun, dagger, dirk, razor, stiletto, knives of any kind, including pocket knife, switchblade knife, gravity knife, brass knuckles, sling shot, metal knuckle knife, box cutter, cane sword, electronic dart gun, Kung Fu star, club, nunchakus, electronic stun gun, pepper spray, stink bomb, or other noxious spray, explosive (including fireworks) or incendiary bomb, or other device, instrument, material or substance that inherently is intended to cause physical injury or death or when used in a manner that causes physical injury or death.

## SECTION III:  STUDENT RIGHTS AND RESPONSIBILITIES

**A.  Student Rights**
Students in this district shall have the rights afforded to students under the provisions of the federal and state constitution and the laws of the State of New York.  Although the rights of students are not identical to the rights of adults, it is recognized that a student's private, non-school sponsored, and non-program related conduct cannot be regulated unless the educational community is affected by such conduct.

**B.  Student Responsibilities**
A student shall not act in such a manner which disrupts the rights of others or which causes disorder or invades the rights of others.
A school is a place of learning.  Learning involves the expansion of knowledge as well as acting in a manner considerate of the rights and feelings of others.  Students learn from each other.  Students must be conscious that younger students follow the leadership of older students.  Such examples should enhance the school environment.
Students are expected to show respect for faculty and other members of the school community.  A relationship based upon respect creates a harmonious environment.

## SECTION IV:  ESSENTIAL PARTNERS

Administrators, teachers, and other staff, board members, and parents each have a role in the discipline code.

(Continued)

VS001100

POLICY

2014        7310
              8 of 34
Students

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

Teachers and other staff members shall report all violations of the code to the teacher's administrator.  The teacher should be aware of the provisions of the code and, if in doubt regarding the code, explanations should be sought from the teacher's administrator.

Teachers and other staff members shall endeavor to give a consistent interpretation of the code to students.

Administrators have first-line responsibilities to insure that the code is followed and enforced.  Administrators shall conduct the appropriate investigation to determine if the code has been violated and, if violated, shall act in accordance with this policy and the laws applicable to the situation.  The administrator shall interpret the code for staff members and, where applicable, request the assistance of the faculty, district employees, students, and parent of the student.

Parents are requested to give assistance to the staff and administration in implementing the code.   Parents should be aware of the code.

Board members shall advise the superintendent of any suggested changes in the code and community feelings regarding the code.  The members of the Board of Education shall be available to provide a hearing of any appeal of suspension under the provisions of Education Law 3214 (3).

**SECTION V:  STUDENT DRESS CODE**
All students are expected to give proper attention to personal cleanliness and to dress appropriately for school and school functions.  Students and their parents have the primary responsibility for acceptable student dress and appearance.  Teachers and all other district personnel should exemplify and reinforce acceptable student dress and help students develop an understanding of appropriate appearance in the school setting.  A student's dress, grooming, and appearance, including hair style/color, jewelry, make-up, body art, and nails, shall:
1. Be safe, appropriate, and not disrupt or interfere with the educational process;
2. Recognize that extremely brief garments such as tube tops, net tops, halter tops, plunging necklines (front and/or back), bare midriffs, and see-through garments are not appropriate;
3. Ensure that underwear is completely covered with outer clothing;
4. Include footwear at all times.  Footwear that is a safety hazard will not be allowed.
5. Not include the wearing of hats in the classroom or testing sites except for medical or religious purpose;
6. Not include items that are vulgar, obscene, libelous, or denigrate others on account of race, color, religion, creed, national origin, gender, sexual orientation, weight or disability;

(Continued)

VS001101

| POLICY | 2014      7310 |
|--------|---------------|
|        | 9 of 34 |
|        | Students |

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

7. Not promote and/or endorse the use of alcohol, tobacco, or illegal drugs and/or encourage other illegal or violent activities.

Each building principal or designee shall be responsible for informing all students and their parents of the student dress code at the beginning of school year and of any revisions to the dress code made during the school year.

Students who violate the student dress code shall be required to modify their appearance by covering or removing the offending item and, if necessary or practical, replacing it with an acceptable item. Any student who refuses to do so shall be subject to discipline, up to and including in-school suspension, for the day. Any student who repeatedly fails to comply with the dress code shall be subject to further discipline, up to and including out of school suspension.

**SECTION VI:   PROHIBITED STUDENT CONDUCT**

The Board of Education expects all students to conduct themselves in an appropriate and civil manner, with proper regard for the rights and welfare of other students, district personnel, and other members of the school community. The Board of Education expects all students to have proper regard for the care of school facilities and equipment.

The best discipline is self-imposed and students must learn to assume and accept responsibility for their own behavior, as well as the consequences of their misbehavior. District personnel who interact with students are expected to use disciplinary action only when necessary and to place emphasis on the students' ability to grow in self-discipline.

The Board of Education recognizes the need to make its expectations for student conduct while on school property or engaged in a school function specific and clear. The rules of conduct listed below are intended to do that and focus on safety and respect for the rights and property of others. Students who will not accept responsibility for their own behavior or who violate these school rules will be required to accept the penalties for their conduct.

Students may be subject to disciplinary action, up to and including suspension from school, when they:

A. Engage in conduct that is disorderly. Examples of disorderly conduct include, but are not limited to:
1. Running in hallways;
2. Making unreasonable noise;
3. Using language or gestures that are profane, lewd, vulgar, or abusive;
4. Obstructing vehicular or pedestrian traffic;

(Continued)

VS001102

| POLICY | 2014    7310 |
|--------|------------------------------------|

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

     5.  Engaging in any willful act which disrupts the normal operation of the school community.  This may also include bullying, cyberbullying, discrimination, and/or harassment;

     6.  Trespassing.  Students are not permitted in any school building other than the one they regularly attend, without permission from the administrator in charge of the building.

     7.  Computer/electronic communications, including any unauthorized use of computers, software, or internet/intranet account; accessing inappropriate websites; or any other violation of the district's acceptable use policy.  This may include, but is not limited to personal hand-held devices such as games, hand-held computers, and organizers.

B.  Engage in conduct that is insubordinate.  Examples of insubordinate conduct include, but are not limited to:

     1.  Failing to comply with the directions of a teacher, school administrator, school employee, or other authorized school agent in charge of students or otherwise demonstrating disrespect;

     2.  Lateness, missing, or leaving school without permission;

     3.  Skipping detention.

C.  Engage in conduct that is disruptive.  Examples of disruptive conduct include, but are not limited to:

     1.  Failing to comply with the directions of a teacher, school administrator, school employee, or other authorized school agent in charge of students.

D.  Engage in conduct that is violent.  Examples of violent conduct include, but are not limited to:

     1.  Committing an act of violence, as defined in Section II, upon a teacher, administrator, school employee, or other authorized agent or attempting to do so;

     2.  Committing an act of violence, as defined in Section II, upon another student or any person lawfully on school property or attempting to do so;

     3.  Possessing a weapon as defined in Section II.  Authorized law enforcement officials are the only persons permitted to have a weapon in their possession while on school property or at a school function.

     4.  Displaying what appears to be a weapon as noted in the definition of weapon in Section II;

     5.  Threatening to use any weapon as noted in the definition of weapon in Section II;

     6.  Damaging or destroying the personal property of a student, teacher, administrator, other district employee, or other authorized school agent on school property, including graffiti or arson;

     7.  Damaging or destroying school district property.

E.  Engage in any conduct that endangers the education, safety, morals, health or welfare of others.  This may include bullying, cyberbullying, discrimination and/or harassment as defined in this code.  Examples of such conduct include, but are not limited to:

     1.  Lying to school personnel;

(Continued)

VS001103

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

2. Stealing the property of other students, school personnel, or any other person lawfully on school property or attending a school function;
3. Defamation, which includes making false or unprivileged statements or representations about an individual or identifiable group of individuals that harm the reputation of the person or the identifiable group by demeaning them;
4. Discrimination, which includes the use of race, color, creed, national origin, religion, gender, sexual orientation, weight or disability as a basis for treating another in a negative manner;
5. Harassment, which includes a sufficiently severe action or a persistent, pervasive pattern of actions or statements directed at an identifiable individual or group which are intended to be or which a reasonable person would perceive as ridiculing or demeaning ;
6. Intimidation, which includes engaging in actions or statements that put an individual in fear of bodily harm;
7. Hazing, which includes any intentional or reckless act directed against another for the purpose of initiation into, affiliating with or maintaining membership in any school sponsored activity, organization, club, or team;
8. Bullying and cyberbullying, which include unwanted aggressive behavior which harms or induces fear with the threat of further aggression.  The behavior is repeated or has the potential to be repeated over time;
9. Selling, using, or possessing obscene material;
10. Using vulgar or abusive language, cursing, or swearing, or words which may incite another person;
11. The use or possession of a cigarette, cigar, pipe, chewing tobacco, smokeless tobacco, electronic cigarette or similar device;
12. The use, possession, sale or gift, of any drug or controlled substance, including marijuana or any instruments for the use of such drug, controlled substance or marijuana, such as a pipe, syringe, or other paraphernalia, or being under the influence of any drug or controlled substance including marijuana, while on school premises (including buildings or grounds) or while in attendance at a school function or school-sponsored function.  Excepted is any drug taken in accordance with a current prescription signed by a physician which is to be taken by that particular student at the time in question.
13. The use, possession, sale, or gift, or being under the influence, of an alcoholic beverage while on school premises (including buildings or grounds) or while in attendance at a school function or school-sponsored function;
14. Inappropriately using or sharing prescription or over-the-counter drugs
15. Possession, use, sharing or being under the influence of synthetic cannabinoids (synthetic marijuana);
16. Gambling;
17. Indecent exposure, exposing one's private body parts in a lewd or indecent manner;

(Continued)

VS001104

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

    18. Initiating a report warning of fire or other catastrophe without valid cause, misuse of 911, or discharging a fire extinguisher;

    19. Extortion;

    20. Any willful act which disrupts the normal operation of the school community.

F. Engage in misconduct while on a school bus.  It is crucial for students to behave appropriately while riding on

District buses to ensure their safety and that of other passengers and to avoid distracting the bus driver. Students are required to conduct themselves on the bus in a manner consistent with established standards for classroom behavior.  Excessive noise, pushing, shoving, and fighting will not be tolerated.

G. Engage in any form of academic misconduct.  Examples of academic misconduct include, but are not limited to:

    1. Plagiarism;

    2. Cheating;

    3. Copying;

    4. Altering records;

    5. Assisting another student in any of the above items.

## SECTION VII:  REPORTING VIOLATIONS

All students are expected to promptly report violations of the code of conduct to a teacher, school counselor, the building principal, or designee.  Any student observing a student possessing a weapon, alcohol, or illegal substance on school property or at a school function shall report this information immediately to a teacher, the building principal or designee, or the superintendent.  Students can call a hotline number (748-6262) to report anything that makes them feel unsafe.

All district staff who are authorized to impose disciplinary sanctions are expected to do so in a prompt, fair, and lawful manner.  District staff who are not authorized to impose disciplinary sanctions are expected to promptly report violations of the code of conduct to their supervisor, who shall in turn impose an appropriate disciplinary sanction, if so authorized or refer the matter to a staff member who is authorized to impose an appropriate sanction.  Staff can call a hotline number (748-6262) to report anything that students report to them that may be unsafe.

Any weapon, alcohol, or illegal substance found shall be confiscated immediately, if possible, followed by notification to the parent of the student involved and the appropriate disciplinary sanction if warranted, which may include permanent suspension and referral for prosecution.

(Continued)

VS001105

# POLICY

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

The building principal or designee notifies the appropriate local law enforcement agency of conduct that may constitute a crime and substantially affect the order or security of a school as soon as possible.  The district will provide law enforcement with required information to complete the investigation.

## SECTION VIII:  DISCIPLINARY PENALTIES, PROCEDURES, AND REFERRALS

Discipline is most effective when it deals directly with the problem at the time and place it occurs and in a way that
students view as fair and impartial.  School personnel who interact with students are expected to use disciplinary action only when necessary and to place emphasis on the students' ability to grow in self-discipline.

Disciplinary action, when necessary, will be firm, fair, and consistent so as to be most effective in changing student behavior.  In determining the appropriate disciplinary action, school personnel authorized to impose disciplinary penalties will consider, but are not limited to, the following:

1. The student's age;
2. The nature of the offense and the circumstances which led to the offense;
3. The student's prior disciplinary record;
4. The effectiveness of other forms of discipline;
5. Information from parents, teachers, and /or others, as appropriate;
6. Other extenuating circumstances.  As a general rule, discipline will be progressive.  This means that a student's first violation will usually merit a lighter penalty than subsequent violations.

If the conduct of a student is related to a disability or suspected disability, the student shall be referred to the Committee on Special Education and discipline, if warranted, shall be administered consistent with the separate requirements of this code of conduct for disciplining students with a disability or presumed to have a disability.  A student identified as having a disability shall not be disciplined for behavior related to his/her disability.  (see Section X:  Discipline of Students with Disabilities).

## A.   Penalties

Students who are found to have violated the district's code of conduct may be subject to the following penalties, either alone or in combination.  The school personnel identified after each penalty are authorized to impose that penalty, consistent with the student's right to due process.

1. Verbal warning-any member of the district staff;
2. Written warning-bus drivers, hall, lunch, and playground monitors, coaches, school counselors, teachers, administrators, superintendent;

(Continued)

VS001106

| POLICY | 2014 | 7310 |
|--------|------|------|
| | | 14 of 34 |
| | Students | |

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

3.  Written notification to parent-bus drivers, hall, lunch, and playground monitors, coaches, school counselors, teachers, administrators, superintendent;
4.  Detention-teachers, administrators, superintendent;
5.  Suspension from transportation-principal, superintendent;
6.  Suspension from athletic participation-coaches, principal, superintendent;
7.  Suspension from social or extracurricular activities-principal, superintendent;
8.  Suspension of other privileges-principal, superintendent;
9.  Alternative learning area-assistant principals, principals, superintendent;
10. Removal from classroom by teacher-teachers, principal;
11. Short-term (five days or less) suspension from school-principal, superintendent, Board of Education;
12. Long-term (more than five days) suspension from school-principal, superintendent, Board of Education;
13. Permanent suspension from school-superintendent, Board of Education

**B.   Procedures**

The amount of due process a student is entitled to receive before a penalty is imposed depends on the penalty being imposed.  In all cases, regardless of the penalty imposed, the school personnel authorized to impose the penalty must inform the student of the alleged misconduct and must investigate, to the extent necessary, the facts surrounding the alleged misconduct.  All students will have an opportunity to present their version of the facts to the school personnel imposing the disciplinary penalty in connection with the imposition of the penalty.

Students who are to be given penalties other than a verbal warning, written warning, or written notification to their parents, are entitled to additional rights before the penalty is imposed.  These additional rights are explained below.

1.  Detention:
    Teachers, principals, and the superintendent may use after school detention as a penalty for student misconduct in situations where removal from the classroom or suspension would be inappropriate. Detention will be imposed as a penalty only after the student and parent have been notified to confirm that there is no parental objection to the penalty and the student has appropriate transportation home following detention.

2.  Suspension from transportation:
    If a student does not conduct himself/herself properly on a bus, the bus driver is expected to bring such misconduct to the building principal's attention.  Students who become a serious disciplinary

(Continued)

VS001107

| POLICY | 2014      7310<br>15 of 34<br>Students |

---

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

problem may have their riding privileges suspended by the building principal or superintendent or their designees.  In such cases, the student's parent will become responsible for seeing that the student gets to and from school safely.  Should the suspension from transportation amount to a suspension from attendance, the district will make appropriate arrangements to provide for the student's education.

A student subjected to a suspension from transportation is not entitled to a full hearing pursuant to Education Law Section 3214.  However, the student and the student's parent will be provided with a reasonable opportunity for an informal conference with the building principal or the principal's designee to discuss the conduct and the penalty involved.

3. Suspension from athletic participation, extra-curricular activities, and other privileges:
   A student subjected to a suspension from athletic participation, extra-curricular activities, or other privileges is not entitled to a full hearing pursuant to Education Law Section 3214.  However, the student and the student's parent will be provided with a reasonable opportunity for an informal conference with the district official imposing the suspension to discuss the conduct and the penalty involved.

4. Alternate Learning Center:
   The Board recognizes the school must balance the need of students to attend school and the need for order in the classroom to establish an environment conducive to learning.  As such, the Board authorizes building assistant principals, principals, and the superintendent to place students who would otherwise be suspended from school as the result of a code of conduct violation in an Alternate Learning Center.

   A student subjected to an Alternate Learning Center is not entitled to a full hearing pursuant to Education Law Section 3214.  However, the student and the student's parent will be provided with a reasonable opportunity for an informal conference with a district official to discuss the conduct and the penalty involved.

5. Teacher disciplinary removal of disruptive students:
   A student's behavior can affect a teacher's ability to teach and can make it difficult for other students in the classroom to learn.  In most instances, the classroom teacher can control a student's behavior and maintain or restore control over the classroom by using good classroom management techniques. These techniques may include practices that involve the teacher directing a student to briefly leave the

(Continued)

VS001108

POLICY

2014      7310
          16 of 34

Students

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

classroom to give the student an opportunity to regain his or her composure and self-control in an alternative setting.  Such practices may include, but are not limited to:
a.  short-term "time out";
b.  having a student escorted to the principal's office for the remainder of the class time only;
c.  having a student escorted to a school counselor or other district staff member for counseling.

Time-honored classroom management techniques such as these do not constitute disciplinary removals for purposes of this code.

On occasion, a student's behavior may become disruptive.  For purposes of this code of conduct, a disruptive student was defined in Section II.  A substantial disruption of the educational process or substantial interference with a teacher's authority occurs when a student demonstrates a persistent unwillingness to comply with the teacher's instructions or repeatedly violates the teacher's classroom behavior rules.

A classroom teacher may remove a disruptive student from class for up to two days.  The removal from class applies to the class of the removing teacher only.

If the disruptive student does not pose a danger or ongoing threat of disruption to the academic process, the teacher must provide the student with an explanation for why he or she is being removed and an opportunity to explain his or her version of the relevant events before the student is removed.  Only after the informal discussion may a teacher remove a student from class.

If the student poses a danger or ongoing threat of disruption, the teacher may order the student to be removed immediately.  The teacher must, however, explain to the student why he or she was removed from the classroom and give the student a chance to present his or her version of the relevant events within 24 hours.

The teacher must complete a district-established disciplinary removal form and meet with the principal or designee as soon as possible, but no later than the end of the school day, to explain the circumstances of the removal and to present the removal form.  If the principal or designee is not available by the end of the same school day, the teacher must leave the form with the secretary

(Continued)

VS001109

# POLICY

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

and meet with the principal or designee prior to the beginning of classes on the next school day.

Within 24 hours after the student's removal, the principal or another district administrator designated by the principal, must notify the student's parents, in writing, that the student has been removed from class and why.  The notice must also inform the parent that he or she has the right, upon request, to meet informally with the principal or the principal's designee to discuss the reasons for the removal.

The written notice must be provided by personal delivery, express mail delivery, or some other means that is reasonably calculated to assure receipt of the notice within 24 hours of the student's removal at the last known address for the parents.  Where possible, notice should also be provided by telephone if the school has been provided with a telephone number(s) for the purpose of contacting parents.

The principal may require the teacher who ordered the removal to attend the informal conference.

If at the informal meeting the student denies the charges, the principal or designee must explain why the student was removed and give the student and the student's parents a chance to present the student's version of the relevant events.  The informal meeting must be held within 48 hours of the student's removal.  The timing of the informal meeting may be extended by mutual agreement of the parent and principal.

The principal or designee may overturn the removal of the student from class if the principal finds any one of the following:
a.  the charges against the student are not supported by substantial evidence
b.  the student's removal is otherwise in violation of law, including the district's code of conduct
c.  the conduct warrants suspension from school pursuant to Education Law Section 3214 and a suspension will be imposed.

The principal or designee may overturn a removal at any point between receiving the referral form issued by the teacher and the close of business on the day following the 48-hour period for the informal conference, if a conference is requested.  No student removed from the classroom by the classroom teacher will be permitted to return to the classroom until the principal makes a final determination or the period of removal expires, whichever is less.

(Continued)

VS001110

| POLICY | 2014       7310<br>            18 of 34<br>Students |
| --- | --- |

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

Any disruptive student removed from the classroom by the classroom teacher shall be offered continued educational programming and activities until he or she is permitted to return to the classroom.

Each teacher must keep a complete log (on a district provided form) for all cases of removal of students from his or her class.  The principal must keep a log of all removals of students from class.

Removal of a student with a disability, under certain circumstances, may constitute a change in the student's placement.  Accordingly, no teacher may remove a student with a disability from his or her class until he or she has verified with the principal or the Chairperson of the Committee on Special Education that the removal will not violate the student's rights under state or federal law or regulation.

6.   Suspension from school:
Suspension from school is a severe penalty which may be imposed only upon students who are insubordinate, disorderly, violent, or disruptive, or whose conduct otherwise endangers the safety, morals, health, or welfare of others.

The Board retains its authority to suspend students, but places primary responsibility for the suspension of students with the superintendent and the building principals.

Any staff member may recommend to the superintendent or the principal that a student be suspended. All staff members must immediately report and refer a violent student to the principal or the superintendent for a violation of the code of conduct.  All recommendations and referrals shall be made in writing unless the conditions underlying the recommendation or referral warrant immediate attention.  In such cases, a written report is to be prepared as soon as possible by the staff member recommending the suspension.

The superintendent or principal, upon receiving a recommendation or referral for suspension or when processing a case for suspension, shall gather the facts relevant to the matter and record them for subsequent presentation, if necessary.

   a.  Short-term (5 days or less) suspension from school

   When the superintendent or principal (referred to as the suspending authority) proposes to suspend

(Continued)

VS001111

# POLICY

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

a student charged with misconduct for five days or less pursuant to Education Law Section 3214 (3), the suspending authority must immediately notify the student orally.  If the student denies the misconduct, the suspending authority must provide an explanation of the basis for the proposed suspension.  The suspending authority must also notify the student's parents in writing that the student may be suspended from school.  The written notice must be provided by personal delivery, express mail delivery, or some other means that is reasonably calculated to assure receipt of the notice within 24 hours of the decision to propose suspension at the last known address for the parents.  Where possible, notice should also be provided by telephone if the school has been provided with a telephone number(s) for the purpose of contacting the parents.

The notice shall provide a description of the charges against the student and the incident for which suspension is proposed and shall inform the parents of the right to request an immediate informal conference with the principal.  Both the notice and informal conference shall be in the dominant language or mode of communication used by the parents.  At the conference, the parents shall be permitted to ask questions of complaining witnesses under such procedures as the principal may establish.  The notice and opportunity for an informal conference shall take place before the student is suspended unless the student's presence in school poses a continuing danger to persons or property or an ongoing threat of disruption to the academic process.  If the student's presence does pose such a danger or threat of disruption, the notice and opportunity for an informal conference shall take place as soon after the suspension as is reasonably practicable.

After the conference, the principal shall promptly advise the parents in writing of his or her decision.  The principal shall advise the parents that if they are not satisfied with the decision and wish to pursue the matter, they must file a written appeal to the superintendent within five business days, unless they can show extraordinary circumstances precluding them from doing so.  The superintendent shall issue a written decision regarding the appeal within 10 business days of receiving the appeal.  If the parents are not satisfied with the superintendent's decision, they must file a written appeal to the Board of Education with the district clerk within 10 business days of the date of the superintendent's decision, unless they can show extraordinary circumstances precluding them from doing so.  Only final decisions of the Board may be appealed to the Commissioner within 30 days of the decision.

b.  Long-term (more than 5 days) suspension from school

When the superintendent or building principal determines that a suspension for more than five

VS001112

| POLICY | 2014      7310 |
|--------|----------------|
|        | 20 of 34 |
|        | Students |

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

days may be warranted, he or she shall give reasonable notice to the student and the student's parents of their right to a fair hearing.  At the hearing the student shall have the right to be represented by counsel, the right to question witnesses against him or her and the right to present witnesses and other evidence on his or her behalf.

The superintendent shall personally hear and determine the proceeding or may, in his or her discretion, designate a hearing officer to conduct the hearing.  The hearing officer shall be authorized to administer oaths and to issue subpoenas in conjunction with the proceeding before him or her.  A record of the hearing shall be maintained, and while no stenographic transcript shall be required, this district attempts to provide a stenographic transcript.  The hearing officer shall make findings of fact and recommendations as to the appropriate measure of discipline to the superintendent.  The report of the hearing officer shall be advisory only and the superintendent may accept all or any part thereof.

An appeal of the decision of the superintendent may be made to the Board of Education.  The Board will make its decision based solely upon the record before it.  All appeals to the Board must be in writing and submitted to the district clerk within 10 business days of the date of the superintendent's decision, unless the parents can show that extraordinary circumstances precluded them from doing so.  The Board may adopt in whole or in part the decision of the superintendent.  Final decisions of the Board may be appealed to the Commissioner within 30 days of the decision.

c.  Permanent suspension:

Permanent suspension is reserved for extraordinary circumstances such as where a student's conduct poses a life-threatening danger to the safety and well-being of other students, school personnel, or any other person lawfully on school property or attending a school function.

**C.  Minimum Periods of Suspension**
1.  Students who bring a weapon to school:
Any student, other than a student with a disability, found guilty of bringing a weapon on to school property will be subject to suspension from school for at least one calendar year.  Before being suspended, the student will have an opportunity for a hearing pursuant to Education Law Section 3214.  The superintendent has the authority to modify the one-year suspension on a case-by-case basis.  In deciding whether to modify the penalty, the superintendent may consider the following:

a.  the student's age,

(Continued)

VS001113

| POLICY | 2014      7310 |
|        | 21 of 34 |
|        | Students |

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

    b.  the student's grade in school,
    c.  the student's prior disciplinary record,
    d.  the superintendent's belief that other forms of discipline may be more effective,
    e.  Input from parents, teachers, and/or others,
    f.  other extenuating circumstances.

A student with a disability may be suspended only in accordance with the requirements of state and federal law.

2.  Students who commit violent acts other than bringing a weapon to school:
    Any student, other than a student with a disability, who is found to have committed a violent act, other than bringing a weapon onto school property, shall be subject to suspension from school for at least five days.  If the proposed penalty is the minimum five-day suspension, the student and the student's parents will be given the same notice and opportunity for an informal conference given to all students subject to a short-term suspension.  If the proposed penalty exceeds the minimum five-day suspension, the student and the student's parents will be given the same notice and opportunity for a hearing given to all students subject to a long-term suspension.  The superintendent has the authority to modify the minimum five-day suspension on a case-by-case basis.  In deciding whether to modify the penalty, the superintendent may consider the same factors considered in modifying a one-year suspension for possessing a weapon.

3.  Students who are repeatedly substantially disruptive of the educational process or repeatedly substantially interferes with the teacher's authority over the classroom:
    Any student, other than a student with a disability, who repeatedly is substantially disruptive of the educational process or substantially interferes with the teacher's authority over the classroom, will be suspended from school for at least five days.  For purposes of this code of conduct, repeatedly substantially disruptive means engaging in conduct that results in the student being removed from the classroom by teacher(s) pursuant to Education Law Section 3214 (3-a) and this code on four or more occasions during a semester, or three or more occasions during a trimester.  If the proposed penalty is the minimum five-day suspension, the student and the student's parent will be given the same notice and opportunity for an informal conference given to all students subject to a short-term suspension.  If the proposed penalty exceeds the minimum five-day suspension, the student and the student's parent

(Continued)

VS001114

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

will be given the same notice and opportunity for a hearing given to all students subject to a long-term suspension.  The superintendent has the authority to modify the minimum five-day suspension on a case-by-case basis.  In deciding whether to modify the penalty, the superintendent may consider the same factors considered in modifying a one-year suspension for possessing a weapon.

**D.  Referrals**
1.  Counseling:
The School Counseling and Guidance Office shall handle all referrals of students to counseling.

2.  PINS Petitions:
The district may file a PINS (person in need of supervision) petition in Family Court on any student under the age of 18 who demonstrates that he or she requires supervision and treatment by:
a.  Being habitually truant and not attending school as required by part one of Article 65 of the Education Law;
b.  Engaging in an ongoing or continual course of conduct which makes the student ungovernable or habitually disobedient and beyond the lawful control of the school;
c.  Knowingly and unlawfully possessing marijuana in violation of Penal Law Section 221.05.  A single violation of Section 221.05 will be a sufficient basis for filing a PINS petition.

3.  Juvenile Delinquents and Juvenile Offenders:
The superintendent is required to refer the following students to the County Attorney for a juvenile delinquency proceeding before the Family Court:
a.  Any student under the age of 16 who is found to have brought a weapon to school, or
b.  Any student 14 or 15 years old who qualifies for juvenile offender status under the Criminal Procedure Law Section 1.20 (42).

**SECTION IX:  ALTERNATIVE INSTRUCTION**
When a student of any age is removed from class by a teacher or a student of compulsory attendance age is suspended from school pursuant to Education Law Section 3214, the district will take immediate steps to provide alternative means of instruction for the student.

**SECTION X:  DISCIPLINE OF STUDENTS WITH DISABILITIES**
The Board recognizes that it may be necessary to suspend, remove, or otherwise discipline students with

(Continued)

VS001115

<table>
<tr><td rowspan="3">POLICY</td><td>2014      7310</td></tr>
<tr><td>              23 of 34</td></tr>
<tr><td>Students</td></tr>
</table>

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

disabilities to address disruptive or problem behavior.  The Board also recognizes that students with disabilities enjoy certain procedural protections whenever school authorities intend to impose discipline upon them.  The Board is committed to ensuring that the procedures followed for suspending, removing, or otherwise disciplining students with disabilities are consistent with the procedural safeguards required by applicable laws and regulations.

This code of conduct affords students with disabilities subject to disciplinary action no greater or lesser rights than those expressly afforded by applicable federal and state law and regulations.

**A.  Authorized Suspensions or Removals of Students with Disabilities**
1.  For purposes of this section of the code of conduct, the following definitions apply.
    A "suspension" means a suspension pursuant to Education Law Section 3214.

    A "removal" means a removal for disciplinary reasons from the student's current educational placement other than a suspension and change in placement to an interim alternative educational setting (IAES) ordered by an impartial hearing officer because the student poses a risk of harm to himself or herself or others.

    An "IAES" means a temporary educational placement for a period of up to 45 school days, other than the student's current placement at the time the behavior precipitating the IAES placement occurred, that enables the student to continue to progress in the general curriculum, although in another setting, to continue to receive those services and modifications, including  those described on the student's current individualized education program (IEP), that will enable the student to meet the goals set out in such IEP, and include services and modifications to address the behavior which precipitated the IAES placement that are designed to prevent the behavior from recurring.

2.  School personnel may order the suspension or removal of a student with a disability from his or her current educational placement as follows:

    a.  The Board, the district (BOCES) superintendent of schools, or building principal may order the placement of a student with a disability into an IAES, another setting, or suspension for a period not to exceed five consecutive school days and not to exceed the amount of time a non-disabled student would be subject to suspension for the same behavior.

    b.  The superintendent may order the placement of a student with a disability into an IAES, another setting, or suspension for up to 10 consecutive school days, inclusive of any period in which the

(Continued)

VS001116

| POLICY | 2014    7310 |
|--------|--------------|
|        | 24 of 34 |
|        | Students |

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

student has been suspended or removed under subparagraph (a) above for the same behavior, if the superintendent determines that the student has engaged in behavior that warrants a suspension and the suspension or removal does not exceed the amount of time non-disabled students would be subject to suspension for the same behavior.

c. The superintendent may order additional suspensions of not more than 10 consecutive school days in the same school year for separate incidents of misconduct, as long as those removals do not constitute a change of placement.

d. The superintendent may order the placement of a student with a disability in an IAES to be determined by the committee on special education (CSE), for the same amount of time that a student without a disability would be subject to discipline, but not more than 45 school days, if the student carries or possesses a weapon to school or to a school function, or the student knowingly possesses or uses illegal drugs or sells or solicits the sale of a controlled substance while at school or a school function or has inflicted serious bodily injury on a person which at school, on school premises, or at a school function.

1. "Weapon" as defined in Section II of this Code of Conduct.

2. "Controlled substance" means a drug or other substance identified in certain provisions of the federal and state law and regulations applicable to this policy.

3. "Illegal drugs" means a controlled substance except for those legally possessed or used under the supervision of a licensed health-care professional or that is legally possessed or used under any other authority under the Controlled Substances Act or any other federal law.

4. Subject to specified conditions required by both federal and state law and regulations, an impartial hearing officer may order the placement of a student with a disability in an IAES setting for up to 45 school days at a time, if maintaining the student in his or her current educational placement poses a risk of harm to the student or others.

5. "Serious bodily injury" means bodily injury which involves a substantial risk of death, extreme physical pain, protracted and obvious disfigurement or protracted loss, or impairment of the function of a bodily member, organ or mental faculty.

**B. Change of Placement Rule**

1. A disciplinary change in placement means a suspension or removal from a student's current educational placement that is either:

   a. for more than 10 consecutive school days; or

(Continued)

VS001117

| POLICY | 2014 | 7310 |
| --- | --- | --- |
| | | 25 of 34 |
| | Students | |

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

    b. for a period of 10 consecutive school days or less if the student is subjected to a series of suspensions or removals that constitute a pattern because they cumulate to more than 10 school days in a school year and because of such factors as the length of each suspension or removal, the total amount of time the student is removed and the proximity of the suspensions or removals to one another.

2. School personnel may not suspend or remove a student with disabilities if imposition of the suspension or removal would result in a disciplinary change in placement based on a pattern of suspension or removal.

    However, the district may impose a suspension or removal, which would otherwise result in a disciplinary change in placement, based on a pattern of suspensions or removals if the CSE has determined that the behavior was not a manifestation of the student's disability, or the student is placed in an IAES for behavior involving weapons, illegal drugs or controlled substances, or serious bodily injury.

The above may also apply to conduct on the bus and change in such transportation if transportation is included in a disabled student's IEP because of the student's special needs.

**C. Special Rules Regarding the Suspension or Removal of Students with Disabilities**

1. The district's Committee on Special Education shall:
   a. Conduct functional behavioral assessments to determine why a student engages in a particular behavior and develop or review behavioral intervention plans whenever the district is first suspending or removing a student with a disability for more than 10 school days in a school year or imposing a suspension or removal that constitutes a disciplinary change in placement, including a change in placement to an IAES for misconduct involving weapons, illegal drugs, or controlled substances, or serious bodily injury when the behavior is determined to be a manifestation of the student's disability.

    If subsequently a student with a disability who has a behavioral intervention plan and who has been suspended or removed from his or her current educational placement for more than 10 school days in a school year is subjected to a suspension or removal that does not constitute a disciplinary change in placement, the members of the CSE shall review the behavioral intervention plan and its implementation to determine if modifications are necessary.

    If one or more members of the CSE believe that modifications are needed, the school district shall convene a meeting of the CSE to modify such plan and its implementation, to the extent the committee determines necessary.

(Continued)

VS001118

| POLICY | 2014       7310 |
|--------|-----------------|
|        | 26 of 34 |
|        | Students |

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

    b. Conduct a manifestation determination review of the relationship between the student's disability and the behavior subject to disciplinary action whenever a decision is made or about to be made to place a student in an IAES either for misconduct involving weapons, illegal drugs, or controlled substances , or serious bodily injury or because maintaining the student in his current educational setting poses a risk of harm to the student or others; or a decision is made to impose a suspension that constitutes a disciplinary change in placement.

2. The parents of a student who is facing disciplinary action, but who has not been determined to be eligible for services under IDEA and Article 89 at the time of misconduct, shall have the right to invoke applicable procedural safeguards set forth in federal and state law and regulations if, in accordance with federal and state statutory and regulatory criteria, the school district is deemed to have had knowledge that their child was a student with a disability before the behavior precipitating disciplinary action occurred.  If the district is deemed to have had such knowledge, the student will be considered a student presumed to have a disability for discipline purposes.
   a. The superintendent, building principal, or other school official imposing a suspension or removal shall be responsible for determining whether the student is a student presumed to have a disability.
   b. A student will not be considered a student presumed to have a disability for discipline purposes if, upon receipt of information supporting a claim that the district had knowledge the student was a student with a disability, the district either:
      (1) conducted an individual evaluation and determined that the student is not a student with a disability, or
      (2) determined that an evaluation was not necessary and provided notice to the parents of such determination, in the manner required by applicable law and regulations.

If there is no basis for knowledge that the student is a student with a disability prior to taking disciplinary measures against the student, the student may be subjected to the same disciplinary measures as any other non-disabled student who engaged in comparable behaviors.

However, if a request for an individual evaluation is made while such non-disabled student is subjected to a disciplinary removal, an expedited evaluation shall be conducted and completed in the manner prescribed by applicable federal and state law and regulations.  Until the expedited evaluation is completed, the non-disabled student who is not a student presumed to have a disability for discipline purposes shall remain in the educational placement determined by the district, which can include suspension.

3. The district shall provide parents with notice of disciplinary removal no later than the date on which a

(Continued)

VS001119

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

decision is made to change the placement of a student with a disability to an IAES for either misconduct involving weapons, illegal drugs, or controlled substances, or serious bodily injury or because maintaining the student in his/her current educational setting poses a risk of harm to the student or others; or a decision is made to impose a suspension or removal that constitutes a disciplinary change in placement.

The procedural safeguards notice prescribed by the Commissioner shall accompany the notice of disciplinary removal.

4.   The parents of a student with disabilities subject to a suspension of five consecutive school days or less shall be provided with the same opportunity for an informal conference available to parents of non-disabled students under the Education Law.

5.   Superintendent hearings on disciplinary charges against students with disabilities subject to a suspension of more than five school days shall be bifurcated into a guilt phase and a penalty phase in accordance with the procedures set forth in the Commissioner's regulations incorporated into this code.

6.   The removal of a student with disabilities other than a suspension or placement in an IAES shall be conducted in accordance with the due process procedures applicable to such removals of non-disabled students, except that school personnel may not impose such removal for more than 10 consecutive days or for a period that would result in a disciplinary change in placement, unless the CSE has determined that the behavior is not a manifestation of the student's disability.

7.   During any period of suspension or removal, including placement in an IAES, students with disabilities shall be provided services as required by the Commissioner's regulations incorporated into this code.

**D.   Expedited Due Process Hearings**

1.   An expedited due process hearing shall be conducted in the manner specified by the Commissioner's regulations incorporated into this code if:

   a.   The district requests such a hearing to obtain an order of an impartial hearing officer placing a student with a disability in an IAES where school personnel maintain that it is dangerous for the student to be in his or her current educational placement, or during the pendency of due process hearings where school personnel maintain that it is dangerous for the student to be in his or her current educational placement during such proceedings.

   b.   The parent requests such a hearing from a determination that the student's behavior was not a manifestation of the student's disability, or relating to any decision regarding placement, including but not limited to any decision to place the student in an IAES.

(Continued)

VS001120

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

     (1) During the pendency of an expedited due process hearing or appeal regarding the placement of a student in an IAES for behavior involving weapons, illegal drugs, or controlled substances, or on ground of dangerousness, or regarding a determination that the behavior is not a manifestation of the student's disability for a student who has been placed in an IAES, the student shall remain in the IAES pending the decision of the impartial hearing officer or until expiration of the IAES placement, whichever occurs first, unless the parents and the district agree otherwise.

     (2) If school personnel propose to change the student's placement after expiration of an IAES placement, during the pendency of any proceeding to challenge the proposed change in placement, the student shall remain in the placement prior to removal to the IAES, except where the student is again placed in an IAES.

2. An expedited due process hearing shall be completed within 15 business days of receipt of the request for a hearing.  Although the impartial hearing officer may grant specific extensions of such time period, he or she must mail a written decision to the district and the parents within five business days after the last hearing date, and in no event later than 45 calendar days after receipt of the request for a hearing, without exceptions or extensions.

**E.   Referral to law enforcement and judicial authorities**

In accordance with the provisions of IDEA and its implementing regulations:

1. The district may report a crime committed by a child with a disability to appropriate authorities and such action will not constitute a change of the student's placement.
2. The superintendent shall ensure that copies of the special education and disciplinary records of a student with disabilities are transmitted for a consideration to the appropriate authorities to whom a crime is reported.

**SECTION XI:   CORPORAL PUNISHMENT**

Corporal punishment is any act of physical force upon a student for the purpose of punishing that student. Corporal punishment of any student by any teacher, administrator, officer, employee, or agent of this school district is strictly forbidden. The District prohibits the use of all aversive interventions in accordance with State law.

However, in situations where alternative procedures and methods that do not involve the use of physical force cannot reasonably be used, reasonable physical force may be used to:

(Continued)

VS001121

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

1. Protect oneself, another student, teacher, or any person from physical injury.
2. Protect the property of the school or others.
3. Restrain or remove a student whose behavior interferes with the orderly exercise and performance of school district functions, powers, and duties, if that student has refused to refrain from further disruptive acts.

The district will file all complaints about the use of corporal punishment with the Commissioner of Education in accordance with Commissioner's regulations.

## SECTION XII:  VISITORS TO THE SCHOOLS

The Board of Education encourages parents and other district citizens to visit the district's schools and classrooms to observe the work of students, teachers, and other staff.  While schools are a place of work and learning, certain limits must be set for such visits.  The building principal or designee is responsible for all persons in the building and on the grounds.  For these reasons, the following rules apply to visitors to the schools:

1. Anyone who is not a regular staff member or student of the school will be considered a visitor.
2. All visitors to the school must report to the designated visitor registration office upon arrival at the school.  There they will be required to sign the visitor's register and will be issued a visitor's identification badge, which must be worn at all times while in the school or on school grounds.  The visitor must return the identification badge to the same office before leaving the building and sign out.
3. Visitors attending school functions that are open to the public, such as parent-teacher organization meetings or public gatherings, are not required to register.
4. Parents or citizens who wish to observe a classroom while school is in session are required to arrange such visits in advance with the building administrator.
5. Visitors shall not take class time to discuss individual matters with staff unless previously arranged.
6. Any unauthorized person on school property will be reported to the principal or designee. Unauthorized persons will be asked to leave.  The police may be called if the situation warrants.
7. All visitors are expected to abide by the rules for public conduct on school property contained in this code of conduct.
8. A Building Principal shall have the authority to direct that a particular visitor not be on the building and/or grounds for a period not to exceed ten (10) days. In the event that the Building Principal believes a particular visitor should be prohibited from being on the building and/or grounds for more than ten (10) days, he or she shall refer the matter to the Superintendent of Schools. The

(Continued)

VS001122

| POLICY | 2014      7310 |
| --- | --- |
| | 30 of 34 |
| | Students |

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

Superintendent of Schools shall have the full authority on written notice to prohibit a visitor from being on the building and/or grounds for such period of time as the Superintendent of Schools may deem appropriate, specifically including a permanent prohibition of access to the property of the Vestal Central School District.

**SECTION XIII:  PUBLIC CONDUCT ON SCHOOL PROPERTY**

The district is committed to providing an orderly, respectful environment that is conducive to learning.  To create and maintain this kind of an environment, it is necessary to regulate public conduct on school property and at school functions.  For purposes of this section of the code, "public" shall mean all persons when on school property or attending a school function including students, teachers, and district personnel.

The restrictions on public conduct on school property and at school functions contained in this code are not intended to limit freedom of speech or peaceful assembly.  The district recognizes that free inquiry and free expression are indispensable to the objectives of the district.  The purpose of this code is to maintain public order and prevent abuse of the rights of others.

All persons on school property or attending a school function shall conduct themselves in a respectful and orderly manner.  In addition, all persons on school property or attending a school function are expected to be properly attired for the purpose they are on school property.

1.   Prohibited Conduct
     No person, either alone or with others, shall:
     a. Willfully cause physical injury to any other person, willfully destroy the property of another person, nor threaten to do so for the purpose of compelling or inducing such person to refrain from any act which he/she has a lawful right to do or to do any act which he/she has a lawful right not to do.
     b. Physically restrain or detain any other person, nor remove such person from any place where he/she is authorized to remain.
     c. Enter upon and remain in any building, facility, classroom, office, service, or utility area for any purpose other than its authorized use or in such a manner as to obstruct its authorized use by others.
     d. Refuse to leave any building or facility after being requested to do so by an authorized agent of the School District.
     e. Obstruct the free movement of persons or vehicles in any place to which these rules apply.

(Continued)

VS001123

| POLICY | 2014 | 7310 |
|--------|------|------|
|        |      | 31 of 34 |
|        | Students | |

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

    f.  Deliberately disrupt or prevent the peaceful and orderly conduct of classes and meetings or deliberately interfere with the freedom of any person to express his/her views, including invited speakers.

    g.  Willfully incite other to commit any of the acts herein prohibited with specific intent to procure them to do so.

    h.  Distribute or wear materials on school grounds or at school functions that are obscene, advocate illegal action, appear libelous, obstruct the rights of others, or are disruptive to the school program.

    i.  Intimidate or harass another person, including but not limited to intimidating or harassing based on race, color, creed, national origin, religion, age, gender, sexual orientation, weight or disability.

    j.  Discrimination against another person based on race, color, creed, national origin, religion, age, gender, sexual orientation, weight or disability.

    k.  Obstruct the free movement of any person in any place to which this code applies.

    l.  Violate the traffic laws, parking regulations, or other restrictions on vehicles.

    m.  Possess or use weapons in or on school property or at a school function, except in the case of law enforcement officers or except as specifically authorized by the school district.

    n.  Gamble on school property or at school functions.

    o.  Refuse to comply with any reasonable order of identifiable school district officials performing their duties.

    p.  Willfully incite others to commit any of the acts prohibited by this code.

    q.  Violate any federal or state statute, local ordinance, or board policy while on school property or while at a school function.

2.  Penalties

Persons who engage in prohibited conduct shall be subject to the following penalties:

    a.  Licensees or invitees will have the authorization to remain upon the District property withdrawn and they will be directed to leave the premises.  In the event of a failure or refusal to do so, they are subject to ejection.

    b.  Trespassers or visitors without specific license or invitation are subject to ejection.

    c.  Removal from the premises of the Vestal Central School District, including a permanent ban from access to the premises of the Vestal Central School District.  A Building Principal shall have the authority to direct that a person who engages in prohibited conduct be removed from the premises for a period not to exceed ten (10) days.  In the event that a building principal believes a particular

(Continued)

VS001124

| POLICY | 2014      7310 |
|--------|----------------|
|        | 32 of 34       |
|        | Students       |

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

person should be prohibited access to district property for a period of more than ten (10) days, he or she shall refer the matter to the Superintendent of Schools.  The Superintendent of Schools shall have full authority on written notice to prohibit a person from being on the building and/or grounds for such period of time as the Superintendent of Schools may deem appropriate, specifically including a permanent prohibition of access to the property of the Vestal Central School District.

d. Students, subject to expulsion or such lesser disciplinary action as the facts of the case may warrant, including suspension, probation, loss of privileges, reprimand, or warning in accordance with the provisions of Section 3214 of the State Education Law,  are subject to disciplinary action in accordance with the due process requirements.

e. Probationary teachers, guilty of misconduct and subject to dismissal or termination of employment or such lesser disciplinary action as the facts may warrant, including suspension without pay or censure, are subject to disciplinary action.

f. Tenured teachers, guilty of misconduct and subject to dismissal or termination of employment or such lesser disciplinary action as the facts may warrant, including suspension without pay or censure in accordance with the provisions of Section 3020-a of the State Education Law, are subject to disciplinary action.

g. Non-teaching employees in the classified service of the Civil Service, described in Section 75 of the civil Service Law, guilty of misconduct and subject to penalties prescribed in said section, are subject to disciplinary action.

h. District employees other than one described in subdivisions 4, 5, or 6, subject to dismissal, suspension without pay or censure as the facts may warrant, are subject to disciplinary action

i. All persons violating these rules may also be subject to penalties as provided in New York State Penal Law and other applicable laws

3. Enforcement

The building principal or designee shall be responsible for enforcing the conduct required by this code.

When the building principal or designee sees an individual engaged in prohibited conduct, which in his or her judgment does not pose any immediate threat of injury to persons or property, the principal or designee shall tell the individual that the conduct is prohibited and attempt to persuade the individual to stop.  The principal or designee shall also warn the individual of the consequences for failing to stop.  If the person refuses to stop engaging in the prohibited conduct or if the person's

(Continued)

<table>
<tr><td rowspan="2"># POLICY</td><td>2014</td><td>7310</td></tr>
<tr><td>Students</td><td>33 of 34</td></tr>
</table>

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

conduct poses an immediate threat of injury to persons or property, the principal or designee shall have the individual removed immediately from school property or the school function.  If necessary, local law enforcement authorities will be contacted to assist in removing the person(s).

The district shall initiate disciplinary action against any student or staff member, as appropriate, with the "Penalties" section above.  In addition, the district reserves its right to pursue a civil or criminal legal action against any person violating the code.

## SECTION XIV:   DISSEMINATION AND REVIEW

A.   Dissemination of the Code of Conduct

The Board of Education will work to ensure that the community is aware of this code of conduct by:

1.   Providing copies of summary of the code to all students at a general assembly held at the beginning of each school year
2.   Making copies of the code available to all parents at the beginning of the school year
3.   Mailing a summary of the code of conduct in written plain language to all parents of district students before the beginning of the school year and making this summary available later upon request
4.   Providing all current teachers and other staff members with a copy of the code and a copy of any amendments to the code as soon as practicable after adoption
5.   Providing all new employees with a copy of the current code of conduct when they are first hired
6.   Making copies of the code available for review by students, parents, and other community members

The Board will sponsor an in-service education program for all district staff members to ensure the effective implementation of the code of conduct.  The superintendent may solicit the recommendations of the district staff, particularly teachers and administrators, regarding in-service programs pertaining to the management and discipline of students.

The Board of Education will review this code of conduct every year and update it as necessary.  In conducting the review, the board will consider how effective the code's provisions have been and whether the code has been applied fairly and consistently.

Before adopting any revisions to the code, the board will hold at least one public hearing at which school personnel, parents, students, and any other interested party may participate.

(Continued)

VS001126

| POLICY | 2014 7310 |
|--------|-----------|
|        | 34 of 34  |
|        | Students  |

**SUBJECT:   CODE OF CONDUCT, (Cont'd)**

The Code of Conduct and any amendments to it will be filed with the Commissioner no later than 30 days after adoption.

Adopted 4/16/12
Amended 5/22/12
Amended 8/29/12
Amended 12/4/12
Amended 5/21/13
Amended 4/8/14

VS001127

| POLICY | 2012      7313 |
|--------|-------------------------------------|
|        | Students                            |

**SUBJECT:   SUSPENSION OF STUDENTS**

    The District will utilize disciplinary procedures consistent with applicable law and regulations, as well as its Code of Conduct.

Adopted 3/6/12

VS001128

| POLICY | 2018 | 7540 |
| --- | --- | --- |
| | Students | Page 1 of 3 |

## SUBJECT: DIGNITY FOR ALL STUDENTS ACT

The Board of Education recognizes that learning environments that are safe and supportive can increase student attendance and improve academic achievement. A student's ability to learn and achieve high academic standards, and a school's ability to educate students, is compromised by incidents of discrimination or harassment, including but not limited to bullying, taunting and intimidation. Therefore, in accordance with the Dignity for All Students Act, Education Law, Article 2, the District will strive to create an environment free of bullying, discrimination and/or harassment and will foster civility in the schools to prevent and prohibit conduct which is inconsistent with the District's educational mission. Since cyberbullying is a form of bullying, the term "bullying" as used in this policy will implicitly include cyberbullying even if it is not explicitly stated.

The District condemns and prohibits all forms of bullying, discrimination and/or harassment of students based on actual or perceived race, color, weight, national origin, ethnic group, religion, religious practice, disability, sexual orientation, gender, or sex by school employees or students on school property and at school-sponsored activities and events that take place at locations off school property. In addition, any act of bullying, discrimination and/or harassment, outside of school sponsored events, which can reasonably be expected to materially and substantially disrupt the education process may be subject to discipline.

### Dignity Act Coordinator

At least one (1) employee at every school shall be designated as the Dignity Act Coordinator(s). The Dignity Act Coordinator(s) will be thoroughly trained to handle human relations in the areas of race, color, weight, national origin, ethnic group, religion, religious practice, disability, sexual orientation, gender (identity or expression) and sex. The Board of Education shall appoint the Dignity Act Coordinator(s) and share the name(s) and contact information with all school personnel, students, and parents/persons in parental relation, which shall include, but is not limited to, providing the name, designated school and contact information by:

a)   Listing such information in the Code of Conduct and updates posted on the Internet website, if available;

b)   Including such information in the plain language summary of the Code of Conduct provided to all persons in parental relation to students before the beginning of each school year;

c) Providing such information to parents and persons of parental relation in at least one district or school mailing or other method of distribution including, but not limited to, sending such information home with each student and, if such information changes, in at least one subsequent district or school mailing or other such method of distribution as soon as practicable thereafter;

(Continued)

VS001129

| POLICY | 2018 | 7540 |
|--------|------|------|
| | Students | Page 2 of 3 |

**SUBJECT: DIGNITY FOR ALL STUDENTS ACT (Cont'd.)**

    d)    Posting such information in highly visible areas of school buildings;

    e)    Making such information available at the district and school-level administrative offices.

If a Dignity Act Coordinator vacates his/her position, another school employee shall be designated for an interim appointment as Coordinator, pending approval from the Board of Education, within thirty (30) days of the date the position was vacated. In the event a Coordinator is unable to perform the duties of the position for an extended period of time, another school employee shall be designated for an interim appointment as Coordinator, pending return of the previous Coordinator to the position.

**Training and Awareness**

The District shall establish guidelines for training which shall be approved by the Board of Education. Training will be provided each school year for all District employees in conjunction with existing professional development training to raise staff awareness and sensitivity of bullying, discrimination and/or harassment directed at students that are committed by students or school employees on school property or at a school function. Training will include ways to promote a supportive school environment that is free from bullying, discrimination and/or harassment, emphasize positive relationships, and demonstrate prevention and intervention techniques to assist employees in recognizing and responding to bullying, discrimination and/or harassment, as well as ensuring the safety of the victims.

Instruction in grades Kindergarten through 12 shall include a component on civility, citizenship and character education. Such component shall instruct students on the principles of honesty, tolerance, personal responsibility, respect for others, observance of laws and rules, courtesy, dignity and other traits which will enhance the quality of their experiences in, and contributions to, the community. For the purposes of this policy, "tolerance," "respect for others" and "dignity" shall include awareness and sensitivity to bullying, discrimination and/or harassment and civility in the relations of people of different races, weights, national origins, ethnic groups, religions, religious practices, mental or physical abilities, sexual orientations, genders and sexes.

Rules against bullying, discrimination and/or harassment will be included in the Code of Conduct, publicized District-wide and disseminated to all staff and parents. An age-appropriate summary shall be distributed to all students at a school assembly at the beginning of each school year.

**Reports and Investigations of Bullying, Discrimination and/or Harassment**

The District will investigate all complaints of bullying, discrimination and/or harassment, either formal or informal, and take prompt corrective measures, as necessary. Complaints will be investigated in

(Continued)

| POLICY | 2018 | 7540 |
|---|---|---|
| | Students | Page 3 of 3 |

**SUBJECT: DIGNITY FOR ALL STUDENTS ACT (Cont'd.)**

accordance with applicable policies and regulations. If, after an appropriate investigation, the District finds that this policy has been violated, corrective action will be taken in accordance with District policies and regulations, the Code of Conduct, and all appropriate federal or state laws.

The District will annually report material incidents of bullying, discrimination and/or harassment which occurred during the school year to the State Education Department Such report shall be submitted in a manner prescribed by the Commissioner, on or before the basic educational data system (BEDS) reporting deadline or such other date as determined by the Commissioner.

**Prohibition of Retaliatory Behavior (Commonly Known as "Whistle-Blower" Protection)**

Any person who has reasonable cause to suspect that a student has been subjected to bullying, discrimination and/or harassment by an employee or student, on school grounds or at a school function, who acts reasonably and in good faith and reports such information to school officials or law enforcement authorities, shall have immunity from any civil liability that may arise from making such report. The Board prohibits any retaliatory behavior directed at complainants, victims, witnesses and/or any other individuals who participated in the investigation of a complaint of bullying, discrimination and/or harassment.

**Publication of District Policy**

At least once during each school year, all school employees, students, and parents or persons in parental relation will be provided with a written or electronic copy of this policy, or a plain-language summary of it. The policy or summary will include information relating to how students, parents or persons in a parental relation, and school employees may report harassment, bullying, or discrimination. Additionally, the District will strive to maintain a current version of this policy on its website at all times.

Education Law §§ 10-18, 801-a, 2801, and 3214
8 NYCRR § 100.2

NOTE: Refer also to Policies #1330 -- Appointments and Designations by the Board of Education
#3420 – Notice of Non-Discrimination
#5670 – Records Management
#6411 – Staff Use of Computerized Information Resources
#7310 – Code of Conduct
#7551 -- Sexual Harassment of Students
#8242 – Civility, Citizenship, and Character Education/Interpersonal Violence Prevention Education
Adopted 8/29/12
Amended 2/27/18

VS001131

<table>
<tr><td rowspan="2"><strong>POLICY</strong></td><td>2013</td><td>7541<br>1 of 2</td></tr>
<tr><td>Students</td><td></td></tr>
</table>

**SUBJECT:  CYBERBULLYING**

The Board is committed to providing a school environment that is free from harassment, bullying and discrimination.  Harassment, discrimination, intimidation or bullying and acts of cyberbullying, as defined by New York Education Law Article Two and the Regulations of the Commissioner § 100.2 by students, staff or visitors toward students are strictly prohibited. Therefore, in accordance with such laws and regulations, conduct of this nature is subject to discipline in accordance with the District's Code of Conduct and District policy regarding internet safety and acceptable use.

Reports of harassment, bullying and discrimination shall be made to the appropriate Dignity Act coordinator.   Students and parents/guardians may make an oral or written report of harassment, bullying or discrimination to school teachers or administrators.

School employees who witness harassment, bullying or discrimination, or who receive an oral or written report of harassment, bullying or discrimination, shall promptly orally notify the appropriate Dignity Act coordinator not later than one  school day after such employee witnesses or receives a report of harassment, bullying or discrimination.   After oral notification, the school employee shall file a written report with the appropriate Dignity Act coordinator not later than two school days after making the oral report.

The appropriate Dignity Act coordinator shall lead or supervise a thorough investigation of all reports of harassment, bullying or discrimination, and ensure that said investigation is completed promptly after receipt of any written reports made.  In the event an investigation verifies harassment, bullying or discrimination, the District shall take prompt actions reasonably calculated to end the harassment, bullying or discrimination, eliminate any hostile environment, create a more positive school culture and  climate, prevent recurrence of the behavior, and ensure the safety of the student or students against whom  such harassment, bullying or discrimination was directed.  Retaliation against any individual who, in good faith, reports or assists in the investigation of harassment, bullying or discrimination, is strictly prohibited.

Individuals whose behavior is found to be in violation of this policy will be subject to discipline or removal from the premises in accordance with school policy, including the Code of Conduct.  If appropriate, individuals may also be referred to law enforcement officials.

(Continued)

VS001132

| POLICY | 2013 | 7541 |
| --- | --- | --- |
| | | 2 of 2 |
| | Students | |

**SUBJECT: CYBERBULLYING (Cont'd.)**

The appropriate Dignity Act coordinators shall make a report at least annually on data and trends related to harassment, bullying and discrimination to the Superintendent.

The Superintendent/designee shall establish procedures and guidelines that will include, but not be limited to, staff training and professional development, the method of reporting an incident believed to be in violation of this policy, the procedure for investigation and the prohibition of retaliation for reporting an incident. The District shall also provide required instruction supporting development of a school environment free of harassment, bullying and discrimination having an emphasis on discouraging acts of harassment, bullying (including cyberbullying) and discrimination and including instruction in the safe, responsible use of the Internet and electronic communications.

The Board will review this policy annually and will make any necessary modifications as required by the applicable laws and regulations. This policy and any amendments or addendums shall be published in the student handbook and on the District website. At least once each school year, the District shall provide all school employees, students and parents/guardians with a written or electronic copy of this policy and any other policy created by the District in compliance with the Dignity for All Student's Act.

If the Superintendent/designee or Principal designates a staff member to receive oral or written reports of harassment, bullying, or discrimination, then the School District shall publish the name and title of the designee to the school community as an addendum to this policy.

NYS Education Law §§ 10-13
8 NYCRR § 100.2
Adopted 5/21/13

VS001133