

EXHIBIT
I I
3/21/2019 ML

STATE OF NEW YORK : COUNTY OF BROOME

In the Matter of

█████████████████

A student of the Vestal Central School District

RECOMMENDATION OF THE HEARING OFFICER

Appearances:

█████████████████████████████████████████
██████████████████
██████████████

Hogan, Sarzynski, Lynch, DeWind & Gregory, LLP
PO Box 660
Binghamton, NY 13902-0660
Attorneys for Vestal Central School District
Wendy DeWind, Esq. of Counsel

     The student disciplinary hearing in this matter was held on October 4 and October 10, 2017. At the October 4, 2017 hearing, I found as a matter of fact and law that the School District met its burden of proof of establishing that █████████████ was insubordinate, disorderly, and engaging in conduct which endangered the safety, health, and welfare of others. Specifically, I found that on September, 2017████ (1) wrote the following formulas on a paper in his English folder -- $KClO_4 + AL$ (Atomized) $+ C = FP$, confined $FP = Fire = Boom!$, $Hno_3 + Hs_2O_4 + Glycerine = Dynamite$ and $KNO_3 + S + C = Epic$ Bpi, (2) on September 14, 2017 in Science Olympiad referred to a female, African American student as a "nigger", (3) sent a meme depicting Hitler pointing to baked cookies with the phrase "randomly deciding to bake something", (4) sent a meme of Shrek on Donald Trump's body "Shrek doesn't mind immigrants . . . as long as they stay out of his swamp!", and (5) retaliated against a student for reporting some of the above conduct.

VS001699

I further found at the October 4 hearing that ████'s conduct on violated the following provisions of the District Code of Conduct: (A) Engaging in conduct that is violent- specifically (5) threatening to use a weapon, and (E) Engaging in conduct that endangers the safety, health and welfare of others, specifically – (4) engaging in an act of discrimination and (20) engaging in a willful act which disrupts the normal operation of the school community.

Having made these findings, the remaining question for determination is the appropriate disciplinary penalty to recommend to the Superintendent of Schools for his consideration.

The record reflects that ████ is a 17 year old junior student whose date of birth is ████ ████ It is significant note that since ████ is no longer of compulsory school attendance age, the School District is not legally obligated to provide him with alternate instruction during the period of a suspension from school.

School attorney DeWind suggested at the hearing that I recommend to the Superintendent of Schools that ████ be suspended from instruction for the remainder of the 2017-2018 academic year. The disciplinary penalty recommended for my consideration is indeed a very substantial one particularly since, as noted above, the School District is not mandated to provide ████ with alternative instruction during the period of a suspension from school in light of his age.

Assistant Principal Caddick testified that ████'s actions made "people concerned and some people were fearful for their safety." (see page 94 of the transcript of the October 4 hearing). Ms. Caddick further noted that ████'s use of racially derogatory language is "totally inappropriate" (see page as of the October 4 hearing transcript).

████'s mother ████ ████ ████ testified that ████ comes from a hardworking family who values education. She notes that her son is not violent and she would like for the School District to work with her family cooperatively.

2

VS001700

███████ testified that it was never his intent to threaten anyone. He wishes that the District and his fellow students would attempt to see his side of things. He wishes that students bothered by his actions would approach him with their concerns person to person.

Reviewing the entire record, I am deeply troubled by ██████'s misconduct. I credit the concerns of veteran Assistant Principal Caddick that ██████'s actions produced real fear in his fellow students and are not acceptable in the public school environment. ██████'s use of discriminatory language is a direct violation of one of the most important provisions of the Code of Conduct. His retaliation against the student who reported legitimate concerns about ████████ school officials is likewise unacceptable.

Reviewing all the facts and circumstances in this case, I conclude that a very substantial disciplinary penalty is appropriate. I hereby recommend to the Superintendent of Schools that ██████████████ be suspended from instruction for the balance of the 2017-2018 academic year.

School attorney DeWind mentioned at the October 10 hearing the possibility of an eventual "contract of conduct" for ██████. A "contract of conduct" is an agreement between a suspended student and a superintendent of schools whereby the student is permitted to attend instruction with the understanding that violation of school rules will result in reimposition of the underlying suspension. Significantly, the decision as to whether to offer a "contract of conduct" to a student and the timing of any such offer rests in the sound discretion of the Superintendent of Schools.

There are certain factors pointing in favor of an eventual "contract of conduct" for ██████. First, I note the active interest of both his parents and ████████████ in ██████'s educational career. Second, ██████ is obviously articulate and intelligent with tremendous potential. Third, I note that an overly-long absence from the high school may be detrimental to ██████'s educational progress. All these factors lead me to conclude that ██████ is indeed an appropriate candidate for

3

an eventual "contract of conduct". As noted above, the Superintendent of Schools will determine if and when to offer ▓▓▓▓ a "contract of conduct".

Factors which will likely be important to the Superintendent of Schools in his decision include whether ▓▓▓▓ receives professional counseling to improve his social skills as well as his performance in any alternate educational programming offered to him by the School District.

Michael D. Sherwood,
Hearing Officer

Dated: October 17, 2017

4

VS001702



**VESTAL, NEW YORK 13850**

Jeffrey J. Ahearn
*Superintendent*
*201 Main Street*
*Vestal, NY 13850*
*(607) 757-2241*
*FAX: (607) 757-2227*

To:          ██████████, Student
             ██████████████████, Parents
             ████████████████
             ████████████

PLEASE TAKE NOTICE, that in accordance with Education Law Section 3214(3), I have personally reviewed the original notice of hearing of September 28, 2017, the transcripts of the hearings of October 4, 2017 (pages 1 through 98), District Exhibits 1-11; and October 10, 2017 (pages 1-37) and hereby accept in all respects the findings of fact of Hearing Officer Michael D. Sherwood dated October 17, 2017 regarding guilt. ████████ is determined to be guilty of the charges contained in the notice of hearing.

I have personally reviewed the notice of hearing dated September 28, 2017, the transcripts of the hearings of October 4, 2017 (pages 1-98), District Exhibits 1-11; and October 10, 2017 (pages 1-37) and hereby accept in all respects the recommendations of Hearing Officer Michael D. Sherwood dated October 17, 2017 with relationship to punishment.

The student is suspended upon instruction for the remainder of the 2017-2018 school year. After the winter break, ████████ and his parents may apply to the Superintendent for a Contract of Conduct. ████████'s work with a School District tutor and any outside counseling will be considered in my decision regarding the application for a Contract of Conduct. Additionally, ████████ is hereby prohibited from entering school property and school functions until further notice.

████████ is hereby advised under Education Law Section 3214(3) that he may appeal from this decision to the Board of Education. The Board shall make a decision based solely upon the record in this proceeding. Written notice of a request for an appeal to the Board of Education must be received in the office of the Clerk of the Board of Education within 30 calendar days from the date of this notice.

Dated: October 27, 2017

_____
Jeffrey J. Ahearn, Superintendent

e/o

cc:     Michael Sherwood, Esq.
        Wendy DeWind, Esq.
        Clifford Kasson, Principal

**Challenge          Support                    Foster                    Invest**

VS001703

EXHIBIT

LL

3/26/24 9 ml

STATE OF NEW YORK : COUNTY OF BROOME

In the Matter of

▓▓▓▓▓▓▓▓▓▓▓▓

A student of the Vestal Central School District

### RECOMMENDATION OF THE HEARING OFFICER

Appearances:

Hogan, Sarzynski, Lynch, DeWind & Gregory, LLP
PO Box 660
Binghamton, NY 13902-0660
Attorneys for Vestal Central School District
Cameron Daniels, Esq. of Counsel

The student disciplinary hearing in this matter was held on March 28, 2018. At the hearing, I found as a matter of fact and law that ▓▓▓▓▓▓▓▓▓▓ was insubordinate, disorderly, and engaged in conduct which endangered the safety, morals, health, and welfare of others. I found specifically that ▓▓▓▓ in March 2018: (a) posted a video in which she discussed blowing up the school, (b) in the video referred to another student or employee as a "dumb bitch", (c) stated "I hate this fucking school so much", (d) repeatedly used inappropriate language, (e) stated that she was "fucking done with this school" and "it's fucking retarded", (f) posted harassing remarks and comments in text messages and on social media, specifically she used the words "cry baby", "dumbass", and "fucking pussy" in regards to other students, and (g) threatened to throw an object at a student in a classroom.

I further found that ▓▓▓▓'s conduct in March 2018 violated the following provisions of the Code of Conduct: (A) Engaging in conduct that is disorderly, specifically - (5) engaging in a willful act which disrupts the normal operation of the school community, (D) Engaging in conduct that is violent, specifically - (5) threatening to use any weapon as noted in the

1

definition of weapon in Section II, and (E) Engaging in conduct that endangers the education, safety, morals, health and welfare of others- specifically engaging in (5) harassment, (6) intimidation, and (20) engaging in any willful act which disrupts the operation of the school community. Having made these findings, the remaining question for determination is the appropriate disciplinary penalty to recommend to the Superintendent of Schools for his consideration.

The record reflects that ███████████ is a 15 year old ninth grade student whose date of ███████████ It is significant to note that since ████████ still of compulsory school attendance age, the School District is required to provide her with alternate instruction during the period of a suspension from school.

School attorney Daniels suggested at the hearing that I consider recommending to the Superintendent of Schools that ████████ be suspended from instruction for any remainder of the 2017-2018 school year and for the entire 2018-2019 academic year. While, as indicated above, the School District is required to provide ████████ with alternate instruction during the period of any suspension from school in light of her age, the disciplinary penalty suggested for my consideration is nonetheless a very substantial one.

████████'s anecdotal disciplinary record was admitted into evidence as Exhibit # 8. ████████'s disciplinary history contains a number of troubling entries including: (1) a February 8, 2017 incident of cyberbullying for which she was referred to juvenile law enforcement, (2) a June 7, 2017 incident of cyberbullying for which she was again referred to juvenile law enforcement, and (3) incidents of inappropriate posts on social media including on January 31, 2018 for which ████████ was suspended out of school for three school days. The record reflects that the School District has utilized progressive discipline in dealing with ████████'s disciplinary problems.

Assistant principal Young has serious concerns about ████████'s pattern of name-calling and targeting other students. She notes that ████████ has often engaged in bullying activity.

VS001706

Reviewing all the facts and circumstances in this case, I am especially troubled by the seriousness of ████'s misconduct in March 2018. Her posting a treat to blow up the school in a video and her persistent posting of harassing remarks and comments in text messages and on social media are simply unacceptable in the public school environment. Considering the seriousness of ████'s March 2018 misconduct in light of her poor disciplinary history, I conclude that a very serious disciplinary penalty is warranted in this case. I therefore hereby recommend to the Superintendent of Schools that ████████ be suspended from instruction for the remainder of the 2017-2018 academic year and for the entire 2018-2019 academic year.

As discussed above, the School District needs to provide ████ with alternate education since she is still of compulsory school attendance age and the details of the alternate educational program will be developed by the Superintendent of Schools in conjunction with high school officials.

Michael D. Sherwood,
Hearing Officer

Dated: April 10, 2018

3

VS001707



**VESTAL CENTRAL SCHOOLS**

VESTAL, NEW YORK 13850

**Jeffrey J. Ahearn**
*Superintendent*
*201 Main Street*
*Vestal, NY 13850*
*(607) 757-2241*
*FAX: (607) 757-2227*

TO:     ████████████, Student
        ███████████████████████, Parents of ████████████
        ████████████████
        █████████████

PLEASE TAKE NOTICE, that in accordance with Education Law § 3214 (3), I have personally reviewed the notice of hearing of March 28, 2018 and the transcript of hearing of March 28, 2018, pages 1 through 23 and Exhibits 1 through 8, and hereby accept in all respects the findings of fact and recommendations of Hearing Officer Michael D. Sherwood dated April 10, 2018, in relation to guilt, which is attached. ████████ is, therefore, determined to be guilty of the charges contained in the notice of hearing.

I have personally reviewed the notice of hearing dated March 28, 2018, the anecdotal record, and the transcript of hearing of March 28, 2018, pages 1 through 23 and Exhibits 1 through 8, and hereby accept in all respects the findings of fact and recommendations of Hearing Officer Michael D. Sherwood dated April 10, 2018 in relation to punishment.

It is my determination that ██████████████████ be hereby suspended for the remainder of the 2017-2018 academic year and for the entire 2018-2019 academic year. However, as ████████ is still of compulsory school attendance age, she will be placed in an alternate educational program determined by high school officials.

████████ is hereby advised under Education Law § 3214 (3) that she may appeal from this decision to the Board of Education. The Board shall make a decision based solely upon the record in this proceeding. Written notice of a request for an appeal to the Board of Education must be received in the office of the Clerk of the Board of Education within 30 calendar days from the date of this notice.

Dated: April 12, 2018

Superintendent of Schools

mrl
Enclosure

cc:    Michael Sherwood, Esq.
       Cameron Daniels, Esq.
       Clifford Kasson, Principal

**Challenge          Support          Foster          Invest**

VS001708

EXHIBIT
GG
3/21/2019

STATE OF NEW YORK : COUNTY OF BROOME

_____

In the Matter of



A student of the Vestal Central School District

_____

## RECOMMENDATION OF THE HEARING OFFICER

Appearances:

 Parent

Hogan, Sarzynski, Lynch, DeWind & Gregory, LLP
Attorneys for Vestal Central School District
PO Box 660
Binghamton, NY 13902-0660
Amy Lucenti, Esq. of Counsel

     The student disciplinary hearing in this matter was held on June 24, 2014. At the hearing

the Prince family and the School District entered into a stipulated understanding whereby it was

agreed that ▮▮▮▮ engaged in the misconduct outlined in specifications a through h in the June 11,

2014 Notice of Hearing and that his conduct violated the provisions of the Code of Conduct

specified in the Notice of Hearing. Based on the stipulated agreement, the remaining question for

determination is the appropriate disciplinary penalty to recommend to the Superintendent of

Schools for his consideration.

     The record reflects the fact that ▮▮▮▮▮▮▮▮ has finished his freshman year at Vestal

High School. ▮▮▮▮ is a 15 year old student whose d▮▮▮▮▮▮▮▮▮▮▮ It is

significant to note that the School District would have a legal obligation to provide ▮▮▮▮ with

alternate instruction in the event of a suspension from school for so long as he remains of

compulsory school attendance age.

-1-

RECEIVED
JUL 0 3 2014
Hogan, Sarzynski,
Lynch, DeWind & Gregory, LLP
VS001741

The record further reflects that ⬛⬛⬛ is classified as a student with a disability by the Committee on Special Education. The Committee on Special Education met on June 24, 2014 and determined that ⬛⬛⬛'s misconduct outlined in the Notice of Hearing was not a manifestation of his disability.

School attorney Lucenti suggested at the hearing that I consider recommending to the Superintendent of Schools that ⬛⬛⬛ be suspended from instruction for the entire 2014-2015 academic year through June 2015. As indicated above, ⬛⬛⬛ would be eligible for alternate instruction in the event of a suspension from school since he will still be of compulsory school attendance age during the upcoming school year. Since ⬛⬛⬛ is classified as a student with a disability, he would also be entitled to services to be provided by the School District so that he can progress toward meeting the goals expressed in his Individualized Education Plan. These considerations notwithstanding, the disciplinary penalty suggested for my consideration is indeed a very substantial one.

Assistant Principal Caddick testified at the hearing regarding her many concerns about ⬛⬛⬛'s misconduct. I note ⬛⬛⬛'s misconduct (which amounts to assault) could readily have resulted in permanent physical injury to the male student involved in the incident. ⬛⬛⬛'s conduct was unjustified and is simply unacceptable in the public school environment. ⬛⬛⬛ compounded the problem by sending messages of a threatening nature to his girlfriend after the violent episode.

Reviewing all the facts and circumstances in this case, I conclude that a very substantial disciplinary penalty is indeed appropriate. I therefore hereby recommend to the Superintendent of Schools that ⬛⬛⬛ be suspended from instruction for the entire 2014-2015 academic year through June 2015.

2

VS001742

School attorney Lucenti mentioned at the hearing the possibility of an eventual "contract of conduct" for ▓▓▓▓. A "contract of conduct" is an agreement between a suspended student and a superintendent of schools whereby the suspended student is permitted to attend instruction with the understanding that violation of school rules will result in reimposition of the underlying suspension. It is important to note that the decision as to whether to offer a "contract of conduct" to a suspended student and the timing of any such offer both lie in the sound discretion of a superintendent of schools.

There are several factors in this case which point in favor of an eventual "contract of conduct" for ▓▓▓▓▓ First, I note the active interest of both ▓▓▓▓'s father and grandmother in his educational career as witnessed by their helpful participation at the June 24, 2014 hearing. Second, I note that ▓▓▓▓ was polite and cooperative in connection with the recent end of year testing process. Third, I note that an extended absence from instruction may interfere with ▓▓▓▓'s ability to graduate with his class. These factors lead me to conclude that ▓▓▓▓ indeed appears to be an appropriate candidate for an eventual "contract of conduct".

As indicated above, both the decision to offer a "contract of conduct" to a student and the timing of any such offer are up to the Superintendent of Schools. With respect to the timing on any eventual "contract of conduct", I find that the beginning of the second semester of the 2014-2015 academic year appears to be an appropriate commencement date. The Superintendent of Schools will make a final decision as to whether to offer ▓▓▓▓ a "contract of conduct" and the timing of any offer. Factors likely to be considered by the Superintendent include ▓▓▓▓'s performance in any alternate program to be offered to him by the School District, including attendance, behavior and effort expended.

Michael D. Sherwood,
Hearing Officer

Dated: July 1, 2014

3

VS001743



**VESTAL, NEW YORK 13850**

**Mark D. LaRoach**
*Superintendent*
*201 Main Street*
*Vestal, NY 13850*
*(607) 757-2241*
*FAX: (607) 757-2227*

 Student
Guardian

PLEASE TAKE NOTICE, that in accordance with Education Law Section 3214(3), I have personally reviewed the notice of hearing dated June 11, 2014, the transcript of the hearing of June 24, 2014 (pages 1 through 19), and Exhibits 1-5; and hereby accept in all respects the findings of fact of Hearing Officer Michael D. Sherwood dated July 1, 2014 regarding guilt. ████ is determined to be guilty of the charges contained in the notice of hearing.

I have personally reviewed the notice of hearing dated June 11, 2014, the transcript of the hearing of June 24, 2014 (pages 1 through 19), and Exhibits 1-5; and hereby accept in all respects the findings of fact of Hearing Officer Michael D. Sherwood dated July 1, 2014 with relationship to punishment.

It is my decision that ████ be suspended from instruction for entire 2014-2015 academic year, through June of 2015. Please contact the building principal's office immediately, to arrange for alternative education during the period of suspension.

A Contract of Conduct may be offered to ████ effective the beginning of the second semester of the 2014-15 school year, upon review of the building principal of ████'s attendance, achievement, behavior and any other factors, which indicate compliance with the following expectations in any educational setting:

* Student will comply in all aspects with the rules and regulations established by the Board of Education and school administration, as well as all of the rules of conduct set forth in the Student Handbook;

* Student will attend all scheduled classes on a regular basis;

* Student will participate actively and successfully in all scheduled classes.

████ is hereby advised under Education Law Section 3214(3) that he may appeal from this decision to the Board of Education. The Board shall make a decision based solely upon the record in this proceeding. Written notice of a request for an appeal to the Board of Education must be received in the office of the Clerk of the Board of Education within 30 calendar days from the date of this notice.

Dated: July 21, 2014

Mark D. LaRoach

kml
pc:    Amy Lucenti, Esq.
       Michael Sherwood, Esq.
       Catherine Hepler, High School Principal
LaRoach\SUSP-Z Prince-Decision

**Challenge**          **Support**          **Foster**          **Invest**

VS001739

VESTAL CENTRAL SCHOOL DISTRICT

AGREEMENT OF STUDENT'S TRANSFER FOR
ALTERNATIVE EDUCATION DURING SUSPENSION
UPON INSTRUCTION

The School District is planning to provide alternative instruction to ████████████ during his suspension upon instruction.   The parties have agreed that the **West Learning Center** is appropriate to provide such alternative instruction and agree as follows:

1.      The student and student's parent(s) were notified in writing that the Principal was considering recommending to the Superintendent of Schools that the student be transferred, that an informal conference was scheduled for Monday, August 25, 2014 at 10:00 a.m. and that the student and person in parental relationship had a right to be accompanied to the conference by counsel or an individual of their choice.

2.      The student and student's parent(s) attended the informal conference and discussed the behavior and academic problems indicative of the need for transfer, the alternatives available to the student, and any prior actions taken to resolve the problem.

3.      The student and student's parent(s) understand that they have a right to a written recommendation for the transfer by the Principal to the Superintendent, that the recommendation would include a description of the topics of discussion outlined in paragraph 2 above, and that they have a right to receive a copy of that recommendation.  The student and student's parent(s) understand that they have a right to a hearing upon written notice of the Superintendent's determination to consider the principal's recommendation for transfer.   The purpose of the hearing is to determine whether the student would benefit from the transfer or would receive an adequate and appropriate education at another school.  They further understand that they have a right to counsel at the hearing.   The student and student's parent(s) understand that they have ten days to request a hearing and that the proposed transfer shall not take effect, except upon written parental consent, until the ten day period has elapsed or, if a fair hearing is requested, until after a formal decision following the hearing is rendered, whichever is later.   The student and student's parent(s) hereby waive a right to a hearing regarding the proposed transfer as well as all of the other aforementioned rights.

4..      The student and student's parent(s) agree that the student will be transferred to **West Learning Center** for the purpose of providing alternative instruction during the suspension or pursuant to a contract of conduct.

5.   The District agrees that it will allow the student to return as of the date of the termination of the suspension or pursuant to a contract of conduct.

| Date | | Person in Parental Relationship |
|---|---|---|
| 8/25/14 | | |
| Date | | Person in Parental Relationship |
| 8/25/14 | | |
| Date | | Student |
| 8/21/14 | | |
| Date | | Superintendent of Schools |

The word "Parent(s)" as used in this form includes person(s) in parental relation to the student.

Form 3-2



**VESTAL CENTRAL SCHOOLS**

VESTAL, NEW YORK 13850

**Mark D. LaRoach**
*Superintendent*
*201 Main Street*
*Vestal, NY 13850*
*(607) 757-2241*
*FAX: (607) 757-2227*

NOTICE BY SUPERINTENDENT OF SCHOOLS
OF INVOLUNTARY TRANSFER

TO:     , Student
                        Guardian

In accordance with Education Law Section 3214(5), you are advised that I am transferring ▓▓▓▓▓▓▓ to the West Learning Center, effective September 3, 2014.

My action is based upon the recommendations of the Principal and the documents submitted to me. I understand that you received a notice from the Building Principal for an informal conference and that you did attend that conference, agreed to the involuntary transfer, and that you received a copy of the recommendation of the Building Principal for the involuntary transfer.

DATED:   August 26, 2014

Mark D. LaRoach

kml
pc:    Catherine Hepler
       Michael Sherwood, Esq.
       Amy Lucenti, Esq.
       LaRoach/SUSP-Z Prince-Inv Transfer

**Challenge          Support          Foster          Invest**

VS001733

EXHIBIT

HH

3/21/2018

STATE OF NEW YORK : COUNTY OF BROOME

In the Matter of

████████████

A student of the Vestal Central School District

### RECOMMENDATION OF THE HEARING OFFICER

Appearances:

████████████  ████████████
████████████
████████████

Hogan, Sarzynski, Lynch, DeWind & Gregory, LLP
PO Box 660
Binghamton, NY 13902-0660
Attorneys for Vestal Central School District
Cameron Daniels, Esq. of Counsel

The student disciplinary hearing in this case was held on May 30, 2018. At the hearing I found as a matter of fact and law that the School District established by substantial and competent evidence that ████████ was insubordinate, disorderly and engaged in conduct which endangered the safety, health, and welfare of others. Specifically, I found that ████████, while at the BOCES West Learning Center on May 16, 2018: (a) threatened other students and employees, (b) stated "you just wait until I become a serial killer, you'll be sorry" or words to that effect, (c) stated, "If you touch me I will stab you in the throat with my pencil" or words to that effect, (d) stated, "I'm gonna fucking kill all of you and your family. You can watch me kill your family" or words to that effect, (e) stated, "If not today than the next day, I'm gonna come to school with a 12 gauge and put it to your fucking head" or words to that effect.

I further found at the hearing that ████████'s conduct on May 16, 2018 violated the following provisions of the Student Discipline Code:

1

VS001710

A.   Engaging in conduct that is disorderly – specifically: (5) engaging in a willful act which disrupts the normal operation of the school community

C.   Engaging in conduct that is disruptive – specifically: (1) failing to comply with the directions of a teacher, school administrator or school employee

D.   Engaging in conduct that is violent –specifically: (1) committing an act of violence upon a teacher, administrator or school employee or attempting to do so, (2) committing an act of violence upon another student or attempting to do so, and (5) threatening to use a weapon.

E.   Engaging in conduct that endangers the education, safety health and welfare of others – specifically: (5) engaging in harassment, (6) engaging in intimidation and (20) engaging in a willful act which disrupts the normal operation of the school community

Having made these findings the remaining question for determination is the appropriate disciplinary penalty to recommend to the Superintendent of Schools for his consideration.

The record reflects that ███████ is a 16 year old tenth grade student whose date of birth is ████████████. While ███████ is classified as a student with a disability, the Committee on Special Education met on May 30, 2018 and determined that his misconduct on May 16, 2018 was not a manifestation of his disability. It is nevertheless significant to note that if ███████ is suspended from school, the School District would have the obligation to provide him with alternate instruction so that he can make progress toward achieving his IEP goals.

School attorney Daniels suggested at the hearing that I consider recommending to the Superintendent of Schools that ███████ be suspended from instruction for one calendar year. While, as indicated above, ███████ as a special education student would be entitled to alternate education services during the period of a suspension from instruction, the disciplinary penalty suggested for my consideration is nonetheless a very substantial one.

Reviewing the record, I credit assistant principal Haynes' clear and convincing testimony regarding ███████ misconduct on May 16 ███████ s actions that day frightened other students and staff and created a clear and present danger both to the other students and to staff. The fact

2

VS001711

that ████████ lost his temper to the extent that six staff members were needed to restrain him demonstrates how out of control he was that day.

████████'s parents testified that they believe the proposed suspension is too long. They are concerned that an overly long suspension might result in ████████ dropping out of school.

Reviewing the facts and circumstances in this matter, I am deeply troubled by the seriousness of ████████'s misconduct on May 16. His threatening actions and language are simply unacceptable in the public school environment. While I sympathize with the concerns raised by ████████'s parents, the School District is responsible for maintaining a safe and orderly environment for the benefit of its students and staff.

Taking all the relevant factors into consideration, I conclude that a very substantial disciplinary penalty is warranted in this case. I therefore hereby recommend to the Superintendent of Schools that ████████████ be suspended from instruction for the period of one calendar year.

Michael D. Sherwood,
Hearing Officer

Dated: June 6, 2018

3

VS001712



VESTAL, NEW YORK 13850

Jeffrey J. Ahearn
*Superintendent*
*201 Main Street*
*Vestal, NY 13850*
*(607) 757-2241*
*FAX: (607) 757-2227*

TO: ██████████████
    ██████████, Parent of ████████████
    ██████████

PLEASE TAKE NOTICE, that in accordance with Education Law § 3214 (3), I have personally reviewed the notice of hearing of May 30, 2018 and the transcript of hearing of May 30, 2018, pages 1 through 47, Exhibits 1 through 4, and hereby accept in all respects the findings of fact and recommendations of Hearing Officer Michael D. Sherwood dated June 6, 2018 in relation to guilt, which is attached. ████████ is, therefore, determined to be guilty of the charges contained in the notice of hearing.

I have also personally reviewed the notice of hearing of May 30, 2018 and attached anecdotal record and the transcript of hearing of May 30, 2018, pages 1 through 47, Exhibits 1 through 4, and hereby accept in all respects the findings of fact and recommendations of Hearing Officer Michael D. Sherwood dated June 6, 2018 in relation to punishment.

It is my determination that ████████ be, and hereby is, suspended from instruction for the period of one calendar year beginning on July 1, 2018 and ending on June 30, 2019. However, as ████ is of compulsory school age and is a Special Education student, the Vestal School District has agreed to provide home instruction during this time period so that ████ can make progress toward achieving his IEP goals.

You are hereby advised under Education Law § 3214 (3) that you may appeal from this decision to the Board of Education. The Board shall make a decision based solely upon the record in this proceeding. Written notice of a request for an appeal to the Board of Education must be received in the office of the Clerk of the Board of Education within 30 calendar days from the date of this notice.

Dated: June 26, 2018

Jeffrey J. Ahearn
Superintendent of Schools

JJA/mrl
Attachment

**Challenge**          **Support**          **Foster**          **Invest**

VS001709