UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DEBRA SPERO**, as Natural Mother of V.S.,
an infant,

       PLAINTIFFS                      **Civil Action No.**: 3:17:CV-7 (GTS-DEP)

-VS-

**VESTAL CENTRAL SCHOOL DISTRICT
BOARD OF EDUCATION, VESTAL CENTRAL
SCHOOL DISTRICT, JEFFREY AHEARN**, Superintendent
of Schools**,** and **ALBERT A. PENNA**, Interim Principal
of Vestal High School, in their Individual and Official
Capacities,

       DEFENDANTS
_____

Pursuant to Local Rule 7.1(a)(3), Plaintiffs, by and through counsel, Legal Services of Central New York, Inc. submit the following Response to Defendants' Statement of Material Facts and states as follows:

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Deny to the extent that Fact 5 is alleging that V.S. and his family were afforded full hearing rights. (Hearing Transcript at VS000154-156, VS000265, attached to Payne Decl. as Ex. E. )

6. Admit.

7. Admit.

1

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit Plaintiff was suspended from Middle School for two weeks in March 2011 for being in possession of a Suisse Army Knife. Deny the remainder of defendants' Fact 13 to the extent they attempt to characterize plaintiff's disciplinary records, which are in the record and speak for themselves. (Defs' Motion Ex. 13.)

14. Admit.

15. Admit.

16. Deny there are "approximately thirty" referrals in V.S.'s disciplinary record. (Defs' Motion Ex. 15.) Deny the remainder of Defendants' Fact 16 to the extent they attempt to characterize plaintiff's disciplinary record, which speaks for itself.

17. Deny as unsupported. The record cited does not establish plaintiff was found "guilty" of insubordination and lying.

18. Deny in part as hearsay, inadmissible for the truth of the matter asserted. Plaintiff further denies the Defendants' Fact 18 to the extent defendants attempt to characterize plaintiff's disciplinary record, which speaks for itself.

19. Admit.

20. Deny as hearsay, inadmissible for the truth of the matter asserted.

21. Admit the video was submitted as evidence in plaintiff's hearing. Deny to the extent Defendants attempts to characterize the video, which is in the record and speaks for itself.

22. Deny as hearsay, inadmissible for the truth of the matter asserted. Plaintiff further object to the use of the video referenced in defendants' Fact 21 on the grounds it is inadmissible under Rule 404(b)(1) of the Federal Rules of Evidence to show plaintiff allegedly acted in accordance with his character.

23. Deny. (Grade Report of V.S. ("V.S. Report Card") attached to Payne Decl. as Ex. AA; Summary of Plaintiff's Academic Status as of January 18, 2017 attached to Payne Decl. As Ex. TT.) Admit if plaintiff passed all of his classes in the 2016-2017 school year he would graduate with a regent's diploma. Deny to the extent that defendants are using testimony to characterize plaintiff's grade reports, which are in the record and speak for themselves.

24. Deny to the extent that defendants attempt to characterize plaintiff's attendance records which are in the record and speak for themselves. (Defs' Motion Ex. 18.)

25. Admit.

26. Admit.

27. Admit.

28. Admit.

29. Admit.

30. Admit.

31. Admit.

32. Admit to the extent defendants are referring to written records of the complaints V.S. made. (Deposition of V.S. ("V.S. Dep.") 24:14-19, attached to Payne Decl. as Ex. GG).

33. Admit plaintiff alleged some students of color were sat in the back. Deny Ms. Caddick was the first person plaintiff made a complaint to regarding the seating arrangement. (V.S. Dep, 24:14-19, 26:17-25, 27:16-24.)

34. Deny. The seating arrangement was changed the day after V.S. reported the arrangement to Mr. Kasson. (V.S. Dep. 27:16-24, 28:16-21.)

35. Admit.

36. Admit.

37. Deny. (Sign in Sheet for the Ass't Principal's Office ("Sign in Sheet") attached as Ex. T to the Payne Decl.; V.S. Dep. 39:1-40:6.)

38. Deny. (V.S. Dep. 38:14-25.)

39. Deny. (V.S. Dep. 38:14-25.)

40. Deny (V.S. Dep. 38:14-25.)

41. Admit Ms. Dyer asked plaintiff to leave the classroom. Deny the request was in response to plaintiff's use of his phone. (V.S. Dep. 38:14-25.)

42. Deny. (V.S. Dep. 39:23-25.)

43. Admit plaintiff called Ms. Dyer a "fucking racist". Deny in part to the extent that it is alleged in the context outlined above. (V.S. Dep. 38-40:6; Sign in Sheet, Payne Ex. T))

44. Admit.

45. Admit.

46. Deny in part as unsupported. The record cited by Defendants does not establish I.D. and plaintiff were directed to wait for the assistant principals. (V.S. Dep: [Defs' Motion Ex 3] pp. 42-43.) Admit plaintiff and I.D. were directed to sit apart.

47. Admit.

4

48. Admit.

49. Admit.

50. Admit.

51. Admit.

52. Admit.

53. Admit.

54. Admit.

55. Admit.

56. Admit.

57. Deny in part. Plaintiff did claim Ms. Dyer used the "n word" (V.S. Dep. 47:17-19.) Admit he alleged Ms. Dyer had seated some students of color in the back of the room in September.

58. Admit.

59. Deny as hearsay, inadmissible for the truth of the matter asserted.

60. Deny. (V.S. Dep. 51:7-24.)

61. Deny. (V.S. Dep. 51:19-21.)

62. Admit.

63. Deny. (V.S. Dep. 51:7-24.)

64. Deny. (V.S. Dep. 51:7-24.)

65. Admit Ms. Dyer notified Ms. Caddick about the alleged incident. Deny to the extent that it assumes a fact not in evidence i.e. that plaintiff made the alleged statements. (V.S. Dep. 51:7-24.)

66. Admit.

67. Admit.

68. Admit.

69. Admit Ms. Caddick asked Ms. Dyer to provide a written summary of the alleged incident. Deny to the extent Defendants assume a fact not in evidence i.e. that plaintiff made the alleged intimidating comments. (V.S. Dep. 51:7-24.)

70. Admit Ms. Dyer sent an email to Ms. Caddick describing the alleged incident. Deny to the extent Defendants assume a fact not in evidence i.e. that plaintiff made the alleged intimidating comments. (V.S. Dep. 51:7-24.)

71. Admit.

72. Deny. (V.S. Dep. 59:9-15.)

73. Admit.

74. Admit a meeting was held between the listed parties where they informed plaintiff he would be suspended. Deny to the extent Defendants assume a fact not in evidence i.e. that plaintiff made the alleged intimidating comments. (V.S. Dep. 51:7-24.)

75. Deny as unsupported. Defendants citations do not support the asserted fact that plaintiff had been talking about where Ms. Dyer lived. (B. Spero Dep. [Defs' Motion Ex 5] pp. 12-13; Kasson Dep, [Defs' Motion Ex. 10] pp 47-48.)

76. Deny in part. Brittany Spero did not tell Plaintiff he did not know what racism was. (Deposition of Brittany Spero ("B. Spero Dep.") 14:24-15:1, attached to Payne Decl. as Ex. EE.) Admit the remainder of Fact 76.

77. Admit.

78. Deny. (V.S. Dep: 24:14-19, 26:17-25, 27:16-24; Deposition of Deborah Caddick ("Caddick Dep.")155-156, attached to Payne Decl. as Ex. W; Deposition of Katherine

Dyer ("Dyer Dep.") 44-43, attached to Payne Decl. as Ex. BB.) Admit to the extent Defendants mean a written DASA complaint. Deny to the extent defendants assume DASA complaints are required to be in writing.

79. Admit.

80. Deny as hearsay, inadmissible for the truth of the matter asserted.

81. Admit.

82. Admit.

83. Admit.

84. Admit.

85. Admit.

86. Deny in part as Fact 86 assumes a fact not in evidence, that plaintiff engaged in the alleged intimidation efforts. (V.S. Dep. 51:7-24.) Admit the remainder.

87. Admit.

88. Admit.

89. Deny in part as a mischaracterization. The testimony of Mr. Kasson cited was in reference to the December 9th and December 12th investigation and not the initial five student investigation. (Kasson Dep. [Defs' Motion Ex. 10] pp 62-64,85-87, 89-90; Defs' Motion Ex. 25.) The questionnaire was not created until December 8th. (Defs' Motion Ex. 25; Caddick Dep. 96:19-23.) Deny Mr. Kasson and Ms. Caddick were unaware of plaintiffs claim Ms. Dyer used the "N-word." (V.S. Dep. 47:17-19.)) Deny Ms. Caddick interviewed any of the five students. (Deposition of Clifford Kasson ("Kasson Dep.") 80-81 attached to Payne Decl. as Ex. X) Deny Mr. Kasson asked any of the five students open ended questions. (*Id.*)

90. Deny as hearsay, inadmissible for the truth of the matter asserted.

91. Admit.

92. Deny to the extent that Defendants attempt to characterize plaintiff's tweets, which are documents in the record and speak for themselves.

93. Admit.

94. Deny to the extent that Defendants attempt to characterize plaintiff's tweets as "angry" the tweets are in the record and speak for themselves.

95. Admit.

96. Deny to the extent that Defendants attempt to characterize plaintiff's Snapchat video, which is in the record and speaks for itself. (Snapchat Video, Defs' Motion Ex 17) Deny the Snapchat video shows a woman handling "ammunition." (Snapchat Video, Defs' Motion Ex. 17).  Admit the video does not identify the woman as plaintiff's sister Brittany.

97.  Deny to the extent that Defendants attempt to characterize plaintiff's Snapchat video, which is in the record and speaks for itself.

98. Admit.

99. Admit.

100.  Deny as hearsay, inadmissible for the truth of the matter asserted.

101.  Admit.

102. Deny.  Deposition of M.D. ("M.D. Dep.") 59:4-8.(". . . I didn't even see the video so I mean I'm speaking on rumors. Pretty much everything I'm speaking on is a rumor. . .", 75:6-13, attached to Payne Decl. as Ex. Z.)

103.  Deny as hearsay, inadmissible for the truth of the matter asserted.

104. Deny as hearsay, inadmissible for the truth of the matter asserted.

105. Admit.

106. Admit.

107. Admit.

108. Admit.

109. Admit.

110. Admit.

111. Deny. SRO Talbut called Ms. Caddick at approximately 11:20 a.m. (Caddick Dep. 56:13-14; Talbut Dep. 36:1-2.) The leadership meeting was scheduled to end at 11:15 a.m. (Minutes and Schedule from Dec. 8, 2016 Leadership Team Meeting attached to Payne Decl. as Ex. II.)

112. Deny in part as unsupported. Defendants' citations do not support the assertion SRO Talbut told Ms. Caddick, Mr. Kasson and Defendant Penna plaintiff "might be planning an attack on the school." Admit SRO Talbut showed the administrators the video and tweets during that meeting and subsequently e-mailed them the social media postings. Deny the characterization that "several" students had approached SRO Talbut prior to his initial meeting with the administrators. (Caddick Dep. 58:17-21.)("A couple of girls were concerned.") Deny SRO Talbut showed them a "video of a girl in the hospital." (Snapchat Video, Defs' Motion Ex. 17.)

113. Admit.

114. Admit.

115. Deny in part as unsupported. Defendants citation does not support the assertion J.P.'s mother called because she was concerned about the Snapchat video. (Talbut Dep. [Defs' Motion Ex. 8] p. 41.) Admit J.P.'s mother called SRO Talbut.

116. Admit.

117. Deny in part as hearsay, inadmissible for the truth of the matter asserted. The citations provided do not establish Mr. Kasson, or Superintendent Ahearn personally received any phone calls. The fact that secretaries or guidance counselors relayed to Mr. Kasson, Mr. Ahearn or Principal Penna that they received phone calls is inadmissible hearsay. Deny Principal Penna received two phone calls on December 8th. (Deposition of Albert Penna ("Penna Dep.") 196, 220-223, 307-308, attached to Payne Decl. as Ex. V.) Principal Penna's testimony shows he was confused about when he received the two calls he alleges he received. (*Id.*)

118. Deny in part as unsupported. The citation provided does not establish the assertion that students were reporting that plaintiff "might be planning to attack the school." (Talbut Dep. [Defs' Motion Ex. 8] 41-42.) Admit eight to ten students approached SRO Talbut between the time he first spoke to J.P. and the time he left to visit plaintiff's house.

119. Deny as hearsay, inadmissible for the truth of the matter asserted. Mr. Kasson has no personal knowledge of the alleged fact and was relaying what he allegedly heard from secretaries and counselors. (Kasson Dep. 106-107; 111:19-21.)("People were calling, secretaries were keeping us abreast of what they were hearing. It was that type of situation.")

120. Admit.

121. Deny in part as unsupported.  The testimony cited does not support the assertion or characterization that teachers and other staff members had any disruption in their classes. Admit the remainder of the paragraph.

122. Defendants' "Fact" 122 constitutes a speculative and conclusory argument not a statement of material fact.  Accordingly, it is not appropriately included in Defendants' statement and does not require a response. Further, Deny. (Phone note showing Mr. Spero's call to Dr. Penna at 12:27 p.m. on December 8, 2016 attached to Payne Decl as Ex HHH; Caddick Dep. 87:16-88:3; Kasson Dep. 106:6-8; 111:13-15; 112:1-7; 113:8-12; Caddick Notes of Call between Dr. Penna and Mr. Spero attached to Payne Decl. as Ex. D; Penna Notes attached to Payne Decl. Ex. I.)

123. Deny as hearsay, inadmissible for the truth of the matter asserted. Mr. Kasson has no personal knowledge of the alleged fact and was relaying what he allegedly heard from secretaries and counselors. (Kasson Dep. 142:14-143:9.)

124.  Deny in part.  The citations provided do not support the assertion Principal Penna was "notifying [Mr. Spero] of the problem with the gun video." (Penna Dep.,[Defs' Motion Ex. 11] 184-185) Admit Defendant Penna spoke with Mr. Spero and informed him plaintiff would have an additional suspension.  Mr. Spero called to inform Principal Penna of the false rumors about his son. (Ex. D to Payne Decl. "Caddick Notes of Spero/Penna Phone Call")

125.  Deny as hearsay, inadmissible for the truth of the matter asserted. Deny as mischaracterization. ("Caddick Notes of Spero/Penna Phone Call, Payne Decl. Ex. D.)

11

126. Deny as unsupported. The citation provided in support of the alleged fact does not prove the assertion the class was "entirely taken up with students discussed (sic) Plaintiff's posts and gun video." (Dauber Dep. [Defs' Motion Ex. 7] 22-23.)

127. Deny as unsupported. The citation provided does not support the assertion M.D. described the alleged fear as lasting "the entire school day." (Dauber Dep. [Defs' Motion Ex. 7] 34-35.)

128. Admit to the extent that M. D. stated that "more than one person suggested Plaintiff might be planning to "shoot up the school." Deny as inadmissible hearsay to the extent that it is offered for the truth of the matter asserted based upon what others may have said.

129. Admit.

130. Admit.

131. Deny as unsupported. The citations provided do not support the assertion that SRO Talbut advised plaintiff his social media posts "caused significant concern at school." (Talbut Dep. [Defs' Motion Exhibit 8] p. 45; Vincent Spero Dep. [Defs' Motion Exhibit 3] p. 107.)

132. Deny as unsupported. The citations provided do not support the assertion that Plaintiff "confessed" to anything. (Talbut Dep. [Motion Exhibit 8] p. 45; Kasson Dep. [Motion Exhibit 10] pp.116-117; Vincent Spero Dep. [Motion Exhibit 3] pp. 103-104.)

133. Admit.

134. Deny in part as unsupported. Brittany Spero was not upset with V.S. for posting the video on social media because she didn't see anything wrong with it. (B. Spero Dep. 30:16-19.) Admit that Brittany Spero was the woman in the video and she did not know that V.S. recorded her.

135. Admit.

136. Admit.

137. Deny as unsupported. The citation provided does not support the assertion plaintiff was told his social media posts cause significant concern at the school. (Vincent Spero Dep. [Defs' Motion Exhibit 3] pp. 110-112; Defs' Motion Exhibit 24 p. 1.). Admit plaintiff posted the additional tweets after learning the he was suspended again.

138. Admit.

139. Admit.

140. Admit.

141. Deny. (Penna Dep. 226:13-20; 250:14-20; Deposition of Conor Talbut ("Talbut Dep.") 45-46:8, attached to Payne Decl. as Ex Y.)  Further, defendants' Fact 141 constitutes a speculative and conclusory argument, not a statement of fact.  Accordingly, it is not appropriately included in Defendants' statement of material facts.

142. Deny as unsupported.  The citation provided does not support the assertion that the inquiries were "expressing concern about Plaintiff's posts and intentions that day." (Talbut Dep. [Defs' Motion Exhibit 8] pp 48-49.) Admit three or four students approached SRO Talbut to discuss the social media posts.

143. Admit.

144. Deny as hearsay, inadmissible for the truth of the matter asserted.

145. Deny as hearsay, inadmissible for the truth of the matter asserted.

146. Deny as unsupported. The citation provided by Defendants does not support that the administrators were "sequestered" due to the amount of phone calls. (Penna Dep. [ Defs' Motion Exhibit 11] p. 189.)

147. Deny as hearsay, inadmissible for the truth of the matter asserted.

148. Admit.

149. Deny in part as unsupported. Defendants' characterization of "multiple students" is not supported by the citations in support of their asserted fact. (Caddick Dep. [Defs' Motion Exhibit 9] pp. 89-91; Kasson Dep. [Defs' Motion Exhibit 10] p. 110; Talbut Dep. [Defs' Motion Exhibit 8] pp. 46-47.) Admit S.C. and C.G. were escorted to the office but Deny it was out of concern over Plaintiff's posts and intentions. (Talbut Dep. 46:11-47:15.)

150. Deny in part to the extent that it is alleged the students were concerned about plaintiff's social media posts. (Talbut Dep. 46:11-47:15.) Admit SRO Talbut reassured the students.

151. Deny as hearsay, inadmissible for the truth of the matter asserted.

152. Deny. (M.D. Dep. 36:17-20)("I called him after school to ask him . . . how his conversation went with whoever he called.); M.D. Dep. 59:4-8(". . . I didn't even see the video so I mean I'm speaking on rumors. Pretty much everything I'm speaking on is a rumor. . ."; M.D. Dep. 75:6-13.) Admit M.D. testified that she told her father a lot of people thought plaintiff might "shoot up the school."

153. Deny. Ms. Caddick and Mr. Kasson spent the end of the day on December 8th preparing for the investigation into plaintiff's earlier allegation of a discriminatory seating arrangement in Ms. Dyer's class. (Caddick Dep. 96:19-23.) This investigation was unrelated to plaintiff's social media posts. (Kasson Dep. 86:3-87:4; Deposition of Superintendent Ahearn ("Ahearn Dep.") 110:10-13, attached to Payne Decl. as Ex U; *see also* Defs' Statement of Material Fact 165.)

154. Admit.

155. Admit.

156. Deny. (Suspension Letter, Defs' Motion Ex. 25; Caddick Dep. 16:21-18:12; "Penna Notes of Case Against V.S." attached to Payne Decl. as Ex. I.)

157. Admit.

158. Admit.

159. Deny. (M.D. Dep. 23:23-25:12.)

160. Defendants' Fact 160 constitutes a speculative and conclusory argument, and opinion of Mr. Kasson, not a statement of material fact. Accordingly, it is not appropriately included in Defendants' statement of material facts. Further Deny as unsupported, the citation provided by defendants does not establish the fact there was a "continuous disruption" after December 8th.

161. Defendants' Fact 161 constitutes a speculative and conclusory legal conclusion not a statement of material fact. Accordingly, it is not appropriately included in Defendants' statement of material facts.

162. Deny as hearsay, inadmissible for the truth of the matter asserted.

163. Deny to the extent defendants assert the "fallout" was from the SnapChat and not their decision to suspend V.S. and the subsequent hearings and protests (Talbut Dep. 57:24-59:2.)

164. Deny in part as unsupported. The citations do not establish the two parents called regarding concerns about Plaintiff or the gun video. (Caddick Dep. [Defs.' Motion Exhibit 9] pp. 131-132.) Admit Ms. Caddick received only two calls from parents from December 8th to the 15th and one parent expressed concern over the disruption to Ms. Dyer's class.

165. Admit.

166. Admit.

167. Admit.

168. Deny.  Defendants' "Fact" 168 constitutes a speculative and conclusory argument not a statement of material fact.  Accordingly, it is not appropriately included in Defendants' statement and does not require a response.

169. Admit.

170. Admit.

171. Admit.

172. Admit.

173. Deny as hearsay, inadmissible for the truth of the matter asserted. Further, Deny. (Hearing Transcript at VS000275-277, 279.)

174. Deny as hearsay, inadmissible for the truth of the matter asserted. Further, Deny. (Hearing Transcript at VS000275-277, 279.)

175. Deny as hearsay, inadmissible for the truth of the matter asserted. Further, Deny. (Hearing Transcript at VS000272-273,275-277, 279.)

176. Deny to the extent Defendants' attempt to characterize B.H.'s disciplinary history which is a document in the record and speaks for itself.

177. Admit.

178. Deny. (V.S. Dep. 47:17-19.)

179. Admit.

180. Deny to the extent Defendants' attempt to characterize plaintiff's superintendent hearing notice, which is a document in the record and speaks for itself.

181. Deny. (Dec 9, 2016 pre-suspension and suspension letters attached to Payne Decl. as Ex. UU and Ex. H; Notice of Superintendent Hearing, Defs' Motion Ex. 29.)

182. Admit.

183. Admit.

184. Admit.

185. Admit.

186. Deny to the extent that Fact 186 offers an opinion on Mr. Benjamin's litigation tactics and not a material fact.

187. Deny in part to the extent that Fact 187 asserts that Plaintiff was afforded the right to representation by counsel of his choice. (Hearing Transcript at VS000154-156, VS000265.)

188. Admit.

189. Admit.

190. Admit.

191. Admit to the extent that Plaintiff was suspended through January 5, 2017. Deny the remainder. (D. Spero Dep. 61:16-23.)

192. Admit.

193. Admit.

194. Deny. (Caddick Dep. 140:2-141:2.)

195. Admit.

196. Deny. (Ahearn Dep. 286:19-287:3; Affidavit of Supt. Ahearn ¶¶ 29-33 dated May 15, 2017 attached to Payne Decl. as Ex. DDD.)

197. Admit.

198. Deny. (Penna Dep. 174:20-22; 175:17; 176:8-10; 178:14-15; Ahearn Dep. 207:15-25; 285:11-25; 286:19-287:3.)

199. Admit.

200. Admit.

201. Admit.

202. Admit.

203. Admit.

204. Admit.

205. Admit.

206. Deny as hearsay, inadmissible for the truth of the matter asserted.

Dated: June 17, 2019
Oneonta, New York

                                                  Respectfully submitted,
/s/ Willa Payne_____
Willa S. Payne, Esq. (Bar No: 517751)
Susan M. Young, Esq. (Bar No: 102862)
Joshua Cotter, Esq. (Bar No:518217)
LEGAL SERVICES OF CENTRAL NEW YORK
221 S. Warren Street, Suite 300
Syracuse, NY 13202
wpayne@lscny.org