UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**DEBRA SPERO, as Natural Mother of V.S., an infant,**

           Plaintiffs,

v.

**VESTAL CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, VESTAL CENTRAL SCHOOL DISTRICT, JEFFREY AHEARN, Superintendent of Schools, ALBERT A. PENNA, Interim Principal of Vestal High School, DEBORAH CADDICK and CLIFFORD KASSON, in their Individual and Official Capacities,**

           Defendants,

REPLY AFFIDAVIT OF CHARLES C. SPAGNOLI, ESQ. SUPPORTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OPPOSING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

Civil Action No.: 3:17-cv-00007 (GTS/DEP)

STATE OF NEW YORK   )
                               ) ss.:
COUNTY OF ONONDAGA )

CHARLES C. SPAGNOLI, being duly sworn, deposes and says:

1.    I am an attorney duly licensed to practice law in the State of New York and am counsel to Defendants Vestal Central School District Board of Education ("Board"), Vestal Central School District ("District"), Jeffrey Ahearn, and Albert A. Penna. Former defendants Deborah Caddick and Clifford Kasson have been dismissed from this litigation.

2.    I make this reply affidavit of my own personal knowledge and am fully competent to testify as to all matters herein.

3.    Plaintiffs in their opposition papers to Defendants' summary judgment motion have claimed certain of Defendants' Motion Exhibits are hearsay. This is not true as the documents fall under the business records exception to the hearsay rule.

1

4. A superintendent's hearing pursuant to New York Education Law § 3214 was conducted with respect to Plaintiff Vincent Spero on December 20, 2016; January 17, 2017; January 25, 2017; January 30, 2017; and January 31, 2017.

5. Additional relevant pages from the transcript of the January 31, 2017 superintendent's hearing date are presented herewith as Motion Exhibit 38 (continuing exhibit numbering sequentially from Defendants' original motion papers).

6. The document referenced in those pages as District Exhibit 8 in the superintendent's hearing is the same document as was presented with Defendants' original motion papers as Motion Exhibit 16. In fact, Motion Exhibit 16 is a copy of the former District Exhibit 8 with the motion sticker placed over the spot where the "Exhibit 8" sticker formerly appeared.

7. The document referenced in those pages as District Exhibit 10 in the superintendent's hearing is the same document as was presented with Defendants' original motion papers as Motion Exhibit 27. In fact, Motion Exhibit 27 is a copy of the former District Exhibit 10.

8. The document referenced in those pages as District Exhibit 11 in the superintendent's hearing is the same document as was presented with Defendants' original motion papers as Motion Exhibit 28. In fact, Motion Exhibit 28 is a copy of the former District Exhibit 11.

### Reply to Plaintiffs' Response to Statement of Material Facts

9. Plaintiffs' denial of SMF 5 is not supported by the record evidence they cite (Payne Exhibit E pp. VS 154-156, 265).

10. Plaintiffs repeatedly purport to deny paragraphs of the SMF on the ground that the paragraphs characterize documents in the record. This is improper under Local Rule 7.1(a)(3) and does not supply any record citation actually controverting the matters asserted. Thus, the denials of this nature appearing in the responses to SMF 13, 16, 18, 23, 24, 92, 94, 96, 97, 176, and 180 are invalid.

11. In response to SMF 16, Plaintiffs deny the record evidence cited shows there were approximately thirty referrals for Plaintiff in the disciplinary histories. In fact, there are at least twenty-seven in Motion Exhibit 16, including two (and possibly more) on December 3, 2015; two on January 6, 2016; two on January 22, 2016; and three on November 22, 2016. (Motion Exhibit 16.)

12. Plaintiffs' response to SMF 17 is not responsive, as the paragraph did not state Plaintiff was "found" guilty of insubordination and lying, it said he was simply *guilty* of those offenses. (Motion Exhibit 16.)

13. Plaintiffs purport to deny SMF 18, 173, 174, and 175 on the ground that the record evidence relied upon – Motion Exhibits 16, 27, and 28 – is inadmissible hearsay. They are admissible under the business records exception to the hearsay rule. (See Additional excerpts from transcript of January 31, 2017 superintendent's hearing [Motion Exhibit 38] pp. 50-52; paragraphs 6-8 *supra*.)

14. Plaintiffs purport to deny SMF 20 as relying on hearsay. However, SMF 20 simply stated certain reports occurred. The record cites set forth in SMF 20 establish those reports did, in fact, occur. As such, the denial is improper, as it does not address the matter actually asserted.

15. Plaintiffs, in paragraph 22 of their response, purport to object to use of the video referenced in SMF 21 (not SMF 22), arguing it is inadmissible to show Plaintiff acted in accordance with his character. This is inapposite to the assertions of SMF 21, which are that the administrators were aware of the gas station confrontation video at the time of the disciplinary decisions at issue here.

16. The denials of SMF 23, 34, 43, and 72 are unavailing because the records relied upon by Plaintiff do not actually contradict the matters asserted in those paragraphs.

17. The denial of SMF 37 is unavailaing because the material relied upon to establish when I.D. was sent to the assistant principals' office is inapposite and also is inadmissible hearsay on that point.

18. With regard to Plaintiffs' response to SMF 75, the citation to the deposition of Mr. Kasson (Kasson Dep. [Motion Exhibit 10] pp. 47-48) does, in fact, support the matter asserted, as it states Plaintiff "did admit to us saying he knew where she [Ms. Dyer] lived." Defendants note that through inadvertant error, the citation to the deposition testimony of Brittany Spero indicated only pages 12 and 13 thereof, and the citation should have read "(Brittany Spero Dep. [Motion Exhibit 5] pp. 12-14)."

19. With regard to Plaintiffs' response to SMF 76, the record citations should have included the following: "(Caddick Dep. [Motion Exhibit 9] p. 52)."

20. With regard to Plaintiffs' claim that SMF 80, 104, 125, 128, and 147 rely on hearsay, the argument and denial are meritless because the statements are not offered for the truth of the matters asserted, and thus are not hearsay.

21. As to SMF 89, Plaintiffs assert that the record evidence cited does not pertain to the initial questioning of five students by Mr. Kasson. However, they then cite Payne Exhibit X

4

(Mr. Kasson's deposition) at pages 80-81, in which Mr. Kasson clearly testifies that he asked open-ended questions or the initial five students, as asserted in paragraph 89 of the SMF: "[I said] somewhere along the lines of a situation happened in class, can you please tell me what you know about it, and. About a student making a statement *or teacher making that statement,* that type of thing."

22. Plaintiffs also deny SMF 90 as hearsay. As Mr. Kasson performed the interviews of the initial five statements, he is in a position of personal knowledge as to whether any of them reported any racial slur had been used by Ms. Dyer in the interviews. (Kasson Aff. ¶ 4.) The record evidence relied upon is thus not hearsay, by definition.

23. Similarly, Plaintiffs' claim that SMF 100 relies on hearsay is meritless. For one thing, Officer Talbut's testimony is from personal knowledge, since he was shown the tweets and gun video by a student on the student's own phone. (Talbut Dep. [Motion Exhibit 8] pp. 30-34.)

24. Nor is the record evidence in SMF 103 inadmissible hearsay, contrary to Plaintiffs, since it would fall under the "excited utterance" exception. (See Dauber Dep. [Motion Exhibit 7] pp. 26-27.)

25. Plaintiffs' denial of SMF 111 is meritless. The time a meeting is scheduled to end has no probative value as to the time it actually ends on a given day, and based upon personal experience, is usually better viewed as a guide to when the meeting will *not* be finished. Thus, the citations Plaintiffs rely on do not actually contradict the matters asserted.

26. Plaintiffs' denial of the assertion in SMF 112 that Officer Talbut showed the administrators a video of a girl in the hospital is not supported by the record evidence they cite, which is simply a recording of the gun video. Ms. Caddick specifically testified that Officer

5

Talbut also showed them a video of a girl in the hospital. (Caddick Dep. [Motion Exhibit 9] p. 59.)

27. Plaintiffs' partial denial of SMF 115 amounts to quibbling; the cited record evidence does, in fact, reasonably support the assertion that J.P.'s mother called Officer Talbut due to concern about the gun video.

28. Regarding Plaintiffs' denial of SMF 117, 119, and 123 as based on hearsay, they were in fact based on personal knowledge of Mr. Kasson. (See Kasson Reply Aff. ¶¶ 4-7.) Further, Defendants provide herewith further affidavit testimony from personal knowledge pertaining to some of the same facts asserted. (See Wallach Reply Aff. ¶ 3.) Finally, contrary to Plaintiffs, Dr. Penna's testimony does not show he was confused about when he received the calls; the excerpts from Dr. Penna's deposition transcript relied on by Plaintiffs perain to two different sets of calls. (See Payne Exhibit V pp. 196, 220-223, 307-308.)

29. Notwithstanding Plaintiffs' claim that SMF 122 is a "speculative and conclusory argument," it actually sets forth facts that are supported by record evidence on point and not actually contradicted by the record evidence Plaintiffs rely upon. (See also Kasson Reply Aff. ¶¶ 4-7.)

30. As to SMF 124, contrary to Plaintiffs, the record evidence cited does show Defendant Penna was notifying Mr. Spero of the problem with the gun video. (See Penna Dep. [Motion Exhibit 11] p. 185: "I described to him what we were looking at, what had occurred...") Further, Payne Exhibit D, cited by Plaintiffs, clearly shows Defendant Penna described the problems at the District and that they were prompted by the gun video.

31. Plaintiffs' denial of SMF 126 as unsupported is baseless. The record evidence cited includes testimony by M.D. that "the whole class would kind of just be talking about it." (Dauber Dep. [Motion Exhibit 7] p. 23.)

32. Plaintiffs' denial of SMF 127 as unsupported is also baseless. The record evidence cited includes testimony by M.D. that "[t]he idea that he was going to do anything involving violence was there for a day." (Dauber Dep. [Motion Exhibit 7] p. 35.)

33. The objection that SMF 128 is hearsay fails because the quoted statement qualifies for the "excited utterance" exception. (Dauber Dep. [Motion Exhibit 7] p. 34.)

34. As to SMF 131, the citation to the deposition of Plaintiff supports the matter asserted, as Plaintiff testified the officers indicated that the students had said they were concerned about the video. (Plaintiff's Dep. [Motion Exhibit 3] p. 107.) Similarly, Officer Talbut's cited testimony was that he discussed why the officers were there, upon which Plaintiff said he "understood that why people were concerned about [the gun video], seeing a weapon, all that." (Tauber Dep. [Motion Exhibit 8] p. 45.)

35. Plaintiff's denial of SMF 132 amounts, again, to quibbling. The cited record evidence shows Plaintiff confessed (in the sense of admitted or asserted) the matters asserted, regardless of whether the specific term "confessed" was used.

36. Regarding Plaintiffs' partial denial of SMF 137, the same observations are apposite as were made above with respect to SMF 131.

37. Contrary to Plaintiffs, SMF 141 was not a "speculative and conclusory argument" but a fact supported by record evidence. In addition to the record evidence cited in SMF 141, Defendants direct the Court's attention to Payne Exhibit Y p. 82.

38. With regard to Plaintiffs' denial of SMF 142, Defendants note that the citation to the deposition testimony of Officer Talbut was missing a page. (See Talbut Dep. [Motion Exhibit 8] p. 46.)

39. Plaintiffs' denial that record evidence supported the assertion in SMF 146 that the administrators were "sequestered" is perplexing. Dr. Penna testified that "we were sequestered in the office. I do not have the names of the individuals but parents came in, phones were ringing." (Penna Dep. [Motion Exhibit 11] p. 189.)

40. Concerning Plaintiffs' arguments that SMF 144, 145, and 147 were founded on hearsay, see Wallach Reply Aff. ¶¶ 3-4. Also, with regard to SMF 144 specifically, the record evidence cited at SMF 144 includes Dr. Penna's testimony upon his own personal knowledge that two students (C.G. and S.C.) came to his office and were concerned about remaining in school. (Penna Dep. [Motion Exhibit 11] p. 243.)

41. Plaintiffs' denial that SMF 149 was unsupported in certain respects is meritless. The cited record evidence directly supports the specific matters Plaintiffs quote. (See Talbut Dep. [Motion Exhibit 8] pp. 46-47.)

42. Plaintiffs' denial of SMF 150 is not addressed to the matters actually asserted in SMF 150, and is thus baseless.

43. In regard to SMF 152, the record citation is affected by a typographical error. It should cite to Dauber Dep. [Motion Exhibit 7] pp. 35-37, not to Vincent Spero Dep. [Motion Exhibit 3] p. 37.

44. Plaintiffs' denials of SMF 156 and 159 are not supported by citations to record evidence actually contradicting the matters asserted in those paragraphs. (With regard to SMF 159, see particularly Dauber Dep. [Motion Exhibit 7] p. 25 lines 22 to 23.)

8

45. Contrary to Plaintiffs, SMF 160 does not present a "speculative and conclusory argument," but an assertion of fact supported by the record evidence cited. The assertion of "continuous disruption" is specifically supported.

46. Contrary to Plaintiffs, SMF 161 does not present a "speculative and conclusory argument" either, but an assertion of fact supported by the record evidence cited.

47. As to SMF 162, Plaintiffs' denial based on hearsay is inapposite, as the statements are not offered to prove the truth of the matters asserted by the speakers.

48. Regarding SMF 181, Plaintiffs' denial is not supported by citations to record evidence actually contradicting the matters asserted.

49. With regard to SMF 187, see the comments with respect to Plaintiffs' response to SMF 5, above.

50. Regarding SMF 191, Plaintiffs' denial is not supported by citations to record evidence actually contradicting the matters asserted.

51. With respect to Plaintiffs' response to SMF 194, see errata clarifying answer, at Payne Exhibit W p. 175.

52. Finally, as to Plaintiffs' response to SMF 196, the record evidence cited by Plaintiffs does not actually contradict the matters asserted.

_____
CHARLES C. SPAGNOLI

Sworn to before me this 24th day of June, 2019.

_____
Notary public

FREDERICK R. WESTPHAL
Notary Public, State of New York
Qualified in Cayuga Co. No. 02WE6221908
My Commission Expires May 10, 20__