UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DEBRA SPERO**, as Natural Mother of
V.S., an infant,

                Plaintiffs,

v.

**VESTAL CENTRAL SCHOOL DISTRICT
BOARD OF EDUCATION, VESTAL CENTRAL
SCHOOL DISTRICT, JEFFREY AHEARN,**
Superintendent of Schools, **ALBERT A. PENNA,**
Interim Principal of Vestal High School,
**DEBORAH CADDICK and CLIFFORD KASSON,**
in their Individual and Official Capacities,

                Defendants,
_____

| | |
|---|---|
| | **REPLY AFFIDAVIT OF JEFFREY AHEARN** |
| | Civil Action No.: 3:17-cv-00007 (GTS/DEP) |

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF BROOME    )

       JEFFREY AHEARN, being duly sworn, deposes and says:

       1.      I am the superintendent of schools for Defendant Vestal Central School District (hereinafter "District") and am individually named as a defendant in this litigation. I make this reply affidavit of my own personal knowledge and am fully competent to testify as to all matters herein.

       2.      I am advised that in response to Defendants' motion for summary judgment, Plaintiffs have claimed I adopted a finding by Hearing Officer Michael Sherwood that Plaintiff Vincent Spero was guilty of insubordination – that is, "failing to comply with the directions of a school administrator or otherwise demonstrating disrespect" – because Plaintiff had been

1

instructed by an administrator not to speak about a prior suspension but did so anyway. That is not true.

3. I did not suspend Plaintiff based on his having ignored any instruction not to speak about his previous suspension. I did not impose any penalty for disregarding any such instruction, and it had no bearing on my decision as to the length of the suspension.

4. I did not and do not read the hearing officer's recommendation that Plaintiff be found insubordinate as based on Plaintiff having disregarded an administrator's instruction not to talk about a prior suspension. Instead, I read that finding as based on Plaintiff having "otherwise demonstrat[ed] disrespect." In any event, I would have given Plaintiff the same length of suspension, based just on the disruption he caused at the District by posting the gun video, regardless of whether he had also committed insubordination.

5. If Plaintiff's tweets had not involved allegations of racism, but had the same tone of anger, and the gun video in the context of the tweets had produced the same level of disruption at the District as actually occurred, I would have given Plaintiff the same length of out-of-school suspension.

6. I would have given Plaintiff the same length of out-of-school suspension regardless of whether any administrator had or had not instructed him not to speak about his prior suspension.

_____
Jeffrey Ahearn

Sworn to before me this 21st
day of June, 2019.

_____
Notary public

MICHELLE R. LEWIS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01LE6369888
Qualified in Tioga County
My Commission Expires 01-22-2022

2