

June 26, 2019

Via Electronic Filing

Honorable Glenn Suddaby
Federal Building and U.S. Courthouse
P.O. Box 7396
Syracuse, NY 13261

  Re: Spero v. Vestal Central School District, et al.,
     Case No.: 17-cv-0007

Dear Judge Suddaby:

  We write to request the Court strike from consideration defendants' untimely argument that plaintiff's tweets are defamatory and not protected speech under the First Amendment. Defs' Mem at 1-4. In the alternative, plaintiff requests, pursuant to Local Rule 7.1(c), the opportunity to file a sur-reply to address the new arguments first raised by defendant's reply.

  Although courts have discretion to consider arguments first raised on reply, this Court has recognized it is "the rare case" in which such arguments should be considered. *Gilmore v. Bouboulis,* 2016 U.S. Dist. LEXIS 115315, at *64 (N.D.N.Y. 2016)(Suddaby, C.J.) Indeed, other Courts have also found it appropriate to strike arguments from consideration that were first raised in reply papers. *Shanks v. Vill. of Catskill Bd. of Trs.*, 653 F. Supp. 2d 158, 165 (N.D.N.Y. 2009) (disregarding an argument first made in reply papers that the plaintiff's speech was not protected under the First Amendment) (Sharpe, J.); *Advanced Fiber Techs. Tr. v. J&L Fiber Servs.*, 2010 U.S. Dist. LEXIS 46426, at *6 (N.D.N.Y. 2010) (striking an argument first raised in reply from consideration.)(Kahn, J.)

  Defendants argue in their reply brief that plaintiff's tweets are defamatory and thus not protected speech. Defs' Mem. at 1-4. This is the first time that argument has been made in this litigation.[1] In defense of the belated inclusion of this argument defendants assert they did not include it in their opening brief because there are issues of fact as to whether plaintiffs' speech is protected. Defs' Mem. at fn. 2. This argument is disingenuous at best. Any inquiry into the protected status of speech is an issue of law, not fact. *Connick v. Myers*, 461 U.S. 138, 148, n. 7 (1983). It is for the Court to determine in the first instance whether the speech at issue is defamatory. *See Celle v. Filipino Reporter Enters.*, 209 F.3d 163, 177 (2d Cir. 2000) *quoting Aronson v. Wiersma*, 65 N.Y.2d 592, 593 (1985). For example, whether the speech at issue is a protected opinion is a legal question for the court to decide. *See Mr. Chow of N.Y. v. Ste. Jour Azur S.A.,* 759 F.2d 219, 226 (2d Cir. 1985). Making that determination requires the court to

---

[1] Defendants have not raised this argument in their Answer, response to plaintiffs' motion for a preliminary injunction, their first motion for summary judgment, or in the opening brief of their second motion for summary judgment.

June 10, 2019
Page 2

engage in a detailed analysis of the allegedly defamatory speech. *Id.* (setting forth the required legal analysis to determine whether speech is protected opinion). Inclusion of this legal argument[2] for the first time in a reply brief is inappropriate and it should be struck from consideration by the Court. *See Advanced Fiber Techs Tr.* 2010 U.S. Dist. LEXIS at *6.

      For the foregoing reasons defendants' argument that plaintiff's speech is defamatory should be struck from consideration by the Court. If the Court determines it will consider the arguments, plaintiff requests the opportunity to file a sur-reply pursuant to Local Rule 7.1 (c) by no later than July 9, 2019.

      Respectfully submitted,

      /s/ Joshua Cotter

      Joshua Cotter, Esq.
      Bar No: 518217
      Legal Services of Central New York
      *Attorneys for Plaintiff*
      221 South Warren St., Suite 300
      Syracuse, NY 13202
      (315) 703-6500

cc:
Charles Spagnoli, Esq. (via ECF)
Frank W. Miller, Esq (via ECF)
*Attorneys for the Defendants*

---

[2] Defendants offer only conclusory assertions plaintiff's speech is defamatory and do not set forth any meaningful legal analysis. Defs' Mem. at 1-4. Tellingly they do not directly address the statements in plaintiff's tweets. *Id.* In the context of which they were made, to an "ordinary reader" the tweets state plaintiff's opinion the school district is racist for suspending him. These opinions are subjective assertions not objectively capable of being proven true or false. Further, the tweets do not imply any allegation of undisclosed facts as the basis for his opinion. Therefore, the tweets at issue cannot be deemed defamatory. *See Mr. Chow of N.Y.* 759 F, 2d at 226; *see also Stevens v. Tillman*, 855 F.2d 394, 402 (7th Cir. 1988)(holding calling a principal a "racist" and her supporters "bigots" is not defamation in part because "[a]ccusations of 'racism' no longer are 'obviously and naturally harmful'. . .").