THE LAW FIRM OF FRANK W. MILLER
*Attorneys and Counselors at Law*
6575 Kirkville Road
East Syracuse, New York 13057
Telephone:  (315) 234-9900
Fax:  (315) 234-9908
cspagnoli@fwmillerlawfirm.com

Frank W. Miller
_____

Charles C. Spagnoli
John Patrick Powers
Ronnie White
Frederick R. Westphal

June 27, 2019

*Via electronic filing*

Hon. Glenn T. Suddaby
United States District Court
Northern District of New York
100 South Clinton Street
Syracuse, New York 13261

      Re:    Spero v. Vestal Central School District et al.
              Civil Action No.:  3:17-cv-00007

Dear Judge Suddaby:

      As you know, we are counsel for the Defendants in the referenced matter.  This letter is in response to Plaintiffs' letter request of June 26, 2019.  We request that the Court not only deny the request, but strike the letter request as an improper attempt to submit reply arguments (contained in the letter request itself) in support of a cross-motion without prior leave of the Court.

      The Court is certainly aware that Defendants moved for summary judgment, and Plaintiffs opposed the motion and cross-moved for summary judgment.  The memorandum of law Defendants then submitted on June 24, 2019 was not only a reply memorandum supporting Defendants' motion, but also a memorandum in opposition to Plaintiffs' cross-motion.  It was expressly titled as such.  (See Doc. No. 107-7.)

      Of course, Defendants did not raise arguments as to which there existed a genuine issue of material fact in support of their own motion for summary judgment.  When Plaintiffs filed their cross-motion for summary judgment, they did so with full knowledge that Defendants could and would raise arguments in opposition that were based on the existence of genuine issues of fact and therefore not raised in the original motion papers.  Plaintiffs further were well aware that, having chosen to file their motion as a cross-motion, rather than as a timely original motion, they were forsaking the opportunity to file reply papers in support of their own motion, pursuant to the clear terms of Local Rule 7.1(c).  By waiting to file their motion as a cross-motion, however, Plaintiffs secured several procedural benefits:  (1) they were able to review Defendants' arguments for

Hon. Glenn T. Suddaby
June 27, 2019
Page 2


summary judgment before finalizing their own motion papers; (2) they had an additional eighteen days to prepare their motion papers; and (3) they left Defendants with only one week to prepare combined reply and cross-motion opposition papers.

The current request is founded upon blatantly specious arguments and is no more than a naked effort to secure the reply opportunity (and "last word") Plaintiffs knew they were giving up.

At issue is Defendants' argument in opposition to Plaintiffs' cross-motion that there is a genuine issue of fact as to whether Plaintiff Vincent Spero's speech was unprotected defamation committed with constitutional malice. Plaintiffs complain this argument was "improper" because it was first raised in Defendants' "reply." Plaintiffs cannot have missed that Defendants' submission was also opposition to the cross-motion, and their complaint is so insubstantial that it could not have been raised in good faith. In fact, the point of Defendants' June 24 memorandum addressing this issue was titled "PLAINTIFFS' CROSS-MOTION FAILS BECAUSE THE ALLEGED SPEECH WAS DELIBERATE AND KNOWING DEFAMATION." Its text was specific that the point was raised solely in opposition to Plaintiffs' cross-motion, and not in support of Defendants' own motion. Plaintiffs' argument that it was improper material in a "reply" is so utterly baseless as to expose their attempt to use it as camouflage for their effort to obtain a reply opportunity to which they are not entitled.

Plaintiffs also object that the argument was not raised in Defendants' Answer – though Defendants' Answer in fact denied that Plaintiff Vincent Spero's speech was protected. (See Doc. No. 47, response to par. 70.) As the protected nature of the speech is not an affirmative defense, but an element Plaintiffs have the burden to prove in support of their First Amendment claim, it is not clear what more Plaintiffs are contending Defendants were obligated to do in the Answer.

Plaintiffs further complain the unprotected nature of the speech was not raised in response to their motion for a preliminary injunction, or in Defendants' first motion for summary judgment in 2017, but Defendants were not obligated to raise the argument in either instance – and they did not have key information (that set forth in the March 26, 2019 affidavit of Judy Vieux) at the time.

As to the contention that there could not be an issue of fact as to whether Plaintiff's speech was unprotected under the First Amendment because that is a matter of law for the Court to decide, again, the argument is empty of logic or merit. Certainly, once the facts regarding the speech are settled, it is for the Court to decide whether the speech is protected or not as a matter of law. It is, however, for the factfinder to decide what the underlying facts are, including whether the speech was defamatory and made with malice (i.e., made knowing it to be false or uttered with reckless disregard as to its falsity). As *Connick v. Myers,* 461 U.S. 138, 147-148 (1983) states, for example, "[w]hether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record."

*Celle v. Filipino Reporter Enterprises,* 209 F.3d 163 (2d Cir. 2000), misleadingly quoted by Plaintiffs, stands not for the proposition that whether speech is defamatory is entirely a legal question for the Court to decide, but only states that whether particular words are defamatory (i.e.,

Hon. Glenn T. Suddaby
June 27, 2019
Page 3

susceptible of a defamatory meaning) is a legal question. *Id.* at 177. Whether a statement was false (so as to be defamatory) and whether it was made with malice are both questions of fact. *See id.* at 182, 184 (discussing submission to jury of questions of falsity and malice).

To the extent Plaintiffs discuss the determination of whether speech is protected opinion, that has nothing to do with whether they should be permitted to submit reply papers on their cross-motion. Instead, they are attempting to improperly "slip in," in the course of their purported letter request, what is actually reply argument on their cross-motion. Similarly, the lengthy footnote on the second page of their letter is entirely improper reply material on their cross-motion. Defendants therefore respectfully request not only that Plaintiffs' letter request be denied, but that it be struck as, itself, an improper reply on the cross-motion without leave.

Defendants respectfully further point out that if Plaintiffs' request is granted, not only will they have secured the benefit of constraining Defendants to only one week to respond to their cross-motion for summary judgment, and an opportunity to file the reply they knew they would not be entitled to as a result, but Plaintiffs will have obtained more than twice as much time to submit their reply (fifteen days) than Defendants had to oppose the cross-motion (seven days). Such an outcome would be wholly inequitable. Plaintiffs chose to file as a cross-motion, knowing they would have no reply. It is respectfully submitted that the present transparent effort to secure a reply anyway should not be countenanced.

Thank you very much for your attention to this matter.

Respectfully submitted,

**THE LAW FIRM OF FRANK W. MILLER**

s/Charles C. Spagnoli
Bar Roll No. 507694

Cc:  Willa Payne, Esq. (via electronic filing)
     Jeffrey Ahearn, Superintendent of Schools